Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB #074564
jesse@lmhlegal.com
**Levi Merrithew Horst PC**
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241
*Counsel for Plaintiff, Metropolitan Public Defender*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>　　　　　Defendants. | Case No.  3:02-cv-00339-MO (Lead Case)<br>Case No.  3:21-cv-01637-MO (Member Case)<br><br>PLAINTIFFS' OBJECTIONS TO HOSPITAL CORPORATIONS' PROFFERED EVIDENCE |

| | |
|---|---|
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>        Defendants. | Case No. 3:21-cv-01637-MO (Member Case) |

## PLAINTIFFS' OBJECTIONS TO HOSPITAL CORPORATIONS' PROFFERED EVIDENCE

Intervenor Hospital Corporations have proffered evidence that should not be admitted or considered as part of their filings associated with the motion to amend or dissolve the September 1 order. Dkt. 284, Dkt. 316. Plaintiffs' objections are as follows:

    1.    <u>New Evidence Offered in Support of Reply</u>: Intervenor Hospital Corporations proffered new evidence to retroactively justify a motion made without citation to any evidence, only days before the hearing. Dkt. 317, 318. A court errs by allowing a party to a case "to submit new evidence as part of a reply without allowing plaintiffs an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Plaintiffs cannot properly respond to the new submissions by Monday afternoon and allowing their admission would be prejudicial to Plaintiffs.

    2.    <u>Non-Expert Offering Expert Opinions</u>: A declaration from Alicia Beymer (Dkt. 282) is cited as evidence in the reply. Dkt. 316, at 14-15. Intervenors cite her opinions for many purposes, including for the premise that, *inter alia*, acute care hospitals "lack the necessary resources and facilities" that people on civil commitment "require to receive the kind of help

they need." *Id.* What kind of resources are necessary for the treatment of any particular patient or class of patients, or what kind of clinical help they need are not opinions a lay person is qualified to express and have admitted into evidence. Fed. R. Evid. 701. Intervenor Hospital Corporations fail to establish a basis for qualification of Ms. Beymer as an expert under Rule 702, nor any "reliable principles and methods" that form the basis for her opinion.

       3.       <u>Anonymous Anecdotes</u>: Intervenor Hospital Corporations present the Declaration of Ron Lagergren, summarizing numerous anecdotes regarding anonymous patients at Unity Behavioral Health. Dkt. 317 at ¶¶ 3,4,5, 6, 10. The patients are not named in the declaration, and plaintiffs have not yet been able to determine their identities. Intervenor Hospital Corporations did not provide a sealed or confidential addendum that would allow Plaintiffs to understand the context for these anecdotes, nor identify the individual patients. Anonymized anecdotal evidence selectively presented by an employee of the Intervenors is not reliable, testable evidence helpful to a court, and presenting it in this manner would work prejudice to the Plaintiffs. Fed. R. Evid. 401, 403. To the extent that the witness's testimony relies on written materials and medical records, Plaintiffs can demand that the documents consisting of the full record be produced. Fed. R. Evid. 106. Having spontaneously produced the detailed, anonymized information to the Court, Hospital Corporation Intervenors have waived claims of confidentiality or privilege in the information. *A.C. ex rel Park v. Cortez*, 34 F.4th 783, 788 (9th Cir. 2022)(holding rights of privacy in medical records waived or diminished where party "puts a particular subject at issue"). Last, summaries of complex matters are only admissible where the opposing party has "opportunity to verify the reliability and accuracy of the summary." Fed. R. Evid. 1006; *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261 (9th Cir. 1984).

4.     <u>Inadequate basis for expert testimony</u>: In Ron Lagergren's declaration, the witness makes several broad assertions without demonstrating that his opinion is "based on sufficient facts or data," that his testimony is the "product of reliable principles and methods," and that he has "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; Dkt. 317. For instance, he asserts: "The increase in volume of civilly committed patients at Unity resulting from this Court's orders has not only increased the risk of violence to our providers and other patients, but it has also resulted in additional need for one-to-one care." Dkt. 317, ¶ 9. While he might be able to testify as a fact witness whether violent acts and need for one-to-one care have recently increased, Mr. Lagergren does not explain the basis for his specific opinion that these problems "result[] from this Court's order.". His declaration contains similar bald opinion statements without any clear methodology for support. *See also* Dkt. 317, ¶ 10 (stating that "OSH's expedited admission process does not address these problems"); *id.* ¶ 4 (speculating that a patient "will likely go untreated in the community" and be incarcerated or civilly committed again); *id.* ¶ 11 (claiming that OHA provides "inadequate reimbursement for those civil commitment patients"). In order for an expert opinion to be admissible, the basic reasoning and methodology must be adequately established. Fed. R. Evid. 702. Similarly, another party must have the opportunity to cross-examine the expert upon request regarding the underlying facts and data supporting the opinion. Fed. R. Evid. 705. Plaintiffs have had no such opportunity and will not before Monday's hearing.

5.     <u>Hearsay Not Within an Exception</u>: Intervenor Hospital Corporations have offered a newspaper article as evidence. Dkt. 318-1. They cited the article for the truth of the matter asserted regarding the allegations in the article. Dkt. 316, at 22-23. The proffered basis for the newspaper article's admission was a declaration that the newspaper article was a "true copy" of

the newspaper article combined with a vague citation to the Health Insurance Portability and Accountability Act. Dkt. 318. "Generally, newspaper articles are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted." *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1090 (C.D. Cal. 2005); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) (holding that generally "newspaper articles have been held inadmissible hearsay as to their content"). As a matter of black letter evidence law, the Court cannot entertain the proffered article as evidence for the truth of the matter asserted. Fed. R. Evid. 801; 802; 803.

## CONCLUSION

For the reasons stated above, Plaintiffs object to the admission or consideration of any of evidence cited in support of the Intervenor Hospital Corporation's motion to dissolve or amend the September 1 order.

DATED November 18, 2022.

        LEVI MERRITHEW HORST PC

        /s *Jesse Merrithew*
        Jesse Merrithew OSB # 074564
        jesse@lmhlegal.com
        610 SW Alder Street, Suite 415
        Portland, Oregon 97205
        Telephone: (971) 229-1241
        Facsimile: (971) 544-7092

        *Counsel for Plaintiffs Metropolitan Public Defender, Jarrod Bowman, and Joshawn Douglas-Simpson*

        DISABILITY RIGHTS OREGON

/s *Emily Cooper*
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Tel: (503) 243 2081
FAX: (503) 243 1738

*Counsel for Plaintiff Disability Rights Oregon*