Emily Cooper OSB# 182254
ecooper@droregon.org
Thomas Stenson OSB # 152894
tstenson@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB # 074564
jesse@lmhlegal.com
**Levi Merrithew Horst PC**
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241

*Counsel for Plaintiff, Metropolitan Public Defender*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,** Plaintiffs, <br><br> v. <br><br> **PAT ALLEN,** in his official capacity as head of the Oregon Health Authority, **DOLORES MATTEUCCI**, in her official capacity as Superintendent of the Oregon State Hospital, Defendants. | Case No.: 3:02-cv-00339-MO <br><br><br> PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST TO PAUSE ADMISSIONS |

Yesterday, defendants filed a request with the court, seeking to pause admissions yet

again at the Oregon State Hospital. This Court should deny the motion. The defendants ask to

violate both the original injunction and the temporary modification that this Court authorized

nearly a year ago. Moreover, the defendants seek to violate the constitutional rights of committed patients which is grounded only in the state's financial choices not to adequate fund mental health services for those same patients. As such, this is exactly the rationale the defendants advanced in opposing the injunction nearly 20 years ago. The same answer applies: "Lack of funds, staff or facilities cannot justify the State's failure to provide such persons with the treatment necessary for rehabilitation." *Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1121 (9th Cir. 2003).

The May 2020 temporary modification to the permanent injunction was premised entirely on the existence of an uncontrolled global pandemic. In both their factual and legal justification for why a modification to the injunction was necessary, the defendants relied upon "the unforeseen, changed circumstances of the global Corona Virus Disease 2019 (COVID-19) pandemic." Dkt. No. 151, at 2. The Court, over plaintiffs' objections, accepted that rationale, finding that the existence of the pandemic was indeed an unforeseen, changed circumstance which justified the modification of an injunction. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383-6 (1992) (establishing standard for when an injunction may be modified). The defendants' latest request bears no relationship to the pandemic. It is simply the result of the same problem plaintiffs have been raising for the last two years—the state has not been making sufficient investments in its mental health system to handle the continually increasing number of patients committed to the care of the Oregon State Hospital. That, of course, is the exact same problem that led to the injunction in the first place.

It is the defendants' obligation, under the United States Constitution, Oregon state statutes, and any cogent system of ethics, to promptly get people out of jail when they are found

unfit to proceed and their criminal cases are suspended. A lack of investment in systems to make that possible is a choice. It is a choice that this Court must force the defendants to override.

Defendants allege that they are unable to discharge eight patients because of refusals of state court judges to permit the release of people who no longer require hospital care. Dkt. 199, ¶19. The Court has powers to order the release of individuals to avoid constitutional violations. *See Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 858 (9th Cir. 1992). Neither the power of the Oregon Legislature nor Oregon judges supersede the Fourteenth Amendment.

Defendants also allege that they have 17 patients ready for release and that they are "trying to find community placements willing and able to accept those patients." Defendants do not state how long those patients have been waiting for release, what efforts have been made towards release, and what barriers remain in the way of their release. One of the Defendants is the head of the Oregon Health Authority, a multi-billion dollar agency that manages Medicaid funds and regulates all behavioral health services, hospital- and community-based, for the state of Oregon, with enormous capacity and leverage to find placements for patients. Plaintiffs have been asking for more information on the scope of such efforts for two years now. Since Defendants offer no evidence beyond the conclusory assertion that they are "trying" to get those patients out, Defendants fail to meet the evidentiary standard for the order they seek.

The "request" posed by Defendants is a motion, because it is a request for a court order. Fed. R. Civ. Pro. 7(b). Prior to presenting a motion to the court, Defendants should discuss the motion with Plaintiffs and certify that they have made such conferral efforts. LR 7-1. Defendants did not make any such efforts to discuss the matter. After the motion was filed, defense counsel notified Plaintiffs that they had prepared an email notifying them of the proposed motion and

failed to send it. Defendants certainly knew at the time of filing that the parties had not met by personal or telephone conference to discuss the issue, nor had the Plaintiffs willfully refused to confer. Since the motion was filed without efforts to confer or to certify such conferral, the motion should be denied.

Plaintiffs ask this Court to deny the defendants' request and, if necessary, order the defendants to override state law in order to return to compliance with the original injunction as soon as possible.

DATED this 14th day of April, 2021.

LEVI MERRITHEW HORST PC

/s Jesse Merrithew
Jesse Merrithew OSB # 074564

*Counsel for Plaintiff Metropolitan Public Defender*

DISABILITY RIGHTS OREGON

/s/ Thomas Stenson
Emily Cooper OSB # 182254
Thomas Stenson, OSB # 152894