Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
David Boyer OSB # 235450
dboyer@droregon.org
Hanah Morin OSB # 230043
hmorin@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,** Plaintiffs, <br><br> v. <br><br> **SAJEL HATHI,** in her official capacity as head of the Oregon Health Authority, & **JAMES DIEGEL** in his official capacity as Superintendent of the Oregon State Hospital, Defendants. <br><br> **JAROD BOWMAN** and **JOSHAWN DOUGLAS-SIMPSON**, Plaintiffs, <br><br> v. <br><br> **JAMES DIEGEL**, Interim Superintendent of the Oregon State Hospital, in his official capacity, & **SAJEL HATHI**, Director of the Oregon Health Authority, in her official capacity, Defendants. | Case No. 3:02-cv-00339-MO (Lead Case) <br> Case No. 3:21-cv-01637-MO (Member Case) <br><br> DISABILITY RIGHTS OREGON'S OBJECTION TO CONTEMPT FINE CALCULATIONS |

DRO OBJECTION TO CONTEMPT FINE CALCULATION

Page 1

Disability Rights Oregon
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

## DISABILITY RIGHTS OREGON'S OBJECTION TO CONTEMPT FINE CALCULATION

Defendants recently submitted their proposed calculations of the contempt fine accruals. ECF 606. In that proposal, Defendants state that "Defendants do not include, however, in their proposed fines days where the delay was caused by circumstances outside Defendants' control (*e.g.*, where OSH offered a bed to the jail, but the jail declined to transport)." The specific language of the permanent injunction requires that "admissions must be done in a reasonably timely manner, and completed not later than seven days after the issuance of an order determining a criminal defendant to be unfit to proceed to trial. . . ." *Oregon Advoc. Ctr. v. Mink*, No. CV 02-339-PA, 2002 WL 35578888, at *1 (D. Or. May 15, 2002). A detainee who remains sitting in a county jail cell after seven days has not seen their admission "completed," even if a bed is theoretically available.

In the original 2002 litigation and in the 2003 appeal, the state Defendants specifically opposed the scope of the permanent injunction on the grounds that the seven-day window should be calculated based only from when the state Defendants actually receive the order. Judge Panner rejected this argument, as the "defendants' desire for administrative convenience should not trump the needs and rights of people requiring hospitalization." ECF 65, at 4. At the Ninth Circuit, the state defendants argued that the injunction should be amended as "OSH could, through no fault of its own, miss the deadline and be found in violation of the injunction." *Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1122 n.13 (9th Cir. 2003). The Ninth Circuit rejected this reading, stating that the detainee's constitutional right accrues at the "moment the detainee is declared unfit, not at the moment the fact of unfitness is communicated to OSH." *Id.*

DRO OBJECTION TO CONTEMPT FINE CALCULATION

Page 2

**Disability Rights Oregon**

511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

Defendants here pursue a similar thread of logic to the one rejected by the Ninth Circuit 23 years ago: that the constitutional violation should only be measured by the administrative workings of OSH, rather than by the needs of the detainee holding the constitutional right. Here, OSH's claim is even less tenable, as it has far more control over planning bed availability in its own hospital than in anticipating court orders it has not yet seen. By OSH's logic, OSH staff could email the Coos County Sheriff at 3:00PM on the seventh day, alerting the sheriff that a bed is suddenly available for a detainee from Coos County. If the Sheriff fails to read the email immediately, arrange transport, drive the detainee five hours to Salem, and deliver the patient by the end of the seventh day, then OSH (under its proposal) bears no responsibility for the delay in the process, even where OSH's delays ate up 95% of the seven-day window and its belated communications hampered transport. A failure by a sheriff to transport a detainee in the waning hours of the seven-day window is not necessarily a "refusal" to transport a detainee, nor are protracted delays at OSH within the seven-day window that render timely transport difficult or impossible "outside state Defendants' control."

OSH can anticipate and plan in advance with the various counties around the state to coordinate the timely arrival of detainees. That may require contacting a sheriff in advance and alerting them than a bed is likely to be ready on a particular date, allowing county sheriffs to plan how to handle transport. OSH may have to show creativity in incentivizing county transports. As long as OSH can blame county sheriffs for such delays, OSH will have little incentive to improve its communication, coordination, and planning.

Allowing OSH to make the subjective decision about whether delays are the fault of OSH or of recalcitrant county sheriffs places OSH in the untenable position of being a judge in its own

DRO OBJECTION TO CONTEMPT FINE CALCULATION

Page 3

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR  97205
(503) 243-2081

case. Of course, OSH will be more likely to determine the counties to be at fault, particularly as contempt fines are now at issue.

Finally, OSH says generally that it currently does not transport detainees to and from jails, but it does identify any legal basis by which they are prohibited from doing so. OSH routinely transports patients for community outings, medical appointments, and other off-site events. A party must take "all reasonable steps" to comply with an injunction. *Coleman v. Newsom*, 131 F.4th 948, 956 (9th Cir. 2025). The fact that OSH has historically not transported patients to and from jails does not mean that it is unreasonable for OSH to do so on a case-by-case basis as needed to comply with a federal order.

"Every day of delay in transport harms those found unfit to proceed and hampers their ability to defend themselves." ECF 47, at 8. Defendants' contempt should be measured against the actual language of the permanent injunction. If the detainee's admission has not been completed by the end of seven days from the entry of the order, then the permanent injunction has been violated. OSH has previously asserted the opposite—that the seven day time period should be measured against its internal processes rather than the terms of the injunction and the needs of the detainee—and been denied by the Ninth Circuit. Neither the Ninth Circuit nor Judge Panner were concerned that the state might "be found in violation of the injunction" under such circumstances. 322 F.3d at 1122 n.13. As "OSH is solely responsible for the timely treatment of incapacitated criminal defendants," 322 F.3d at 1119-20, assessment of contempt fines should reflect the state's ultimate responsibility.

//

DRO OBJECTION TO CONTEMPT FINE CALCULATION

Page 4

**Disability Rights Oregon**
511 SW 10th Avenue, 2nd Floor
Portland, OR 97205
(503) 243-2081

//

DATED this 20th day of June, 2025.

                DISABILITY RIGHTS OREGON

/s *Tom Stenson*
David Boyer OSB # 235450
dboyer@droregon.org
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
Hanah Morin OSB # 230043
hmorin@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff Disability Rights Oregon*

DRO OBJECTION TO CONTEMPT FINE CALCULATION    **Disability Rights Oregon**

Page 5    511 SW 10th Avenue, 2nd Floor
    Portland, OR 97205
    (503) 243-2081