**Thomas Carr**, OSB No. 212598
County Counsel
tom_carr@co.washington.or.us
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS #24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636

**Jane Vetto,** OSB No. 914564
Marion County Legal Counsel
jvetto@co.marion.or.us
555 Court St NE
PO Box 14500
Salem OR  97309
503 588-5220

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants.<br><br>JARROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON<br><br>Plaintiffs,<br>v. | 3:02-cv-00339-MO (Lead Case)<br><br>3:21-cv-01637-MO (Trailing Case)<br><br>**MOTION FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE* AND MEMORANDUM IN SUPPORT THEREOF** |

Page 1 – MOTION FOR LEAVE TO PARTICIPATE AS AMICI CURIAE AND
    MEMORANDUM IN SUPPORT THEREOF

DOLORES MATTEUCI, Superintendent of
the Oregon State Hospital, in her individual
and official capacity, PATRICK ALLEN,
Director of the Oregon Health Authority, in his
individual and official capacity,

                Defendants.

### CERTIFICATE OF COMPLIANCE

Undersigned counsel of record certifies pursuant to Local Rule 7.1 that they have conferred with defendants' and plaintiffs' counsel. Defendants' counsel does not object to amicus participation by counties. Counsel for Plaintiff Disability Rights Oregon objects to county amicus participation.

### MOTION

Washington and Marion counties, municipal corporations in the state of Oregon for leave to participate in this case as *amici curiae*. A proposed amicus brief is attached.

### MEMORANDUM

**I.    The Interests of the Counties**

Washington County and Marion County will be affected by any order that this court issues. The issues before this Court affect the counties in a myriad of ways. Both counties are the community mental health programs (CMHPs) for their respective counties under ORS Chapter 430. Pursuant to ORS 430.630 a CMHP provides an extensive array of addictions and mental health services to the community. These services include preventative services for children and adults, inpatient and outpatient services. The services also include crisis stabilization services to people who are in a behavioral health crisis, such as a Mobile Crisis Team, which includes clinicians available to provide free

face-to-face services 24 hours a day, seven days a week. In Washington County there is also a Mental Health Response Team made up of a crisis clinician and a law enforcement officer who respond to emergency calls that have a behavioral health component. CMHPs also provides a crisis telephone line. The Crisis Line staff is available to listen to a person's issues, assess the situation, offer support and safety planning, and provide referrals to local resources and treatment. Individuals released based on an arbitrary timeline without reference to mental health conditions will likely rely on county resources for mental health assistance.

In addition, under Oregon state law, counties are required to provide local jails. ORS 169.030. Delays in admission to the state hospital result in longer stays in the county jails. Moreover, if individuals released while still presenting a risk to themselves or others, there is a significant risk that they will be rearrested and reincarcerated in the county jail.

## II.     Relevant Legal Standards

District courts therefore rely on Federal Rule of Appellate Procedure 29 in addressing such amicus requests. See *California v. United States Dep't of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014). The Ninth Circuit has held that "[t]he district court has broad discretion to appoint amici curiae," and the appellate court will reverse "only if the district judge has abused his discretion." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "The touchstone is whether the amicus is 'helpful.' " *United States Dep't of Labor*, 2014 WL 12691095 at *1 (quoting *Hoptowit*, 682 F.2d at 1260.)

The counties seek the opportunity to provide a perspective that is not represented currently before the court. Although the case has been ongoing for almost twenty years, the remedy proposed is contrary to state law and impermissibly shifts Oregon Health Authority's duty onto Counties and their communities. The attached brief demonstrates that there are alternatives to the proposed remedy and that the remedy itself would violate Oregon state law. No present party can adequately represent the interest of the counties.

No prejudice to the parties will arise from allowing *amicus* participation. The counties will not participate in discovery; their participation will be limited to filing memoranda and such participation at any arguments or hearings as may be allowed by the Court.

### Conclusion

The counties' motion for leave to participate *amicus curiae* should be granted.

DATED: August 25, 2022.

Respectfully submitted,

 s/ *Thomas Carr*  
**Thomas Carr**, OSB No. 212598  
County Counsel  
tom_carr@co.washington.or.us  
Office of Washington County Counsel  
155 N First Avenue, Suite 340, MS #24  
Hillsboro, OR 97124  
Phone (503) 846-8747  
Fax (503) 846-8636  

 s/ *Jane Vetto*  
**Jane Vetto,** OSB No. 914564  
Marion County Legal Counsel  
jvetto@co.marion.or.us  
555 Court St NE  
PO Box 14500  
Salem OR  97309  
503 588-5220