**Thomas Carr**, OSB No. 212598
County Counsel
tom_carr@co.washington.or.us
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS #24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636

**Jane Vetto,** OSB No. 914564
Marion County Legal Counsel
jvetto@co.marion.or.us
555 Court St NE
PO Box 14500
Salem OR  97309
503 588-5220

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants.<br><br>JARROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON<br><br>Plaintiffs,<br>v.<br>DOLORES MATTEUCI, Superintendent of the Oregon State Hospital, in her individual | 3:02-cv-00339-MO (Lead Case)<br><br>3:21-cv-01637-MO (Trailing Case)<br><br>**AMICUS BRIEF OF MARION AND WASHINGTON COUNTIES** |

Page 1 – AMICUS BRIEF OF MARION AND WASHINGTON COUNTIES

and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity,

Defendants.

Amicus Curiae Marion and Washington Counties respectfully submits the following in response to the three questions posed by the court for supplemental briefing:

### 1. Whether a necessity showing has been made and whether there are other viable options for relief that the parties have not accessed yet?

The counties do not support the remedy proposed in paragraphs 2 and 3 of the proposed order. The state legislature has worked diligently to address the situation at the state hospital. State law provides a detailed process for addressing defendants who cannot aid and assist in their own defense. ORS 161.370. The legislature amended this statute in 2015, 2017, 2018, 2019 and 2021. Laws 2015, c. 130, § 2, eff. Jan. 1, 2016; Laws 2017, c. 49, § 1, eff. Jan. 1, 2018; Laws 2017, c. 233, § 3, eff. Jan. 1, 2018; Laws 2017, c. 628, § 1, eff. Jan. 1, 2018; Laws 2017, c. 634, § 16, eff. Jan. 1, 2018; Laws 2019, c. 311, § 5, eff. June 11, 2019; Laws 2019, c. 538, § 2a, eff. July 15, 2019; Laws 2019, c. 318, § 2, eff. Jan. 1, 2020; Laws 2021, c. 395, § 7, eff. June 23, 2021. In 2021, the legislature added a new section specifically addressing the question of release. ORS 161.371 Laws 2021, c. 395, § 5, eff. June 23, 2021. This new law, having been effective for just over two months, should be given the opportunity to work.

### 2. Whether the state executive branch can temporarily waive adherence to the time- period restrictions and entry requirements.

There is no authority for the executive branch to unilaterally waive statutory requirements. The nearest analog would be the governor's authority under an emergency declaration. ORS 401.168. Even during an emergency, the executive can only suspend

rules and regulations.  *Id.*  There is no authority to suspend statutory requirements.  *Elkhorn Baptist Church v. Brown*, 366 Or. 506, 525, 466 P.3d 30, 43 (2020).

    **3. Whether, as Counsel represented at oral argument, (i) the measures sought are the only way to regain compliance with the 2002 injunction and (ii) the measures sought do not directly contravene state law as only a maximum is set.**

The measures sought would directly contravene state law.  In ORS 161.371 the legislature made specific choices regarding when a court should consider ordering release of individuals from the state hospital.  The hospital is required to cause the defendant to be evaluated within 60 days from arrival at the hospital to determine "whether there is a substantial probability that, in the foreseeable future, the defendant will have fitness to proceed."  ORD 161.371(1).  Based on the results of that review, the court can only order continued commitment if the court finds "a hospital level of care is necessary due to public safety concerns or the acuity of symptoms of the defendant's qualifying mental disorder, and . . . .that the appropriate community restoration services are not present and available in the community. . . ." ORS 161.371(3)(c)(A).  The court is required to terminate the commitment if the court does not make the required finding.  ORS 161.371(3)(c)(B).  The proposed time limitations would directly contravene the legislative direction for when a commitment should be terminated.

## CONCLUSION

The counties support the portion of the Court's August 16, 2022, order [ECF 256] to the extent that it denies paragraphs 2 and 3 of Disability Right's Oregon's proposed Order to Implement Neutral Expert's Recommendations [ECF 252].  The counties respectfully request that amicus be included in the discussions required by paragraph one of the proposed order as

adopted. Given the short timeline for counties, we request more time to fully brief the legal arguments presented herein.

      DATED: August 25, 2022.

                                         *s/Thomas Carr*
                              Thomas Carr, OSB No. 212598
                              Washington County Counsel
                              tom_carr@co.washington.or.us
                              Attorney for Amicus Washington County

                                         *s/Jane Vetto*
                              Jane E. Vetto, OSB No. 914564
                              Marion County Counsel
                              jvetto@co.marion.or.us
                              Attorney for Amicus Marion County

,