| | |
|---|---|
| **From:** | Steffen Victor H on behalf of OSH Court Orders |
| **To:** | Eurto Brandy |
| **Subject:** | FW: ███████████ |
| **Date:** | Monday, August 4, 2025 4:32:16 PM |
| **Attachments:** | image001.png |
| | Order - Proposed - PPOR.pdf |
| **Importance:** | High |

Just looping you in on this late order received per email below.
Will get them admitted as soon as possible.
Victor

**From:** Crystal J. Kohl <Crystal.J.Kohl@ojd.state.or.us>
**Sent:** Monday, August 4, 2025 4:20 PM
**To:** OSH Forensic Evaluation Service <OSHForensic.EvaluationService@odhsoha.oregon.gov>; OSH Admissions <OSH.Admissions@odhsoha.oregon.gov>; OSH Court Orders <OSH.CourtOrders@odhsoha.oregon.gov>; BH - Aid & Assist <bh-aidandassist@clackamas.us>; CCSO Jail Court Services Unit <ccsojailcourtservicesunit@clackamas.us>
**Subject:** ███████████
**Importance:** High

> **Think twice** before clicking on links or opening attachments. This email came from outside our organization and might not be safe. If you are not expecting an attachment, contact the sender before opening it.

Good Afternoon,

Attached is an Order signed last month.  I apologize as I am not showing it made it's way across my desk.

Thank you,

Crystal Kohl
Behavioral Health Coordinator
Clackamas County Circuit Court
1000 Courthouse Rd.
Oregon City, OR 97045

Phone: (971) 396.0559



Exhibit 2 to Eurto Declaration
Page 1 of 6

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF CLACKAMAS

State of Oregon                                          Case No:

                                    Plaintiff

                v.                              **ORDER OF COMMITMENT TO
                                                OREGON STATE HOSPITAL**

                                    Defendant        *(ORS 161.370; ORS 161.371)*

■ This matter came before the Court on 7/7/2025_____ for a hearing concerning Defendant's
   fitness to proceed pursuant to ORS 161.370.

Defendant ■ appeared (in person or remotely) / □ did not appear, represented by counsel
*(name/ bar number)* Michelle Bartov 164976_____.

The State appeared through *(name/ bar number)* Greg Brown 165064_____.

The Court finds that Defendant is charged with the following offenses, listed in order of
seriousness by crime classification:

| Crime Name: | Crime ORS#: | Felony/Misd/Viol: | Maximum Sentence: | Booking Date: |
|---|---|---|---|---|
| 1. IDtheft x4 | 165.800 | CFEL | 5y | 6/14/25 |
| 2. CM 1 x2 | 164.365 | CFEL | 5y | 6/14/25 |
| 3. FIPO | 162.385 | AMIS | 364d | 6/14/25 |
| 4. FIPW | 166.270(2) | AMIS | 364d | 6/14/25 |

Based on the Court's review and consideration of: *(check all that apply)*
   ■ a report from a local community mental health program (CMHP), dated 6/25/2025
   □ a report of a certified evaluator, dated _____
   □ the court's inquiry and observation of Defendant at the hearing
   □ statements from counsel
   □ witness testimony from State's witnesses
   □ witness testimony from Defendant's witnesses
   ■ the parties' stipulation that Defendant is unfit to proceed
   ■ other information: stipulation of the parties and defendant
   _____

**THE COURT FINDS:**

1. Defendant lacks fitness to proceed.

2. The most serious offense in the charging instrument is a:

   ☒ FELONY

   **AND** *(check if applicable)*:

   ☐ Defendant, who is at least 18 years of age, requires a hospital level of care due to (a) public safety concerns; **or** (b) the acuity of symptoms of Defendant's qualifying mental disorder; **and** (c) findings that the appropriate community restoration services are not present and available in the community.

   ☐ PERSON MISDEMEANOR
   Person misdemeanor, as defined in the July 3, 2023, Second Amended Order to Implement Neutral Expert's Recommendations in *Disability Rights Oregon et al v. Allen et al.*, USDC Oregon Case No. 02-cv-00039-MO (lead case), including those crimes listed in OAR 213-003-0001(15), violation of an Extreme Risk Protective Order entered under ORS 166.525 et seq., and violation of any of the following in proceedings to impose punitive sanctions for contempt: 1. a Family Abuse Prevention Act Restraining Order entered under ORS 107.700 et seq.; 2. an Elderly Persons and Persons with Disabilities Abuse Prevention Act Restraining Order under ORS 124.005 et seq.; 3. a Sexual Abuse Restraining Order under ORS 163.760 et seq.; and 4. an Emergency Protection Order under ORS 133.035;

   **AND** *(check either a or b if applicable)*:

   ☐ **a.** The court received (a) a recommendation from a certified evaluator that Defendant requires a hospital level of care due to the acuity of symptoms of Defendant's qualifying mental illness; **and** (b) a recommendation from a community mental health program director, or director's designee, that the appropriate community restoration services are not present and available in the community; **or**

   ☐ **b.** The court finds that Defendant requires a hospital level of care due to (a) the acuity of symptoms of Defendant's qualifying mental disorder; (b) public safety concerns; **and** (c) the appropriate community restoration services are not present and available in the community.

3. The least restrictive option appropriate for Defendant, the needs of Defendant, and in the interests of justice is commitment to the Oregon State Hospital (OSH), for treatment to gain fitness to proceed.

**ADDITIONAL FINDINGS**

☐ 1. The defendant is charged with a "violent felony" pursuant to ORS 135.240(5). "Violent felony" means a felony offense in which there was an actual or threatened serious physical injury to the victim, or a felony sexual offense. "Serious physical injury" means a physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss of impairment of the function of any bodily organ. ORS 161.015(8).

☐ 2. Defendant has following condition(s): *(check any that apply, if known)*
    ☐ Intellectual disability
    ☐ Developmental disability
    ☐ Traumatic brain injury
    ☐ Dementia

☐ 3. Defendant has a no contact order for _____,
    dated _____.

## THE COURT ORDERS:

1. Criminal proceedings against Defendant in this case are suspended until further order of the Court.

☐ 2. *(check if applicable)* CMHP consultation is waived because Defendant is charged with one or more of the offenses in ORS 161.365(1)(b).

3. **Commitment.** Defendant is committed to the custody of the Superintendent of OSH for treatment to gain fitness to proceed.

4. **Transportation:** The Sheriff, or other entity as ordered by the Court, shall transport Defendant to and from OSH upon notification from OSH.

5. *(check if applicable)* **Custody Pending Transport to OSH and Upon Discharge from OSH:**

    ■ Defendant shall remain in custody at the Clackamas_____ County jail pending transport to OSH.
    ■ Defendant shall be transported to custody at the Clackamas_____ County jail upon discharge from OSH.

6. **OSH Evaluations and Progress Reports:** OSH is to evaluate Defendant and provide notifications to the court as required in ORS 161.371.

7. **Release of Records to OSH:** All public bodies, as defined in ORS 174.109, and any private medical provider in possession of records concerning Defendant, is to release pertinent records to OSH for the purpose of conducting an examination or evaluation under ORS 161.355 to 161.371, **in compliance with timelines under ORS 161.373.**

8. **Release of Records by OSH:** The Court finds good cause for ordering the release of records identified in subsections (7)(a) and (b) of this Order. Records disclosed under this Order are not for the purpose of criminal investigation and prosecution and cannot be used for any other pending or subsequent matter absent order of the Court, except pursuant to standard releases of information. Nothing in this Order permits subsequent disclosure of Defendant's patient records and information that is otherwise prohibited by law. The district attorney, defense attorney, CMHP, or their agents, may discuss the contents of such information provided pursuant to this Order with witnesses where otherwise permitted by law.
    a. OSH is to release to the following entities information they request concerning Defendant's mental health and substance abuse disorder treatment, which may

include recommendations, diagnoses, reports, attendance, treatment progress and quality of participation, dates and results of toxicology testing, and termination or completing of treatment, and any additional information designated in subsection (7)(b) of this Order from Defendant's designated medical record upon request of:

- ☑ CMHP in the committing jurisdiction
- ☑ defense counsel
- ☐ district attorney

b. Additional records to be released upon request pursuant to subsection (6)(a):

_____

☐ 9. *(check if applicable)* **Substance Use Treatment Records:** To the extent any information or records described in sections (5) and (6) of this Order relate to a substance use disorder diagnosis or treatment, as defined in 42 C.F.R. Part 2, ORS 430.399(6), and ORS 430.475(2), the court finds that: (i) disclosure is not for the purpose of criminal investigation and prosecution; (ii) the information or records shall be used solely for the purpose of evaluating Defendant's fitness to proceed; (iii) other ways of obtaining the information are not available or would not be effective; and (iv) the public interest in and need for disclosure outweigh the potential injury to Defendant's relationship with treatment providers. Any public body and private provider disclosing substance use treatment records pursuant to this Order is to disclose the minimally necessary records and information that is essential to fulfill the objectives of this Order.

10. **Maximum Duration of Commitment:** Regardless of the number of charges with which Defendant is charged, in no event will Defendant be committed to OSH for restoration services for a period longer than allowable by law, and the shorter of the following based on Defendant's most serious charge *(select the duration under **both** subsection a and subsection b)*:

- ☑ a. Pursuant to the July 3, 2023, second amended order in *Disability Rights Oregon et al v. Allen et al.*, USDC Oregon Case No. 02-cv-00039-MO (lead case), requiring in-patient restoration across multiple charges to be consolidated, and prohibiting contiguous consecutive periods of in-patient restoration unless new charges are filed after initial period of restoration has ended, and measured from Defendant's date of admission to OSH:
  - ☐ **one year** (felony listed in ORS 137.700(2))
  - ☑ **six months** (felony that is not listed in ORS 137.700(2))
  - ☐ **90 days** (misdemeanor)
- ☐ b. Pursuant to ORS 161.371(5):
  - i. Defendant is not charged on any charging instrument with aggravated murder or a crime listed in ORS 137.700(2); maximum commitment is measured from Defendant's initial custody date (booking) _____:
    - ☐ **three years** (Felony A, B, or C)
    - ☐ **364 days** (Class A Misdemeanor)
    - ☐ **six months** (Class B Misdemeanor)
    - ☐ **30 days** (Class C Misdemeanor)
  - ii. Defendant is charged on any charging instrument with aggravated murder or a crime listed in ORS 137.700(2); maximum

commitment is measured from Defendant's date of admission to OSH:

☐ **three years** (Felony A, B, or C)
☐ **364 days** (Class A Misdemeanor)
☐ **six months** (Class B Misdemeanor)
☐ **30 days** (Class C Misdemeanor)

11. **Discharge Planning.** The local CMHP, in consultation with OSH and any other jurisdictions that have committed Defendant under ORS 161.370, is to actively engage in discharge planning from the time that Defendant is admitted to OSH. If the CMHP determines that appropriate community restoration services are present, the CMHP is ordered to immediately begin the referral process for community placements and services.

## **NOTICE OF FIREARMS PROHIBITION**

The court has found that Defendant is not currently able to move forward with their criminal case due to a qualifying mental disorder. As a result, federal law prohibits Defendant from having or buying firearms (guns or ammunition). The Oregon Judicial Department reports the prohibition on Defendant from buying firearms and ammunition to the Oregon State Police.

■ Future hearing(s) on this case are set for (date/time/location): 8/25/2025 9am 5C

| ☐ Prepared by the Court | ☐ Submitted by attorney for:  ■ Defendant    ☐ State |
| | *Michelle v* |
| | Signature |
| | Michelle Bartov |
| | Printed Name |
| | OSB # 164975 |

*Judge Signature:*

7/9/2025 9:55:52 AM

Circuit Court Judge Katherine E. Weber

Exhibit 2 to Eurto Declaration
Page 6 of 6