**Thomas Carr,** OSB No. 212598
County Counsel
tom_carr@co.washington.or.us
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS #24
Hillsboro, OR 97124
Phone (503) 846-8747
Fax (503) 846-8636

**Jane Vetto,** OSB No. 914564
Marion County Legal Counsel
jvetto@co.marion.or.us
**Nicholas Pileggi,** OSB No. 194367
npileggi@co.marion.or.us
Assistant Legal Counsel
555 Court St NE
PO Box 14500
Salem OR 97309
503 588-5220

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, | 3:02-cv-00339-MO (Lead Case) -00339-MO (Lead Case) |
| Plaintiffs, | 3:21-cv-01637-MO (Trailing Case) |
| v. | |
| PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital, | **DECLARATION OF NICHOLAS OCÓN** |
| Defendants. | |
| JARROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON | |

Plaintiffs,

v.

DOLORES MATTEUCI, Superintendent of
the Oregon State Hospital, in her individual
and official capacity, PATRICK ALLEN,
Director of the Oregon Health Authority, in his
individual and official capacity,

Defendants.

I, Nicholas Ocon, declare as follows based on my personal knowledge and subject to penalty of perjury:

1.    I am the Behavioral Health Division Manager for the Washington County Department of Health and Human Services. I received a Master's Degree in Social Work from the University of Southern California in 2004 and am a Licensed Clinical Social Worker in the State of Oregon. I have been employed with the Behavioral Health Division since 2009.

2.    Our team is responsible for providing behavioral health services to the over 600,000 residents of Washington County.

3.    In the last two years, we have seen a marked increase in the number of individuals who need our help. We are averaging 10.9 defendants ordered to OSH each month, up from 7.3 two years ago. Which was up from 3.5 in 2016; and 2.5 in 2012.

4.    In 2021, the legislature passed Senate Bill 295, which included new rules for assisting criminal defendants unable to aid and assist in their own defense. These new requirements required a major commitment from Washington County. We created a a jail-based aid and assist coordinator position to coordinate all necessary jail and OSH diversion resources and identify clients eligible for community restoration. We created a court case manager position to work within the court system to help facilitate rapid meetings and assessments to support clients. This will increase our ability to identify clients eligible for community restoration and develop supports to keep them out of custody and the state hospital. We dedicated funds to

Page 2 – DECLARATION OF NICHOLOS OCÓN

provide housing subsidies to maintain or establish residences for clients unable to aid and assist in their defense. We created a care coordinator position to develop transition plans for individuals moving from the state hospital to the community. We created a care coordinator position to coordinate the care for individuals determined eligible for community restoration.

5. Our response to Senate Bill 295 focused on appropriate treatment for individuals being returned to the community from the state hospital. Senate Bill 295 provided some safeguards for the community on which we relied. That is, it required an evaluation of whether a defendant needed a hospital level of care because of risk to the community or acuity of systems. Our system is not equipped to deal with such individuals.

6. The Court's September 1, 2022, order effectively removed this safeguard. We are being forced to redirect resources to focus on individuals for whom our system is not designed because they present a real danger to our community. This will mean using resources that otherwise would be used to help others in our community.

7. Based on my experience, paragraph 2 of the order, limiting civil commitments to the state hospital, will have no effect on the hospital population. Paragraph 2 merely confirms the existing practice. The state hospital does not accept civil commitments unless the individual meets the criteria for expedited admission.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed: September 28, 2022

Nicholas Ocón LCSW