**Eric J. Neiman, OSB #823513**
Eric.Neiman@lewisbrisbois.com
**Emma P. Pelkey, OSB #144029**
Emma.Pelkey@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

**Misha Isaak, OSB #086430**
MIsaak@perkinscoie.com
**Alex Van Rysselberghe, OSB #174836**
AVanRysselberghe@perkinscoie.com
PERKINS COIE, LLP
1120 NW Couch 10th Floor
Portland, OR 97209
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Putative Intervenors*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON ADVOCACY CENTER, METROPOLITAN PUBLIC DEFENDERS INCORPORATED, A.J. MADISON,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority, DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants, | Case No. 3:02-cv-00339-MO (Lead Case)<br>Case No. 3:21-cv-01637-MO (Member Case)<br><br>**DECLARATION OF ALICIA BEYMER IN SUPPORT OF MOTION TO INTERVENE** |

4866-7417-0677.1
DECLARATION OF ALICIA
BEYMER IN SUPPORT OF MOTION
TO INTERVENE - 1

158405860.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

and

LEGACY EMANUEL HOSPITAL &
HEALTH CENTER d/b/a UNITY CENTER
FOR BEHAVIORAL HEALTH, LEGACY
HEALTH SYSTEM, PEACEHEALTH d/b/a
SACRED HEART MEDICAL CENTER
UNIVERSITY DISTRICT, and
PROVIDENCE HEALTH & SERVICES –
OREGON,

        Putative Intervenors.

I, Alicia Beymer, do hereby declare as follows.

1. I am the Chief Administrative Officer for PeaceHealth Sacred Heart Medical Center University District and Cottage Grove Community Medical Center. This declaration is based on personal knowledge.

2. I am familiar with the treatment and care of civil commitment patients at PeaceHealth. Typically, when a person in the community experiences a severe mental health crisis and is posing a danger to themselves or others, the person is taken to the emergency department of a community hospital. In most instances, the hospital is able to treat, stabilize, and release the person within several days. But where a person cannot promptly be stabilized and released, and meets the criteria for civil commitment, they are eligible to be involuntarily committed to the Oregon Health Authority (OHA) for 180 days for treatment by a state court judge.

3. Despite that civilly committed individuals are committed to the custody of OHA, in recent years, OHA has refused to make placement decisions for civilly committed individuals. Instead, OHA has left civilly committed individuals to languish indefinitely in acute care hospitals where they are not able to receive appropriate long-term treatment.

4. In 2019, OHA announced that it would no longer admit civilly committed individuals to the Oregon State Hospital (OSH), except in extraordinary cases that meet its

4866-7417-0677.1
DECLARATION OF ALICIA
BEYMER IN SUPPORT OF MOTION
TO INTERVENE - 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

158405860.1

expedited admission criteria, which requires the patient to be severely violent. In doing so, OHA made admission to OSH next to impossible for most civilly committed individuals who are not violent at all, and have done nothing wrong other than to suffer from a mental illness. At the same time, OHA failed to increase capacity in the community to ensure these individuals would have access to appropriate long-term placements. Attached as Exhibit 1 is a true and correct copy of an article that appeared in the Oregonian/OregonLive, which documents this event.

5. In my experience, it is very difficult for a civilly committed individual to be admitted to OSH based on the expedited admission criteria. To qualify for expedited admission, OSH requires that the civilly committed person exhibit severe aggression directed towards other persons and/or property in the last two weeks, and which has (1) resulted in injury to others or property destruction, (2) required frequent or prolonged restraint and/or seclusion, (3) has persisted and remains at ongoing high risk of recurrence despite adequate treatment, and (4) cannot be safely treated on an acute psychiatric unit. In other words, OSH requires the person to be severely violent towards others and/or property and have *already injured someone or destroyed property* while in an acute care hospital to even be considered for admission. As a result, caregivers and other patients are exposed to a heightened risk of harm. Attached as Exhibit 2 is a true and correct copy of OSH's expedited admission criteria.

6. In the last few years, only a handful of civilly committed individuals have been admitted to OSH based on the expedited admission criteria. While care providers are routinely assaulted (whether it be kicked, punched, shoved, or bitten), rarely is that enough to gain expedited admission to OSH. Even when providers and others are injured, OHA routinely refuses expedited admission due to the patient not being violent enough. For example, earlier this month, I attempted to get a civilly committed patient at PeaceHealth admitted to OSH based on the expedited admission criteria, but that patient was refused admission because (1) he was not violent enough, and (2) not violent enough recently. The patient assaulted his psychiatrist on September 15, yet was declined only four days later on September 19. According to OHA,

4866-7417-0677.1
DECLARATION OF ALICIA
BEYMER IN SUPPORT OF MOTION
TO INTERVENE - 3

158405860.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

although the patient punched his psychiatrist in the abdomen, there was no indication that "this resulted in injury any worse than a similar assault on a couple of staff that was reviewed (by Dr. Walker) in the prior packet review last week."

7. Because OHA has shut OSH's doors to the majority of civilly committed individuals, and failed to create capacity elsewhere, in the vast majority of cases, civilly committed individuals remain stuck in acute care hospitals for the duration of their commitment. The length of time can be highly variable, from several days or weeks, to several months, or in some cases the entire 180-day commitment period (and sometimes recommitment). Because acute care hospitals may not discharge unstable civilly committed patients, OHA's decision to ignore its statutory duties in turn forces community hospitals to dedicate significant resources to civilly committed individuals who have no medical reason to be in acute care settings.

8. Long-term placement at an acute care hospital is not appropriate for civilly committed individuals. In general, civilly committed individuals require two phases of treatment: first, their acute symptoms (psychosis, paranoia, hallucinations, suicidal or homicidal ideation, etc.) must be stabilized; second, they must receive long-term rehabilitative treatment to recover from the acute episode of their mental illness. Community hospitals are designed and equipped to provide the first kind of care: stabilization and management of acute symptoms. But they are not designed, equipped, or staffed to provide long-term rehabilitation services. Whereas stabilizing treatment typically involves highly restrictive settings and constant monitoring, long-term rehabilitative treatment involves much less-restrictive settings in which patients can practice independence and develop life and health skills for being successful in the community.

9. Unlike stabilization treatment, long-term rehabilitative treatment involves a more stable peer environment with less patient turnover, more socialization, more group therapy, and more peer support. Unlike stabilization treatment, long-term treatment provides education programs for patients to learn how to care for their basic needs, maintain employment, and maintain healthy relationships. Long-term rehabilitative treatment ultimately requires a calmer,

4866-7417-0677.1
DECLARATION OF ALICIA
BEYMER IN SUPPORT OF MOTION
TO INTERVENE - 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

158405860.1

less-stressful environment than an acute-care hospital, one that reduces the risk of the patient decompensating back into an acute mental health crisis. An acute care environment is therefore not conducive to a civilly committed individual's long-term recovery—in fact, it can be counterproductive. Thus, for a civilly committed patient, appropriate care typically requires transition to an environment conducive to long-term rehabilitative treatment.

10. Where community hospital space and resources are occupied by civilly committed patients for long lengths of stay, the hospital's ability to provide appropriate care to other patients is limited and burdened. In many instances, community hospitals' inpatient behavioral health facilities have reached capacity on account of long-length-of-stay civilly committed patients and, as a result, community hospitals have not been able to accommodate other patients in need of inpatient behavioral healthcare, including patients who are backed up in emergency departments.

*I make the foregoing statements to the best of my knowledge and belief, under penalty of perjury under the laws of the United States. I understand that they will be used as evidence in a court proceeding.*

DATED this 28 day of September, 2022.

_____
Alicia Beymer

4866-7417-0677.1
DECLARATION OF ALICIA
BEYMER IN SUPPORT OF MOTION
TO INTERVENE - 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

158405860.1