**Eric J. Neiman, OSB #823513**
Eric.Neiman@lewisbrisbois.com
**Emma P. Pelkey, OSB #144029**
Emma.Pelkey@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

**Misha Isaak, OSB #086430**
MIsaak@perkinscoie.com
**Alex Van Rysselberghe, OSB #174836**
AVanRysselberghe@perkinscoie.com
PERKINS COIE, LLP
1120 NW Couch 10th Floor
Portland, OR 97209
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Intervenors*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC. and A.J. MADISON,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants, | Case No. 3:02-cv-00339-MO (Lead Case)<br>Case No. 3:21-cv-01637-MO (Member Case)<br><br>**DECLARATION OF ERIC J. NEIMAN IN SUPPORT OF MOTION TO INTERVENE** |

4858-6231-7365.1 4
DECLARATION OF
ERIC J. NEIMAN IN SUPPORT OF
MOTION TO INTERVENE - 1

158433285.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

and
LEGACY EMANUEL HOSPITAL &
HEALTH CENTER d/b/a UNITY CENTER
FOR BEHAVIORAL HEALTH, LEGACY
HEALTH SYSTEM, PEACEHEALTH, and
PROVIDENCE HEALTH & SERVICES –
OREGON,

        Intervenors.

I, Eric J. Neiman, declare as follows:

1. I am one of the attorneys for the Oregon health systems and acute care community hospitals, which seek to intervene in this case. The statements made in this declaration are based on personal knowledge.

2. I also am one of the attorneys for Legacy Emanuel Hospital and Health Center d/b/a Unity Center for Behavioral Health in the civil commitment case entitled *In the Matter of A.J.G*, Marion County Circuit Court Case No. 22CC00740.

3. Unity filed a motion to intervene in the *A.J.G.* case, which was not opposed by any party. Unity was permitted to intervene in that case because the patient had spent almost her entire 180-day civil commitment confined in an acute care hospital, a highly restrictive environment that is not equipped or staffed to provide long-term treatment to civilly committed individuals.

4. The Oregon Health Authority (OHA) and Oregon State Hospital (OSH) also became intervenors. The Oregon Department of Justice represented the state agencies. At least one of the attorneys involved in the *A.J.G.* case is also counsel of record in the case before this Court.

5. After intervening, Unity filed a motion asking the trial court to order OHA to immediately transfer the patient to an appropriate long-term placement. The trial court granted the motion and entered the following order on July 12, 2022: "the Oregon Health Authority must transfer [the patient] from Unity to a secure residential treatment facility, to include the Oregon

4858-6231-7365.1 4
DECLARATION OF
ERIC J. NEIMAN IN SUPPORT OF
MOTION TO INTERVENE - 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

158433285.1

State Hospital if appropriate, by July 15, 2022 at 12:00 p.m. If no such placement is made, the Oregon Health Authority is to appear and show cause why it should not be held in contempt on July 15, 2022 at 1:30 p.m."

6. Considerable activity followed entry of the July 12 order, including proceedings in the trial court and extensive briefing in the Court of Appeals. During that time, our office communicated frequently with opposing counsel from the DOJ.

7. In spite of the court order requiring the patient to be placed in an appropriate long-term treatment setting, she remained at Unity. A hearing was scheduled at 11:00 AM on August 16, 2022, regarding OHA's failure to comply with the July 12 order. In a motion to be heard at the hearing, Unity requested daily fines to be imposed against OHA "to be used to support the civil commitment population and efforts to increase long-term care and treatment options for them," and payment of its attorney fees and costs for having to force OHA to comply with a court order and the law. Unity also made it clear that it did not support a remedial sanction of confinement.

8. I appeared in court virtually with OHA's counsel on August 15 at 10:30 AM after they filed an emergency motion to the presiding judge for a supervision order pursuant to ORS 1.171, which effectively asked to take away the court's summary contempt powers. The motion was denied because the presiding judge concluded there was no authority to do so under ORS 1.171, nor was there authority to place limits on a judge's authority in anticipation of an incorrect decision.

9. At 3:00 PM on August 15, the Presiding Judge of the Oregon Court of Appeals issued an emergency order staying the July 12 order pending appeal.

10. On August 16, at approximately 9:00 AM, I spoke with an attorney with the DOJ about the 11:00 AM hearing. I advised him that Unity would be withdrawing its motion for remedial sanctions but would ask the court to conduct a review hearing about the status of

4858-6231-7365.1 4
DECLARATION OF
ERIC J. NEIMAN IN SUPPORT OF
MOTION TO INTERVENE - 3

158433285.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

finding an appropriate placement for the patient. We then appeared in court at 11:00 AM for a hearing that lasted approximately one hour.

11. At no time on August 15 or 16, or at any time before, did the DOJ lawyers inform Unity's counsel, including me, of any of the following:

- That a motion had been filed, with OHA's consent, requesting relief from this Court that would affect the *A.J.G.* case.
- Court documents from the *A.J.G.* case, which we were actively litigating those days, would be filed with this Court under seal
- This Court would be advised that a state court judge had threatened to confine a specific "OHA official" in jail as a sanction for not admitting a civilly committed patient and that the official "is critical to implementing Dr. Pinals' recommendation"—an apparent reference to the *A.J.G.* case, which was false as no threat had been made to any specific state official
- This Court would not be advised that the risk of confinement had been eliminated due to the emergency stay by the Court of Appeals
- A hearing was scheduled with this Court at 12:30 PM on August 16 only 30 minutes after we left court in the *A.J.G.* case

12. Unity and its counsel did not learn about this Court's August 16 order and its injunction against state court proceedings until after it was entered and later that week. This information came from another source than counsel for the parties in this case.

13. Had Unity and its counsel received proper notice that the parties in this case intended to seek an injunction affecting the *A.J.G.* case, and potentially other civil commitment cases in which my law firm is involved, we would have asked this Court for an opportunity to be heard, present opposing evidence about why an injunction should not be entered, and use the adversarial process to test the parties' apparent request for an injunction.

14. The August 16 injunction was entered without notice to Unity and its counsel, and

4858-6231-7365.1 4
DECLARATION OF
ERIC J. NEIMAN IN SUPPORT OF
MOTION TO INTERVENE - 4

158433285.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222

without notice to the other Putative Intervenors and their counsel, all of which are adverse parties.

15. It is not entirely clear whether the August 16 injunction is directed at Putative Intervenors or their counsel, but the risk that it is affects the ability of Putative Intervenors and their counsel to advocate in state court to protect the rights of patients who have been civilly committed and are not provided with appropriate long-term treatment by OHA.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED this 28th day of September, 2022.

    */s/ Eric J. Neiman, OSB #823513*
    Eric J. Neiman, OSB #823513

4858-6231-7365.1 4
DECLARATION OF
ERIC J. NEIMAN IN SUPPORT OF
MOTION TO INTERVENE - 5

158433285.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000 • Fax: +1.503.727.2222