Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
Dave Boyer, OSB # 235450
Dboyer@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB #074564
jesse@lmhlegal.com
**Levi Merrithew Horst PC**
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241
*Counsel for Plaintiff, Metropolitan Public Defender*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital, <br><br> Defendants. | Case No.  3:02-cv-00339-MO (Lead Case) <br> Case No.  3:21-cv-01637-MO (Member Case) <br><br> PLAINTIFFS' RESPONSE IN OPPOSITION TO MARION COUNTY'S THIRD MOTION TO INTERVENE |

| | |
|---|---|
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, <br><br> Plaintiffs, <br><br> v. <br><br> DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity, <br><br> Defendants. | Case No.  3:21-cv-01637-MO (Member Case) |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO MARION COUNTY'S THIRD MOTION TO INTERVENE

Our national pastime provides an essential and familiar axiom: three strikes, and you're out. Marion County has whiffed for the third time, and now it must take a seat.

For the third time, Marion County seeks to join the present case as a party, in this case for the supposedly "limited" purpose of involvement in the current motion practice surrounding the Defendants' noncompliance with the permanent injunction. To the extent that Marion County truly wishes only to submit a five-page memorandum, Marion County can already do so as an amicus. Disability Rights Oregon has informed Marion County that it does not object to the filing of their response as an amicus memorandum, but Marion County refuses to withdraw its motion to intervene. Marion County has already submitted at least eight memoranda of law, motions, and responses on a wide variety of topics about the case in chief as an amicus in this case. *See, e.g.*, ECF 266; ECF 276; ECF 279; ECF 290; ECF 366; ECF 384; ECF 429; ECF 456. Marion County

provides no explanation for why it seeks intervenor status, rather than submitting an amicus memorandum. Its motion is a frivolous and vexatious abuse of the legal system.

## I. Marion County Obviously Intends to Use Intervention Status to Play a Larger Role in the Case, Particularly on Any Appeal

Since Marion County has tangible proof that the Court will accept its memoranda without an intervention motion—namely, that the Court has done so at least eight times—the County's motion obviously seeks greater involvement and a greater role in the than the mere filing of a memorandum, despite its claims to the contrary. ECF 544, at 1 (identifying a "**limited** purpose of responding" to DRO's recent motion) (emphasis in original); *id.* at 4 (County is "only asking to respond to a newly filed motion"). Plaintiffs strongly suspect that the County will later use any grant of intervenor status as a basis to claim a right to greater involvement in District Court proceedings, but particularly to assert to the Ninth Circuit that the County has the right to appeal any and all decisions arising out of or relating to the determination of DRO's motion. The County alludes vaguely to the prospect of an appeal without explicitly identifying future appeals as part of its real interest. ECF 544, at 3. The Court may justly express some skepticism about the purported scope of the County's third motion to intervene as, in its second motion to intervene, it previously told this Court that it wished to "appeal the March 2024 Mosman Order." ECF 478, at 3. The County then appealed the March 2024 order *and* three other court orders from 2022 and 2023 that it never identified to the Court as part of its alleged purpose for intervention. ECF 492; ECF 478-1 (County's proposed notice of appeal was

Page 3 – Plaintiffs' Opposition to Marion County's Third Motion to Intervene

completely filed in except for the line indicating which orders would be appealed).[1] The County's vexatious approach to litigation has, in the past, entailed concealing from the court its true purpose in intervention. Considering the lack of necessity to intervene merely to have the Court read its memorandum, the Court can readily assume the County seeks other benefits from intervention than the one it identifies in its motion.

## II. The County's Motion to Intervene is a Frivolous and Vexatious Waste of the Court's Time and the Litigants' Resources

The County's motion to intervene is not timely, as it "sought to intervene at a late stage in the litigation, more than two decades after the 2002 injunction, four [now six] years after the start of contempt proceedings, and nine [now 30] months after the district court issued its order implementing the expert's recommendations in September 2022." *Oregon Advoc. Ctr. v. Allen*, No. 23-35516, 2024 WL 2103274, at *1 (9th Cir. May 10, 2024). The "stage of the proceeding, prejudice to other parties, and reason for and length of delay . . . weigh against the County's intervention." *Id.* Marion County lacks standing to pursue intervention and fails to argue that it has standing. Marion County lacks a significant protectable interest.[2] Plaintiffs incorporate their prior citations to law and legal

---

[1] In both the second and third motion to intervene, the County neglected to include a proposed complaint or answer in intervention, as required by rule. Fed. R. Civ. Pro. 24(c). In its second motion to intervene, the neglect to provide a pleading that clearly delineated the scope of its purported intervention allowed the County to pursue appeals it never disclosed to the Court as part of its intervention. Here, the County's irregular practice of producing a memorandum, rather than an appropriate "pleading" should be viewed with similar concern. The County will use any ambiguity in the scope of its intervention to its advantage.

[2] The County's section on the "significantly protectable interest" fails to identify exactly what the County's interest is, much less how any such interest is "protectable under some law." ECF 544, at 5-6; *California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1088 (9th Cir. 2022).

argument from its responses to the prior intervention motions of the County, rather than waste further time repeating such filings. ECF 480; ECF 408.

Plaintiffs would add to its prior arguments that the County's attempt to play a larger role in the ongoing enforcement process and motion practice, protracting and multiplying the complexity of these proceedings, would obviously prejudice plaintiffs interests. *United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997). Plaintiffs are particularly concerned that intervention would facilitate further appeal, dragging them for yet a *third time* into the Ninth Circuit and forcing them yet again to defend the actions of the district court against attack by a nonparty representing only one of the 36 counties in Oregon. The crux of the County's arguments holds that, essentially, every order issued by the district court for the last three years is wrong and that further extending or expanding the prior actions of the Court along such lines might further harm the County. Plaintiffs might have to defend the County's appeal while simultaneously defending an appeal by State Defendants on wholly opposite grounds. The County's belated intervention would prejudice Plaintiffs' interests greatly. Its purpose in these serial motions seems not to be premised on any real prospect of success, so much as making further proceedings as difficult and expensive as possible for the litigants.

Marion County's decision to file its third motion to intervene continues its obstructive and vexatious involvement in this case. Marion County joined the case as an amicus in August 2022, serially opposing the factual and legal premises of the court's enforcement orders. In consideration of the interests of the various amici, the district

Page 5 – Plaintiffs' Opposition to Marion County's Third Motion to Intervene

court allowed the amici to participate in lengthy mediation with the parties, intending to devise a compromise that would satisfy all parties. Within months of Marion County stipulating to the terms of the July 2023 order, the County initiated a lengthy process of impairing, disregarding, and attacking the July 2023 order "that the parties and non-judge amici all stipulated to," including the County's appeal of the same order it had agreed to in mediation. ECF 429, at 6; ECF 492. This history includes filing repeated pleadings supporting frivolous constructions of law and fact, both in its own cause and endorsing the frivolous constructions of the Marion County court.[3] Plaintiffs doubt that, when Marion County was extended the courtesy of participation in lengthy mediation, the Court intended that its courtesy to a nonparty would be returned in this manner.

    Having had its two prior motions to intervene denied as untimely, the County submits a further motion with a single paragraph on timeliness, one that cites to no authorities nor any case law supporting its position on timeliness. The County assumes, with no legal basis, that it is entitled to intervene because a new motion has been filed and assumes that its motion is timely as long as intervention promptly follows a motion it wishes to challenge. As has been amply pointed out to it in past orders and filings, this is not the law. ECF 485, at 4-7; ECF 480, at 5-9; ECF 408, at 3-7. A reasonable attorney should know the law applying to its motions; an attorney who has lost two similar

---

[3]The persistent and irrational filings led this Court to previously ask rhetorically, "how did we get here—again—with Marion County coming up with implausible workarounds [to the July 2023 order]?" ECF 452, at 4; *see also* ECF 503 (noting the "number and nature of these conflicts [regarding the duration of commitments to the hospital under the July 2023 order]" and the "futility of prior mediation efforts" that Judge Beckerman suspended the mediation option outlined in the July 2023 order).

Page 6 – Plaintiffs' Opposition to Marion County's Third Motion to Intervene

motions on the same grounds in the same case has no excuse not to know the law. *Binghamton Masonic Temple, Inc. v. Bares*, 168 F.R.D. 121, 128 (N.D.N.Y. 1996) *aff'd* 189 F.3d 460 (2d Cir. 1999) (sanctions appropriate where plaintiffs "continued to pursue their claims" after notice from prior ruling that claims were "unsubstantiated").

When an attorney signs a written filing to the court, the attorney certifies that, "after an inquiry reasonable under the circumstances," the filing is not being submitted for an improper purpose, and that the filing is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. Pro. 11(b). While Rule 24 does not prohibit a party from filing further motions to intervene after a prior motion to intervene has been denied, a nonparty who has twice lost prior motions to intervene on timeliness grounds is certainly on notice that further motions to intervene in the same matter face extraordinarily high hurdles. *Cf.* 2 Moore's Federal Practice – Civil § 11.11(7)(a) & n.47 ("A legal contention that is made in spite of the obvious preclusive effect of a judgment in prior litigation is not warranted by existing law."). Marion County may not submit a third motion to intervene with no meaningful showing that the timeliness of its intervention is "warranted by existing law," nor any meaningful argument that the law on timely intervention should be extended, modified, reversed, or new law created. Instead of providing any such support, Marion County manufactures a new law of timely intervention—namely, that a party's intervention is timely as long as it intervenes within a few days of a motion it disagrees with—that completely disregards existing law. A motion to intervene with a single paragraph on timeliness without any citation to or

discussion of the law is, in the context of two prior denied motions to intervene on the grounds of timeliness, a frivolous submission.

    Styling its motion as limited in purpose does not save the motion to intervene from frivolousness on the grounds of untimeliness. Limited intervention alters the analysis of the timeliness analysis *only* in the context of the limited purpose of appeal of a recently issued order. *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997) (in the context of intervention for limited purpose of appeal, "our three-part test does not apply"). However, all other limited purpose intervention still requires the ordinary showing of timeliness, a test the County has already been determined to fail. *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219-20 (9th Cir. 1995) (for limited purpose motion to intervene to gain access to documents under seal, intervenor must meet three-part timeliness test). The disposition of the present motion may guide the next months or years of enforcement of a complex federal case, so intervention that would affect the disposition of the motion and any subsequent appeal would relate to the central enforcement questions of this case and could hardly be called "limited."

    The law of this case, in light of the denial of the first motion to intervene and the upholding of that ruling by the Ninth Circuit, is that Marion County has long known of its adverse position towards the parties as to the major issues in this case and long ago failed to act in a timely way to assert its interests. *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) (law of the case doctrine precludes reconsidering matters already decided "explicitly or by necessary implication" in prior appellate decision). The present

contempt practice is a predictable extension of enforcement proceedings that began with similar motions in 2019.[4] In the present motion, Marion County's third motion to intervene seeks to advance minor variations on the same arguments it has put forward for the last three years: that federal court orders limiting admissions to or expediting release from the state hospital are bad public policy. Marion County argues in their 2025 motion that their community restoration units lack resources for its current patient load, that the County would be required to "pick up the slack" from those not treated in the hospital, and that public safety is allegedly threatened by the release of detainees found unable to aid and assist. ECF 544 at 5-6. These arguments failed as untimely when made in June 2023 and March 2024. ECF 402, at 10-11 (county required to "pick up the slack," released patients present "extraordinary public safety issue," county "lacks the resources necessary" to serve all patients); ECF 478, at 10 (County required to "pick up the slack," County lacks "resources needed to ensure" adequate services to individuals, patients not stabilized "pose a significant risk to themselves and others").

Rule 24 does not give Marion County the endless right to file motion after motion seeking to intervene on the same grounds for the same reasons previously rejected.

---

[4] Despite Marion County's claim that the proposal to exclude misdemeanor and status offenders from hospital restoration somehow fundamentally alters the litigation, ECF 544, at 4, the 2019 contempt motion practice proposed far more radical relief than that currently proposed: the outright release of *all* detainees not placed at the hospital within seven days of an order finding them not capable of standing trial, regardless of the nature of their charges. ECF 106, at 17. Marion County failed to intervene in 2019 to oppose that request. Contrary to Marion County's representation, the notion of further reducing the scope for hospitalizing people charged only with misdemeanors has been a present issue since at least Dr. Pinals' Second Report in June 2022 strongly recommended further reductions or elimination of hospital usage to restore misdemeanor defendants beyond those reductions in duration of stay already recommended. ECF 262-2, at 32.

Marion County should know by now that the clock for timely intervention is not restarted every time a new order is entered or a new motion filed. The County is unable to provide any argument for why the law on timely intervention *does* read that way, nor why it *should*. A third motion to intervene, with no substantive argument for why its third motion is more timely than the first two, is a vexatious abuse of the legal system. If the County does not withdraw the motion, Plaintiffs reserve the right to seek sanctions for frivolous and vexatious filings. The court should deny the third motion to intervene as untimely. Alternately, the motion should be denied as the County presents no argument for standing or a legally-protected interest sufficient to sustain intervention. The County's transparently deceptive effort to convince the Court that it is "only asking to respond to a newly filed motion" represents obvious bad faith. Its repeated and frivolous attempts to intervene in this matter have diverted substantial time from both the parties and the Court. The County's vexatious efforts to mislead the Court and to exhaust the resources of the litigants on collateral motion practice must end.

Respectfully submitted this 16th of January, 2025.

                DISABILITY RIGHTS OREGON

                /s *Emily Cooper*
                Emily Cooper OSB # 182254
                ecooper@droregon.org
                Thomas Stenson, OSB # 152894
                tstenson@droregon.org
                Dave Boyer, OSB # 235450
                Dboyer@droregon.org
                511 SW 10th, Suite 200
                Portland OR 97205

      Tel: (503) 243 2081
      FAX: (503) 243 1738

      *Counsel for Plaintiff Disability Rights Oregon*

      Jesse Merrithew OSB #074564
      jesse@lmhlegal.com
      **Levi Merrithew Horst PC**
      610 SW Alder Street, Suite 415
      Portland, Oregon 97205
      (971) 229-1241
      *Counsel for Plaintiff, Metropolitan Public Defender*