JANE E. VETTO, OSB 914564
Marion County Legal Counsel
Jvetto@co.marion.or.us
555 Court Street N.E.
P.O. Box 14500
Salem, OR 97309
Telephone No.: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorney for Amicus Marion County

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs<br><br>v.<br><br>DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants.<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES,<br><br>Intervenors. | 3:02-cv-00339-MO (Lead Case)<br>3:21-cv-01637-MO (Member Case)<br>6:22-cv-01460-MO (Member Case)<br><br>DECLARATION OF LIEUTENANT JACOB RAMSEY |

Page **1** of **6** – DECLARATION OF LIEUTENANT JACOB RAMSEY

JARROD BOWMAN and JOSHAWN
DOUGLAS-SIMPSON

          Plaintiffs,

    v.

DOLORES MATTEUCCI, Superintendent of
the Oregon State Hospital, in her official
capacity, and DAVID BADEN, Director of the
Oregon Health Authority, in his
individual and official capacity,

          Defendants,

    and

LEGACY EMANUEL HOSPITAL &
HEALTH CENTER d/b/a UNITY CENTER
FOR BEHAVIORAL HEALTH; LEGACY
HEALTH SYSTEM; PEACEHEALTH; and
PROVIDENCE HEALTH & SERVICES,

          Intervenors.

3:21-cv-01637-MO (Member Case)

LEGACY EMANUEL HOSPITAL &
HEALTH CENTER d/b/a UNITY CENTER
FOR BEHAVIORAL HEALTH; LEGACY
HEALTH SYSTEM; PEACEHEALTH; and
PROVIDENCE HEALTH & SERVICES
OREGON,

          Plaintiffs,

    v.

DAVID BADEN, in his official capacity as
Director of Oregon Health Authority,

          Defendant.

6:22-cv-01460-MO (Member Case)

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

I, Jacob Ramsey, under penalty of perjury declare that the following is true and based upon my personal knowledge:

1.  I work for the Marion County Sheriff's Office (MCSO), where I have been employed in the Institutions Division since 1998.  Currently, I serve as a Lieutenant in the MCSO, Institutions Division. My job duties include overseeing the transport, housing and classification of adults in custody who have been ordered to OSH for restoration services.

2.  When a state court judge determines that an adult in custody is unable to proceed in court, the judge issues an order, finding the defendant unfit to proceed and commits them to OSH.  The form order states,

    > "The Sheriff's Office department in the committee jurisdiction shall transport defendant from the jail to OSH in Salem OR and shall return defendant to the jail upon notification from OSH."

3.  MCSO employs Institutions deputies whose duties include tracking when individuals on aid and assist restoration are to return to the jail, so that the MCSO can arrange for their proper classification and housing.  Pursuant to the order of commitment cited above, when the jail receives notice that an individual is about to be released from OSH, these deputies work with the District Attorney's Office for classification and housing purposes, and then contact OSH regarding transport details.

4.  In September of 2022, the MCSO was notified that the timelines for restoration of individuals at the OSH had been shortened.  The transport deputies incorporated these shortened timelines into their tracking sheets, but otherwise the process of arranging classification and transport to and from OSH has not changed.  The language in the committing orders also remained the same: that the jail would transport and pick up individuals from the state hospital.  Jail staff therefore continue to transport individuals

pursuant to the committing circuit court order.

5. Since September 22, 2022, the MCSO has transported approximately 78 individuals to OSH and approximately 56 individuals from OSH back to the Marion County jail, totaling approximately 134 separate transports. Our most recent transport from OSH back to the jail occurred on March 27, 2023.

6. I have reviewed the Declaration of Derek Wehr. As Mr. Wehr states, since September 1, 2022, there have been three isolated instances where OSH has been ordered to keep an individual after their restoration period has ended, two of these orders pending an updated evaluation. In those instances, because the court order was modified to prohibit transport, the MCSO could not conduct transport without being in contempt of state court. I note that parts of Mr. Warren's declaration are either incorrect or are missing important facts for the court to consider.

7. The first matter Mr. Wehr discusses involved an adult in custody who was admitted to OSH on August 17, 2021. On February 23, 2023, OSH contacted the MCSO seeking to return him to the jail; however, that same day MCSO was informed by the district attorney's office that they had filed an unopposed motion with the court for an order that defendant remain at OSH. Shortly thereafter, MCSO was notified that the court ordered the defendant to stay at the hospital; following that, MCSO was notified the individual had been released directly from OSH under custodial care into community restoration.

///

///

///

///

Page 4 of **6** – DECLARATION OF LIEUTENANT JACOB RAMSEY

8. The second individual discussed in Mr. Wehr's declaration was admitted to OSH on June 2, 2021.  On February 6, 2023, the MCSO transport desk received a 30-day notice from OSH, and began planning discharge.  However, on February 8, 2023, the MCSO received an amended order on this individual's commitment which ordered,

> "[Defendant] may not be returned from OSH absent an order from the committing court. The committing court may issue an order allowing transport upon receipt of a current progress report, as contemplated by ORS 161.371, detailing the defendant's fitness to proceed amenability to community restoration and necessity for a hospital level of care given existing public safety concerns the court may set a hearing upon receipt of said report or at their request of either party."

Accordingly, we informed OSH that we could not transfer this individual until we received an order to do so from the court.

9. The third individual Mr. Wehr discusses was transported to OSH per court order on March 10, 2022.  On January 26, 2023, MCSO received notification from OSH that the induvial would be discharged and ready for transport on January 31, 2023.  However, on January 30, 2023, the court issued an amended order again prohibiting transport until OSH provides the court with a current progress report.

The following day, MCSO transport deputies were at OSH regarding a different transport when they were asked about this third individual.  Contrary to Mr. Wehr's statement that MSCO declined to transport while "in the sally port," OSH already knew that MCSO was there on a separate matter, and that OSH had been ordered to complete a current progress report before MCSO could transport that individual to jail.

10. MCSO is not affiliated in any way with OSH.  To the extent that we work with OSH to coordinate transports, those transports are pursuant to court order.

11. Attached to my Declaration as Ex 1 is a true and correct copy of a form Order Finding the Defendant Unfit to Proceed and Commit to OSH (ORS 161.370).

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty of perjury.**

DATED this *27* day of March 2023 in Salem, Oregon.

Jacob Ramsey
Lieutenant
Marion County Sheriff's Office

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367