JANE E. VETTO, OSB 914564
Marion County Legal Counsel
jvetto@co.marion.or.us
555 Court Street N.E.
P.O. Box 14500
Salem, OR 97309
Telephone No.: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorney for Marion County

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, <br><br> *Plaintiffs*, <br><br> v. <br><br> DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital <br><br> *Defendants*, <br><br> and <br><br> MARION COUNTY <br><br> *Intervenor*. | Case No. 3:02-cv-00339-MO (Lead Case) <br> Case No. 3:21-cv-01637-MO (Member Case) <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

JAROD BOWMAN and
JOSHAWN DOUGLAS- SIMPSON,

                *Plaintiffs,*

    v.

DOLORES MATTEUCCI, Superintendent of the
Oregon State Hospital, in her individual and
official capacity, DAVID BADEN, Director of
the Oregon Health Authority, in his official
capacity, and PATRICK ALLEN in his
individual capacity,

                *Defendants.*

3:21-CV-01637-MO (Member Case)

Marion County ("Plaintiff") alleges as follows:

## INTRODUCTION

1.

On September 1, 2022, this Court issued an order that, among other restrictions, imposed maximum time limits for inpatient restoration at the Oregon State Hospital ("OSH"). In the months that have followed, OSH has begun returning an unprecedented number of individuals back to counties around the state. Because OSH has not made a determination as to whether many of these individuals are capable of being restored to a state of fitness to stand trial, circuit courts are required to place these individuals into community restoration programs operated by the counties. In Plaintiff's case, this has resulted in an unprecedented spike in cases in the midst of an ongoing staffing crisis that has stressed its community restoration program to its limits. Plaintiff simply lacks the ability to provide all individuals on restoration services with the care necessary for them to regain fitness to proceed to trial. This situation poses a direct threat to public health and safety, as Plaintiff cannot prevent individuals, many of whom have been charged with serious and violent crimes, from simply leaving services without first having received restorative treatment.

2.

Plaintiff now brings this action seeking declaratory relief that, under Oregon law, the

Oregon Health Authority ("OHA") is required to provide Plaintiff with additional funding and other resources necessary to sustain its community restoration program. Plaintiffs also seek injunctive relief requiring Defendants to do so.

## JURIDICTION

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## PARTIES

4.

Plaintiff Marion County is a county in the State of Oregon having its county seat in Salem, Oregon.

5.

Defendants are as alleged in their respective pleadings in this consolidated case.

## FACTS

6.

In March of 2002, Plaintiffs' predecessors filed suit against Defendants' predecessors on behalf of the many individuals in county jails who had been found unable to aid and assist in their defense and who were being forced to wait, some for extraordinary periods of time, before being transported to the state hospital for treatment. In May of 2002, this Court entered a judgment granting a permanent injunction requiring all individuals found unable to aid and assist in their defense be transported to the Oregon State Hospital ("OSH") from jail within seven days of the finding being made.

7.

Twenty years later, Defendants are experiencing issues with meeting this deadline. As of September 2022, individuals on the OSH admission list for restoration of fitness to proceed had

Page 3 of 11 – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

an average wait time of 35.3 days, over five times the legal requirement.

8.

To address this issue, in September of 2022, Plaintiffs and Defendants stipulated to an order ("September Order") that, among other restrictions, imposed maximum time limits for inpatient restoration at OSH. Under the September Order, patients were (and still are) limited to a maximum of 90 days of inpatient restoration treatment if their underlying case is for a misdemeanor, 180 days for a felony, and one year for an offense subject to ballot measure eleven.

9.

As of today, these restrictions have still not yet achieved their goal of effecting compliance with the required 7-day timeframe. In fact, according to the most recent data from May of 2023, the average wait time prior to admission at OSH for individuals in Marion County is more than double that limit at 14.2 days. State-wide, the situation is even worse, averaging 18 days on the admission list, which has actually increased from the average of 16.9 days during the month prior. During this unlawful delay by Defendants, these individuals take up valuable jail resources, such as bed space, and in many cases pose continuous risks of harm to jail staff and liability to the County.

10.

What the provisions of the September Order *have* achieved is an extraordinary increase in the number of individuals being discharged from OSH over the course of just a few months. Many of these individuals have returned without a finding having been made regarding whether they will ever be able to aid and assist in their defense.

11.

Because discharged individuals cannot be committed for restoration services, the state circuit court has been required to place many of these individuals on community restoration

services. Over the course of the last several months, this has caused Marion County's community restoration services case load to approximately triple. Current forecasts only anticipate that this number will continue to grow given the lack of a maximum durational limitation for community restoration under Oregon law.

12.

This sudden, steep increase in community restoration cases has already stretched Plaintiff's community restoration program to its limits. In the midst of a significant staffing shortage, Plaintiff is unable to provide all individuals on restoration services the care necessary to restore them to a state of fitness to proceed.

13.

In addition to the burden that such a high number of new cases brings, the average level of services required in each case has also increased significantly. Because many of the individuals currently on community restoration are those that previously would have been committed to OSH because they require a hospital-level of care, each case requires greater investment of resources than ever before.

14.

In some cases, Plaintiff simply lacks the legal ability to provide restorative services to individuals. If an individual is in need of medication for restoration and is not capable of consenting to its administration voluntarily, the superintendent of OSH (and only the superintendent) is authorized under ORS 161.372 to initiate the process of obtaining a court order authorizing involuntary medication. Thus, for such individuals, Plaintiff has no means of providing the court-ordered community restoration services.

15.

The current system of diverting individuals to community restoration also presents significant public health and safety risks. Many of the individuals who have been ordered to

Page **5** of **11** – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

participate in community restoration services are individuals who have been charged with violent offenses and require inpatient treatment in a secure facility. However, because Plaintiff is neither capable of nor legally permitted to provide such treatment, these individuals are free to simply leave and stop engaging in services.

16.

While individuals remain on community restoration, although they are not confined, they are still subject to release conditions that place significant restrictions on their liberties. Individual cases vary, but these restrictions often include requirements that they not have contact with certain places or individuals, that they abstain from certain activities, or that they submit to further evaluations at designated times. Because there is no time limit on community restoration under Oregon law, if an individual is not receiving treatment sufficient to allow them to restore to a state of fitness, these restrictions may well persist indefinitely.

**FIRST CLAIM FOR RELIEF**
**28 U.S.C. § 2201**

**Count 1 – Unlawfulness of Confinement While Awaiting Transport**

17.

Plaintiff realleges and incorporates by reference paragraphs 1-16 above.

18.

Under 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

19.

Individuals found unable to aid and assist in their defense have a right under the Due Process Clause of the Fourteenth Amendment to promptly receive treatment that provides them a meaningful opportunity to restore to a state of fitness to proceed.

Page **6** of **11 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

20.

When Defendants fail to timely transport individuals who have been found unable to aid and assist and begin providing treatment, the responsibility for providing housing and other resources during any overage falls on Plaintiff. Similarly, Plaintiff bears the burdens of any liability or other safety risks related to those individuals during that time. Thus, Plaintiff has a distinct interest in ensuring that no individuals unlawfully remain in its care past the point when they are required to be transported to OSH.

21.

Plaintiff is entitled to a declaration that Defendants' current practice of failing to provide individuals in Marion County with transport for an average of 14.2 days following a finding of inability to aid and assist is unlawful.

**Count 2 – Obligation to Provide Assistance to Plaintiff**

22.

Plaintiff realleges and incorporates by reference paragraphs 1-21 above.

23.

Under ORS 430.640, OHA is required to provide certain forms of assistance to Oregon counties with the operation of their community mental health programs. Required assistance includes financing of community mental health programs, contracting with public agencies or private corporations for services for individuals with mental or emotional disturbances, and providing mental health services essential for public health and safety when the county is unable to provide them in an emergency.

24.

In response to the sudden surge in need for community restoration services, the State of Oregon has not provided any additional financial or other assistance to enable Plaintiff to meet the increased demands for community restoration services.

Page 7 of 11 – **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

25.

As an Oregon county, Plaintiff has an interest in receiving the support that ORS 430.640 provides for.

26.

Plaintiff is entitled to a declaration that, because it is unable to meet the demand for community restoration, OHA is required to provide assistance, including but not limited to financing, staff, and other resources as necessary to allow Plaintiff to provide required services.

**Count 3 – Unfunded Mandate**

27.

Plaintiff re-alleges and incorporates by reference paragraphs 1-26 above.

28.

Under Article XI, section 15 of the Oregon Constitution, when the Legislative Assembly or any state agency requires any local government to establish a new program or provide an increased level of service for an existing program, the State of Oregon must appropriate and allocate to the local government money sufficient to pay the ongoing, usual and reasonable costs of performing the mandated service or activity.

29.

To date, the State has not appropriated or allocated any additional money for Plaintiff to pay for the increased cost of community restoration services resulting from OSH's practice of discharging individuals who still require a hospital-level of care.

30.

As a local government, Plaintiff has an interest in receiving the support that ORS 430.640 provides for.

31.

Plaintiff seeks a declaration that, under Article XI, section 15, the State must appropriate

and allocate money sufficient to pay for the ongoing, usual and reasonable costs of the increased

level of service Plaintiff must provide to meet the needs of additional patients discharged from

OSH.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983

32.

Plaintiff re-alleges and incorporates by reference paragraphs 1-31 above.

33.

Under 42 U.S.C. § 1983, any person who deprives another of the rights secured by the

United States Constitution under color of state law is liable for the injuries resulting therefrom.

34.

Under the Fourteenth Amendment to the United States Constitution, individuals charged

with a crime and who have been found unable to aid and assist in their own defense have a

substantive right to treatment that provides a realistic opportunity to restore to a state of fitness.

35.

OSH's practice of discharging patients who still require a hospital level of care deprives

many of those patients of their right to adequate treatment because county community restoration

programs are incapable of providing it.  As a result, these individuals suffer indefinite restrictions

on many significant freedoms.

### Injunctive Relief

36.

Given the ongoing nature of the violations described in all claims above, Plaintiff lacks

an adequate remedy at law and will suffer irreparable harm without the issuance of injunctive

relief.

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

37.

Plaintiff requests an injunction requiring Defendants to transport individuals to OSH within seven days of being found unable to aid and assist.

38.

Plaintiff requests an injunction requiring Defendants to provide assistance to Plaintiff as necessary to meet demands for community restoration services.

39.

Plaintiff requests an injunction requiring the State to appropriate funds sufficient to pay for the ongoing, usual and reasonable costs of the increased level of service Plaintiff must provide to meet the needs of additional patients discharged from OSH pursuant to the September Order.    .

40.

Plaintiff requests an injunction requiring the State to provide treatment for individuals on community restoration who require a hospital-level of care that is sufficient to provide those individuals a meaningful chance at restoration.


**WHEREFORE**, Plaintiff prays for relief as follows:

A. Entry of a judgment on Count 1 of Plaintiff's First Claim for Relief declaring that OSH's current practice of waiting to transport individuals in Marion County who are found unable to aid and assist in their defense for an average of 14.2 days is unlawful.

B. Entry of a judgment on Count 2 of Plaintiff's First Claim for Relief declaring that OSH is required to provide assistance to Plaintiff as necessary to meet demands for community restoration services.

C. Entry of a judgment on Count 3 of Plaintiff's First Claim for Relief requiring the State to appropriate funds sufficient to pay for the ongoing, usual and reasonable costs of the

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

increased level of service Plaintiff must provide to meet the needs of additional patients discharged from OSH pursuant to the September Order.

D. Issuance of an injunction requiring Defendants to transport individuals to OSH within seven days of being found unable to aid and assist.

E. Issuance of an injunction requiring OSH to provide assistance to Plaintiff as necessary to meet demands for community restoration services.

F. Issuance of an injunction requiring the State to appropriate funds sufficient to pay for the ongoing, usual and reasonable costs of the increased level of service Plaintiff must provide to meet the needs of additional patients discharged from OSH.

G. Issuance of an injunction requiring the State to provide treatment for individuals on community restoration who require a hospital-level of care that is sufficient to provide those individuals a meaningful chance at restoration.

Dated this 7th day of June, 2023

Respectfully submitted,

Jane E. Vetto OSB # 914564
Marion County Counsel
Attorney for Defendants Marion County