Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB #074564
jesse@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241
*Counsel for Plaintiff, Metropolitan Public Defender*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES INC., and A.J. MADISON,<br><br>        Plaintiffs,<br><br>    vs.<br><br>JAMES SCHROEDER, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>        Defendants,<br><br>    and<br><br>JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>        Plaintiffs, | Case No. 3:02-cv-00339-MO (Lead Case)<br>Case No. 3:21-cv-01637-MO (Member Case)<br><br><br>UNOPPOSED MOTION FOR FURTHER REMEDIAL ORDER |

MOTION FOR REMEDIAL ORDER - 1
 (Case No. 3:02-cv-00339-MO)

DOLORES MATTEUCCI, Superintendent of
the Oregon State Hospital, in her individual
and official capacity, JAMES SCHROEDER,
Direction of the Oregon Health Authority, in
his official capacity, and PATRICK ALLEN
in his individual capacity,

Defendants,

Case No. 3:21-cv-01637-MO (Member Case)

## LR 7-1 Certification

Undersigned counsel for the Plaintiffs hereby certifies that Plaintiffs have conferred with

counsel for all Amici and Defendants prior to bringing this motion. All interested parties

participated in good faith in multiple settlement conferences to discuss the issues presented here

with the assistance of the Honorable Stacie Beckerman and the Court's neutral expert, Dr. Debra

Pinals. Counsel for all the interested parties and their clients have given invaluable assistance by

expressing their concerns and worked tirelessly to assist Plaintiffs in crafting a remedial order

that addresses those concerns while recognizing the limitations of our practical abilities as a

community and the imperative of compliance with the permanent injunction. As a result of those

efforts, neither Defendants nor any Amici will file an opposition to the proposed amendments to

the remedial order the motion requests. The Amici Judges stand on their prior briefing and do not

take a position on the motion itself.

## Motion

Plaintiffs hereby move this Court for a further remedial order, amending the September

2022 order, and adding further modifications as follows:

a.      **Admission Limits**. For persons found unable to aid and assist whose most serious

charge is a misdemeanor, commit to the custody of the Superintendent of OSH for

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

restoration only those persons charged with a "person misdemeanor." For

purposes of this Order, "person misdemeanor" includes those crimes listed in

OAR 213-003-0001(15), violation of an Extreme Risk Protective Order entered

under ORS 166.525 et seq., and violation of any of the following in proceedings

to impose punitive sanctions for contempt: 1. a Family Abuse Prevention Act

Restraining Order entered under ORS 107.700 et seq.; 2. an Elderly Persons and

Persons with Disabilities Abuse Prevention Act Restraining Order under ORS

124.005 et seq.; 3. a Sexual Abuse Restraining Order under ORS 163.760 et seq.;

and 4. an Emergency Protection Order under ORS 133.035.

b.    **Discharge Planning Extension**. Additional time at OSH for care coordination

and discharge planning to promote and protect the health and safety of the public

upon state court order for a maximum of 30 days beyond the September 1, 2022

court order timelines after opportunity for objection by defense will be available

in limited circumstances, if, according to OSH, the individual cannot be placed

immediately in an identified placement after a referral has been submitted to that

placement, but reasonably expects to be placed within 30 days. The extension will

be considered when OSH receives any such court order at least 5 business days

prior to the expiration of the restoration time period, or within 5 business days of

entry of the remedial order if less than 5 days remain until expiration of the

restoration time period at the time of entry of the remedial order. Failure to

coordinate discharge planning by the CMHP will not constitute justification for

this extended discharge planning exception.

MOTION FOR REMEDIAL ORDER - 3
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

c.     **Competency Opinion Clarifications**. If the defendant is under a competency

restoration order, at the time of subsequent statutory forensic evaluations, the

forensic evaluator shall notify the court that (A) the defendant has present fitness

to proceed; (B) there is no substantial probability that, in the foreseeable future,

the defendant will gain or regain fitness to proceed and whether there is no

substantial probability that, within the allowable commitment period for

restoration at OSH, the defendant will gain or regain fitness to proceed; or (C)

there is a substantial probability that, in the foreseeable future, the defendant will

gain or regain fitness to proceed and whether there is a substantial  probability

that, within the allowable commitment period for restoration at OSH, the

defendant will gain or regain fitness to procced. If the probability exists, the

superintendent or director shall give the court an estimate of the time in which the

defendant, with appropriate treatment, is expected to gain or regain fitness to

proceed.

d.     **Extending Duration of Hospital Restoration for Violent Felonies**. Upon notice

from OSH that a defendant is reaching the end of their restoration period (and

such notice shall be provided at least 60 days prior to the end of their restoration

period), a district attorney may petition for an exception to the maximum time for

inpatient restoration established by the September 1, 2022 court order. The

petition shall be signed by the district attorney for the county and submitted

within 30 days of receipt of the notice of discharge (or within 30 days of entry of

the remedial order if less than 30 days remain until expiration of the restoration

time period at the time of entry of the remedial order), and OSH must receive any

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

order from the committing court prior to the expiration of the restoration time period (or within 30 days of the filing of the petition if less than 30 days remain until expiration of the restoration period at the time of entry of the remedial order).

The court may grant the petition if it determines the following:

(1)     The defendant is charged with a "violent felony" pursuant to ORS 135.240(5),[1]

(2)     By clear and convincing evidence, there is a danger of physical injury or sexual victimization to the victim or a member of the public if the defendant is discharged from the Oregon State Hospital,

(3)     The defendant meets the requirements of ORS 161.370(3), and

(4)     The court concludes that there is a substantial probability that continued commitment at OSH will lead to a determination that the defendant has gained or regained fitness to proceed within that six month extension. In making this determination, the court shall consider the following:

a)     clinical data of progress toward restoration,

---

[1] "Violent felony" means a felony offense in which there was an actual or threatened *serious physical injury* to the victim, or a felony sexual offense. A *serious physical injury* means a physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss of impairment of the function of any bodily organ. ORS 161.015(8)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

b)      evidence that the defendant's inability to aid and assist is not due to a condition that is unlikely to result in restoration such as a significant neurocognitive disorder (e.g., dementia or traumatic brain injury), or significant neurodevelopmental disability disorders,

c)      evidence regarding the outcome of prior efforts at restoration, and

d)      any other relevant information the court wishes to consider.

If the court grants a petition, the court shall conduct a review of the status of restoration efforts at intervals no greater than every 180 days in accordance with 161.371. At such reviews, the court may continue the commitment for an additional 180 days if it makes the findings outlined above. The maximum total amount of commitment time shall not exceed the time period set by ORS 161.371(5).

OSH shall track the patients who are eligible for this exception by notice from the Oregon Judicial Department and shall track those for whom such exception has been requested and those who have been found by courts to fall within this exception and shall report aggregate data at least every two weeks on their data dashboard website.

e.      **Supremacy Clause Disputes.** If OSH identifies a conflict between the September order and the committing jurisdiction's order during the pendency of the September order, the parties to the criminal case and an OSH representative (and its counsel) are encouraged to participate in an expedited mediation (by video or

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

phone, if necessary) with U.S. Magistrate Judge Stacie Beckerman, to resolve the

conflict. OSH and the parties to the criminal case should meet and confer prior to

the mediation in an effort to resolve any conflict between the court orders and

clarify the issues subject to mediation. If any party to the criminal case refuses to

participate in mediation or if mediation is unsuccessful, any *Mink*/*Bowman* party

may petition this Court for an expedited ruling on whether the Supremacy Clause

establishes that this order takes precedence over the conflicting state court order,

and any responses from the parties or amici shall be filed within five business

days.

   f.  **Implementation:** To the extent that aspects of the remedial order require updated

forms and protocols by OHA, OSH, and amici, these updates shall be made and

with the assistance of amici and the parties, and there shall be up to a 30-day

period from the date of the order to implement any such changes to relevant forms

and to notify stakeholders impacted by these changes.

Plaintiffs further request that, should the Court be willing to enter this order, the Court

cancel the hearing on the transport issues currently scheduled for Thursday, June 29, based on

the agreed provision in paragraph (f), and grant the Defendants' Unopposed Motion to Amend

the September 1 Order (Dkt. No. 367).

### Memorandum

Defendants remain out of compliance with the permanent injunction, making this Court's

authority to issue remedial orders designed to bring them into compliance clear. *Stone v. City &*

*County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). The difficulty is determining what

is the "least intrusive means" of achieving that goal. *Id*. at 861 This Court granted Plaintiffs'

MOTION FOR REMEDIAL ORDER - 7
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

motion in September 2022, issuing a remedial order that it determined at that time was the least

intrusive means of achieving compliance. *See* Dkt. No. 271. In response to that order, several

groups of stakeholders appeared in the case as amici, urging the Court to reconsider and

suggesting that the Court had not chosen the least intrusive means. *See, e.g.,* Dkt. No. 274, 276,

284. The Court upheld its order over those objections. Dkt. No. 338. Recognizing that the

September 2022 order, standing alone, was unlikely to be sufficient to bring the Defendants into

compliance and that further remedial efforts were likely necessary, the parties and amici entered

into a series of structured discussions, assisted by Honorable Stacie Beckerman and the Court's

neutral expert, Dr. Debra Pinals.

This further proposed remedial order outlined above is the product of those discussions. It

seeks to strike a balance between addressing the concerns raised by amici about the effects of the

September 2022 remedial order and the continuing need to move the Defendants into

compliance. It addresses those concerns by creating two exceptions to the timelines imposed by

the September 2022 order: one short extension available for discharge planning, and one narrow

extension available for the small number of patients for whom there is a serious risk to public

safety, they are charged with violent crimes, and the extension is likely to lead to their

restoration. The basic premise at the heart of the proposed order is that the "cost" in terms of

beds created by these narrow exceptions to the timelines will be offset by a new restriction which

prevents the hospital from admitting patients who are charged only with non-person

misdemeanors. The hope is that, on balance, the "savings" in terms of beds will be a net

MOTION FOR REMEDIAL ORDER - 8
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

positive—that the exceptions will be used rarely and the Defendants will continue to make

progress toward compliance.[2]

No one knows whether that hope will be realized. There are simply too many unknowns

to accurately predict. This proposal is guided by the expertise of the Court's expert and extensive

input for a variety of stakeholders from the amici. It is the Plaintiffs' best attempt at proposing to

the Court a remedial order that fulfills the Court's obligation to require compliance with its

injunction but using the least intrusive means of achieving that compliance. Everyone involved

in these discussions understands that it may not work as intended. That is why the proposed

order also contains requirements of monitoring and reporting. The Court can expect that, if

things do not go as planned, the parties will return to the Court asking for modifications to the

order. This is built in to the structure of the order by design. While we have done our best to craft

a proposal that is likely to be successful, the Court should expect requests for modification in the

future.

DATED this 26th day of June, 2023.

LEVI MERRITHEW HORST PC

/s *Jesse Merrithew*
Jesse Merrithew OSB # 074564
jesse@lmhlegal.com
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

---

[2] Plaintiffs are also hopeful that other changes to these systems—changes that are a direct result of these discussions but not requiring a remedial order from the Court—will also yield positive progress toward compliance.

MOTION FOR REMEDIAL ORDER - 9
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

*Counsel for Plaintiffs Metropolitan Public Defender, Jarrod Bowman, and Joshawn Douglas-Simpson*


DISABILITY RIGHTS OREGON

/s *Emily Cooper*
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff Disability Rights Oregon*

MOTION FOR REMEDIAL ORDER - 10
(Case No. 3:02-cv-00339-MO)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092