IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

---

| | |
|---|---|
| **DISABILITY RIGHTS OREGON et al.**, | No. 3:02-cv-00339-MO (Lead Case) |
| Plaintiffs, | No. 3:21-cv-01637-MO (Member Case) |
| v. | **SECOND AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS** |
| **PATRICK ALLEN et al.**, | |
| Defendants, | |

---

| | |
|---|---|
| **JAROD BOWMAN et al.**, | No. 3:21-cv-01637-MO (Member Case) |
| Plaintiffs, | |
| v. | |
| **DOLORES MATTEUCCI et al.**, | |
| Defendants, | |

---

**MOSMAN, J.**,

THIS MATTER comes before the Court on Defendants' Unopposed Motion to Amend September 1, 2022 Order [ECF 367] and Plaintiffs' Unopposed Motion for Further Remedial Order [ECF 411]. Having reviewed the papers filed in support of these motions, the Court finds that Defendants are still not in compliance with this Court's permanent injunction in *Mink* and ORDERS the following which are necessary to move Defendants towards compliance with that injunction:

1

## I. Neutral Expert

The Oregon State Hospital ("OSH"), the Oregon Health Authority ("OHA"), Disability Rights Oregon ("DRO"), and Metropolitan Public Defenders shall implement the recommendations in the Court's Neutral Expert's Reports. If necessary to comply with any part of this order, Dr. Pinals may grant extensions of other deadlines in her recommendations after conferring with the parties. Any such extensions shall be documented in Defendants' monthly progress reports.

## II. Admissions

OSH shall not admit patients except as provided for by the recommendations in the Neutral Expert's Reports or as otherwise provided by this Court. Namely, Aid and Assist ("A&A") and Guilty Except Insane ("GEI") persons shall be admitted according to their place on the admissions wait list or pursuant to the expedited admissions policy attached to this order as Exhibit 1.[1] In addition, OSH:

a. may admit Psychiatric Security Review Board ("PSRB") GEI revocations and persons pursuant to ORS 426.701 (extremely dangerous persons);

b. shall not admit persons civilly committed or admit "voluntary by guardian" persons unless they meet the criteria in the expedited admissions policy attached as Exhibit 2 to this order;

c. shall not admit transfers from the Oregon Youth Authority except as provided by ORS 179.473(1)(c), OAR 309-120-0080, and OAR 416-425-0020; and

d. shall not admit transfers from the Oregon Department of Corrections unless they meet expedited admissions standards as articulated in the expedited admissions policy attached as Exhibit 1 to this order.

---

[1] The expedited admissions policies referenced in this order as Exhibits 1 and 2 can be found at: https://www.oregon.gov/oha/OSH/LEGAL/Pages/expeditedadmissions.aspx.

e. For persons found unable to aid and assist whose most serious charge is a misdemeanor, only those persons charged with a "person misdemeanor" may be committed to the custody of OSH for restoration. For purposes of this order, a "person misdemeanor" includes those crimes listed in OAR 213-003-0001(15), violation of an Extreme Risk Protective Order entered under ORS 166.525 et seq., and violation of any of the following in proceedings to impose punitive sanctions for contempt:

(1) a Family Abuse Prevention Act Restraining Order entered under ORS 107.700 et seq.;

(2) an Elderly Persons and Persons with Disabilities Abuse Prevention Act Restraining Order under ORS 124.005 et seq.;

(3) a Sexual Abuse Restraining Order under ORS 163.760 et seq.; or

(4) an Emergency Protection Order under ORS 133.035.

**III. Maximum Times**

OSH shall immediately implement the maximum time for inpatient restoration in the Neutral Expert's June 2022 report as follows:

a. For patients whose most serious charge is a misdemeanor, the maximum duration of commitment for restoration shall be the lesser of the maximum permissible sentence for the underlying offense or 90 days;

b. For patients whose most serious charge is a felony, the maximum duration of commitment for restoration shall be six (6) months, unless the felony is listed in ORS 137.700(2), in which case the maximum duration of commitment for restoration shall be one year.

c. For purposes of this order, restoration across multiple charges shall be consolidated and contiguous consecutive periods of restoration should be eliminated unless there are new charges incurred after an initial period of restoration has ended.

d. Before a patient reaches this maximum duration of commitment for restoration under this order and remains unfit to proceed, OSH shall notify the committing court of the patient's impending discharge 60 days before the date on which the hospital is required to discharge the patient pursuant to this order.

e. For purposes of this order, the maximum time for inpatient restoration runs from the date of admission to OSH.

f. Defendants shall consult with the Neutral Expert regarding operational and clinical aspects of implementing these limitations on the duration of inpatient restoration.

## IV. Discharge Planning Extension

Additional time at OSH for care coordination and discharge planning to promote and protect the health and safety of the public upon state court order for a maximum of 30 days beyond the timelines described in this order after opportunity for objection by defense will be available in limited circumstances, if, according to OSH, the individual cannot be placed immediately in an identified placement after a referral has been submitted to that placement, but reasonably expects to be placed within 30 days. The extension will be considered when OSH receives any such court order at least 5 business days prior to the expiration of the restoration time period, or within 5 business days of entry of the remedial order if less than 5 days remain until expiration of the restoration time period at the time of entry of the remedial order. Failure to coordinate discharge planning by the Community Mental Health Program ("CMHP") will not constitute justification for this extended discharge planning exception.

**V. Extending Duration of Hospital Restoration for Violent Felonies**

Upon notice from OSH that a defendant is reaching the end of their restoration period (and such notice shall be provided at least 60 days prior to the end of their restoration period), a district attorney may petition for an exception to the maximum time for inpatient restoration established by this order. The petition shall be signed by the district attorney for the county and submitted within 30 days of receipt of the notice of discharge (or within 30 days of entry of the remedial order if less than 30 days remain until expiration of the restoration time period at the time of entry of the remedial order), and OSH must receive any order from the committing court prior to the expiration of the restoration time period (or within 30 days of the filing of the petition if less than 30 days remain until expiration of the restoration period at the time of entry of the remedial order). The court may grant the petition if it determines the following:

a. The defendant is charged with a "violent felony" pursuant to ORS 135.240(5),[2]

b. By clear and convincing evidence, there is a danger of physical injury or sexual victimization to the victim or a member of the public if the defendant is discharged from OSH,

c. The defendant meets the requirements of ORS 161.370(3), and

d. The court concludes that there is a substantial probability that continued commitment at OSH will lead to a determination that the defendant has gained or regained fitness to proceed within that 180 day extension. In making this determination, the court shall consider the following:

(1) clinical data of progress toward restoration,

---

[2] "Violent felony" means a felony offense in which there was an actual or threatened *serious physical injury* to the victim, or a felony sexual offense. A *serious physical injury* means a physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss of impairment of the function of any bodily organ. ORS 161.015(8).

5

>> (2) evidence that the defendant's inability to aid and assist is not due to a condition that is unlikely to result in restoration such as a significant neurocognitive disorder (e.g., dementia or traumatic brain injury), or significant neurodevelopmental disability disorders,
>
>> (3) evidence regarding the outcome of prior efforts at restoration, and
>
>> (4) any other relevant information the court wishes to consider.

If the court grants a petition, the court shall conduct a review of the status of restoration efforts at intervals no greater than every 180 days in accordance with ORS 161.371. At such reviews, the court may continue the commitment for an additional 180 days if it makes the findings outlined above. The maximum total amount of commitment time shall not exceed the time period set by ORS 161.371(5).

OSH shall track the patients who are eligible for this exception by notice from the Oregon Judicial Department and shall track those for whom such exception has been requested and those who have been found by courts to fall within this exception and shall report aggregate data at least every two weeks on their data dashboard website.

**VI. Competency Opinion Clarifications**

If the defendant is under a competency restoration order, at the time of subsequent statutory forensic evaluations, the forensic evaluator shall notify the court that:

a. the defendant has present fitness to proceed;

b. there is no substantial probability that, in the foreseeable future, the defendant will gain or regain fitness to proceed and whether there is no substantial probability that, within the allowable commitment period for restoration at OSH, the defendant will gain or regain fitness to proceed; or

      c. there is a substantial probability that, in the foreseeable future, the defendant will gain or regain fitness to proceed and whether there is a substantial probability that, within the allowable commitment period for restoration at OSH, the defendant will gain or regain fitness to procced.

If the probability exists, the superintendent, director, or designee shall give the court an estimate of the time in which the defendant, with appropriate treatment, is expected to gain or regain fitness to proceed.

### VII. Supremacy Clause Disputes

If OSH identifies a conflict between this order and the committing jurisdiction's order during the pendency of this order, the parties to the criminal case and an OSH representative (and its counsel) are encouraged to participate in an expedited mediation (by video or phone, if necessary) with U.S. Magistrate Judge Stacie Beckerman, to resolve the conflict. OSH and the parties to the criminal case should meet and confer prior to the mediation in an effort to resolve any conflict between the court orders and clarify the issues subject to mediation. If any party to the criminal case refuses to participate in mediation or if mediation is unsuccessful, any *Mink/Bowman* party may petition this Court for an expedited ruling on whether the Supremacy Clause establishes that this order takes precedence over the conflicting state court order, and any responses from the parties or amici shall be filed within five business days.

### VIII. Implementation

To the extent that aspects of this remedial order require updated forms and protocols by OHA, OSH, and amici, these updates shall be made with the assistance of amici and the parties, and there shall be up to a 30-day period from the date of this order to implement any such changes to relevant forms and to notify stakeholders impacted by these changes.

**IX. Compliance**

This order shall terminate upon the Neutral Expert reporting to this Court that OSH/OHA has timely admitted A&A and GEI patients for at least three consecutive months, and that the termination of this order would not cause the Defendants to fall back out of compliance. For purposes of this order "timely admission" means within seven days of a State Court order delivered to OSH ordering that the patient be admitted.

**X. Termination**

If this order is not terminated pursuant to Section IX, this order will expire on December 31, 2023, unless renewed by the Court prior to that time.

IT IS SO ORDERED.

DATED: _____July 3, 2023_____

_____/s/ Michael W. Mosman_____

MICHAEL W. MOSMAN
Senior United States District Judge

**OREGON STATE HOSPITAL**
**Office of the Superintendent**

Kate Brown, Governor

Oregon Health Authority

2600 Center Street NE
Salem, OR, 97301
Voice: 503-945-2852
TTY: 800-735-2900
Fax: 503-947-2900
osh.oregon.gov

June 27, 2022

# Request for Oregon State Hospital Expedited Consultation/Admission

## PATIENTS ON THE OSH ADMISSION LIST UNDER FORENSIC COMMITMENTS

## Purpose of this document:

This document sets forth protocols and processes for referral for expedited consultation and possible early admission of individuals under a forensic commitment awaiting admission to Oregon State Hospital from local jails. OSH and OHA are working in partnership with stakeholders to increase timely access to OSH. To achieve equitable efficiencies and maximum timeliness for all admissions, only in very limited circumstances would an expedited admission be approved.

## Role of OSH for forensic patients:

OSH has a role in caring for individuals sent via courts who are either in need of restoration to competence to stand trial, are found Guilty Except for Insanity, or are committed under an Extremely Dangerous Persons civil commitment and are found to warrant care and treatment at OSH. These legal categories (A/A, GEI and EDP) are referred to as "forensic" as they involve criminal court processes. OSH treatment providers have substantial expertise in the treatment of people with severe and persistent mental illness and can provide helpful informal consultation by telephone regarding the management of individuals waiting for OSH admission.

## Protocol:

**Individuals eligible to request expedited clinical or systems consultation/admission:** Courts, jail personnel, the individual's assigned defense attorney(s), case prosecutor(s), or anyone who, in their professional capacity, has concerns about the mental health condition of individuals in the categories listed below.



**Individuals eligible for expedited consultation/admission:** An individual being held in custody but ordered by a Court to OSH and placed on the OSH admission list, who are forensically committed pursuant to any of the following statutes:

- ORS 161.370: order for restoration of fitness to proceed;
- ORS 161.365: order for admission for up to 30 days' observation as initiated by OSH;
- ORS 161.327: An individual found guilty except for insanity (GEI); or
- ORS 426.701: An individual judicially committed as an extremely dangerous person with mental illness.

**Qualifying Criteria for Expedited Admission:** Individuals may be considered for expedited consultation/admission if they are currently at serious risk of harm to self, related to:

- Mental health symptoms compromising the immediate health and safety of the individual; and/or
- Active suicidal intent, actions such as suicide attempts, or serious self-injury*; and/or
- Inability to meet basic needs that puts the individual's immediate health and safety at risk**

*Serious injury includes injury requiring immediate medical attention OR averted injury which would have required immediate medical intervention if not for the intervention of jail staff. An individual who has received interventions such as limiting access to lethal means, use of suicide-resistant clothing, or other staff actions used to secure the immediate safety of the individual may still be referred for expedited consultation/ admission.*

**Risk to health and safety related to mental illness could include not eating or drinking for a period of time that could lead to medical consequences or placing oneself at risk of victimization due to apparent mental illness*

**Disqualifying Criteria for Expedited Admission:** An individual who meets the eligibility criteria above but who has *an active medical condition that requires stabilization at a primary medical center*. Once medical stabilization has occurred, if the individual still meets criteria, a request for consultation is encouraged. Consultation is also available while the individual is being stabilized to ensure timely transport and admission.

## Process:

**Rapid Response Consultation:** a telephone consultation is encouraged when there is an immediate health and safety risk which meets the above criteria AND may require OSH admission within 24-48 hours, possibly following emergency stabilization at a primary medical center.

1. OSH response occurs within one (1) business day

2. Telephone consultation only, though OSH may contact the jail to provide additional documentation, as described below
3. **Contact the OSH Admissions Department at 503-945-9265 (phone) or OSH.Admissions@odhsoha.oregon.gov (email)**
4. If further assessment of the individual is needed before a determination can be made, OSH will work with jail personnel or, if appropriate, with OHA (who will engage community mental health providers) to conduct such an assessment.

**Expedited Consultation:** a consultation and/or referral for expedited admission is encouraged when there is a health and safety risk which meets the above criteria but is not likely to require OSH admission within 24-48 hours.

1. OSH response occurs within two (2) business days
2. If a telephone consult is preferred, contact the OSH Admissions Department as above. OSH may also contact the jail to provide additional documentation, as described below.
3. Written referrals must be sent to the OSH Admissions Department (contact information below) and include the following:
   a. a written explanation of
      - the clinical concerns that require more immediate attention; and
      - a description of interventions and supports that have already been implemented or attempted; and
   b. additional documentation provided by the jail as described below.

**Additional documentation (which may be requested from the jail by the OSH Admissions Department to supplement a consultation):**

- Medical and Psychiatric Records from the jail facility; and
- Medication administration records for the last month; and
- Logs for the duration of the inmate's current stay at the jail facility detailing restraint/seclusion, special observation, administrative segregation, or disciplinary segregation; and
- If available, the status of a court order for administration of involuntary medications

Requests for consultation/expedited admission will be reviewed by the Chief Medical Officer or designee during business hours (0800-1700) Monday through Friday. The reviewer may contact the submitting jail or referral source to arrange consult by phone or video if additional information is needed.

Within 24 hours of receiving all necessary information, the CMO or designee will communicate back to the referring party related to consultation/admission considerations.

**A request for expedited admission is not meant to replace services that are currently required within jail facilities or emergency medical care. In a life-threatening emergency, the individual should be treated at the local site and taken for emergency medical care as needed.**

**Admissions Department contact information:**
Phone: 503-945-9265
FAX: 503-945-9839
Email:  OSH.Admissions@odhsoha.oregon.gov

**Hours of operation:**
Monday through Friday
8:00 AM to 5:00 PM



OREGON STATE HOSPITAL
Office of the Superintendent

Tina Kotek, Governor



2600 Center Street NE
Salem, OR, 97301
Voice: 503-945-2852
TTY: 800-735-2900
Fax: 503-947-2900
osh.oregon.gov

May 5, 2023

## Request for Oregon State Hospital Expedited Admission

## PATIENTS ON THE OSH ADMISSION LIST UNDER CIVIL COMMITMENT OR VOLUNTARY BY GUARDIAN / HEALTH CARE REPRESENTATIVE STATUS

### Purpose of this document:

This document sets forth protocols and processes for referral for expedited admission to Oregon State Hospital (OSH) of individuals hospitalized at an acute care facility under a civil commitment or admitted voluntarily by guardian or health care representative (henceforth "civil admission" status). OSH and OHA are working in partnership with stakeholders to increase timely access to OSH.

### Overarching Principled Approach to Expedited OSH Admission of Patients under Civil Admission Status:

OSH must balance the need for OSH admission for patients under civil admission status with constitutional requirements for admission to OSH for patients under forensic commitments (pursuant to federal litigation pertaining to admission to OSH of patients under forensic commitments).

Patients meeting criteria for civil admission to OSH are placed on the OSH Civil Admission list and are scheduled for admission based on bed availability. To achieve equitable efficiencies and maximum timeliness for all admissions, only in limited circumstances would an expedited admission for a patient under civil admission status be approved.

### Protocol:

***Individuals eligible to refer a patient for civil expedited admission to OSH***: Health care personnel involved in hospital management or provision of treatment to individuals in the categories listed below.

NOTE: a referral may be initiated prior to civil commitment if there is a high likelihood that the patient will meet criteria for both civil commitment and OSH admission, and the qualifying criteria for expedited admission are met. However, a patient may not be admitted to OSH under a civil expedited admission until all eligibility criteria below are met.

***Patients eligible for civil expedited admission to OSH***: An individual being treated at an acute care hospital is eligible if that patient:

1. Is civilly committed or admitted voluntarily by guardian or health care representative; and
2. Meets criteria for admission to OSH per OAR 309-091-0015 and has been placed on the OSH Civil Admission List; and
3. Meets the qualifying criteria below for Civil Expedited Admission and has been approved for expedited admission by the OSH Chief Medical Officer or designee.*

    * Placement on the OSH Civil Admission list can be simultaneous with approval by the OSH Chief Medical Officer or designee.

***Qualifying Criteria for Civil Expedited Admission***: patients may be considered for civil expedited admission if, within the previous three weeks at the acute care hospital:

- they exhibit severe aggression directed toward other persons and/or property, or
- they are unable to meet their own basic nutritional needs such that their immediate health and safety are at risk, or
- they require biological therapies available to OSH but not to acute care hospitals; **AND**
- they remain at ongoing high risk to themselves or others due to mental illness despite adequate treatment; **and**
- acute care hospital leadership concurs with the treating clinical team that referral for expedited admission to OSH is appropriate and attests that all other avenues for treatment at the acute hospital or for discharge have been exhausted.

As evidenced by:

1. Hospital course documentation demonstrating that, due to symptoms of mental illness, at least two of the following are present:
    a. The patient has engaged in physical aggression resulting in harm or injury to others or lost time at work for an employee;
    b. The patient has engaged in substantial property destruction impacting patient care;
    c. The patient has required 1:1 security staffing to prevent harm or injury to other patients or staff for longer than 72 hours;

   d. The patient has required recent frequent or prolonged seclusion** or restraint;
   e. Two or more acute psychiatric beds have been closed to reduce the risk of the patient causing harm or injury to other patients or staff;
   f. The patient cannot be safely treated on an acute psychiatric unit with available resources.
   
   **OR**

2. Hospital course documentation demonstrating that, due to symptoms of mental illness, at least one of the following are present:
   a. The patient is unable to meet their own basic nutritional needs such that medical intervention has been necessary or is highly likely to become necessary in the near future.
   b. The patient requires a biological therapy (ex: court-ordered electroconvulsive therapy) that cannot be provided at the acute care hospital.

** Behavior management plans which require that a patient may leave their assigned room only following staff assessment are considered equivalent to seclusion. An individual who has received such interventions, which reduce incidents of aggression by limiting access to peers, may still be referred for civil expedited admission.

***Disqualifying Criteria for Expedited Admission***: An individual who meets the criteria above but who *has an active medical condition which requires stabilization or treatment at a primary medical center*. Referral and consultation may occur while the individual is being medically stabilized.

## Process:

A referral for civil expedited admission is encouraged when a patient exhibits behavior and ongoing safety risk that meets the above criteria. Note that historical behavior, while pertinent to clinical risk assessment generally, is insufficient to justify civil expedited admission in the absence of present behavioral concerns.

The acute care hospital may refer the patient to OSH for consideration of civil expedited admission by making available **to the OSH Admissions Department** by fax, email or via electronic medical records access:

- Medical records up to the current date, including
   - current progress notes
   - documentation of any seclusion and/or restraint
   - documentation describing any current behavior management plan
   - medication administration records
- A written explanation by the unit medical director of

- - the current clinical behaviors and/or concerns that may require expedited OSH admission; and
  - an explanation of what need cannot be met by the acute care hospital; and
  - a description of interventions and supports that have already been implemented or attempted (this may include a description of the physical structure of the unit or location where the individual is housed)
- Name and contact information for the attending and/or covering psychiatric practitioner
- An attestation by an administrative director at the acute care hospital of review and approval of the referral

Requests for consultation/expedited admission will be reviewed by the OSH Chief Medical Officer (CMO) or designee during business hours (0800-1700) Monday through Friday. The reviewer may contact the attending practitioner if additional information is needed.

Within 24 hours of receiving all necessary information, the CMO or designee will communicate back to the referring party related to consultation/admission considerations.

- If approved, OSH will admit the patient in a timeframe deemed appropriate to the circumstances and as soon as possible considering the expedited nature of the referral.
- If denied, the patient will maintain their current place on the OSH Civil Admission List.
  - In addition, OSH will participate in a patient care conference in collaboration with the acute care hospital and CMHP, including subsequent meetings as required and agreed upon, with the goal of identifying modifications to the care plan to promote the safety of the patient, other patients, and staff.
  - A patient may be referred again following a denial if additional safety considerations arise which meet the qualifying criteria.
  - All referrals, acceptances and denials, along with the rationale for such referrals, acceptances, and denials, shall be recorded in a de-identified tracking system kept by OSH and the private hospitals and reviewed on a quarterly basis in joint meetings with the private hospitals, OSH and OHA leadership representation and any other mutually agreed upon invitees to ascertain impact on compliance with federal court orders, impact on private hospitals, and any other factors of relevance to Oregon psychiatric hospital and community behavioral health system stakeholders. These quarterly reviews and lessons learned may result in further modifications of this protocol.

**Admissions Department contact information:**
Phone: 503-945-9265
FAX: 503-945-9839
Email: OSH.Admissions@odhsoha.oregon.gov

**Hours of operation:**
Monday through Friday
8:00 AM to 5:00 PM