Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Amicus Curiae Disability Rights Oregon*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISONLEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; PROVIDENCE HEALTH & SERVICES—OREGON; and ST. CHARLES HEALTH SYSTEM, INC.,

Plaintiffs,

v.

PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority,

Defendant.

Defendants

Case No. 6:22-cv-01460-MO
Case No. 3:02-cv-00339-MO (Lead Case)
Case No. 3:21-cv-01637-MO (Member Case)

AMICUS DRO BRIEF REGARDING HOSPITAL CORPORATIONS' MOTION FOR RECONSIDERATION

## I. ARGUMENT

Hospital Corporations seek a reconsideration of this Court's order dismissing their claims. *See* Dkt. 412. However, Hospital Corporations lack the legal basis for such an extraordinary remedy. Unlike the cases cited to by Hospital Corporations in its motion, this Court did not simply find that Hospital Corporations had failed to plead standing properly, had failed to allege specific facts, or had omitted an essential element of standing – collectively, errors that might be

properly corrected in a further amended complaint. Instead, this Court held the Hospital Corporations' fundamental theory of standing was wrong, an error that could not be corrected by amendment. ECF 395, at 6 (finding "voluntariness on the part of Health Systems is sufficient to defeat traceability" and "Health Systems' alleged injury . . . is not traceable to OHA"); *Parents for Privacy v. Barr*, 949 F.3d 1210, 1239 (9th Cir. 2020) (where problem "is not the sufficiency of [plaintiffs'] factual allegations" but that their "legal theories fail," dismissal without leave to amend is proper). Having affirmatively found that the Hospital Corporations are voluntary participants in the mental health programs identified, the Court could not find third party standing in a future amended pleading; thus, amendment is futile. Amicus DRO respectfully requests a denial of Hospital Corporations' reconsideration.

**A. The Court Should Not Grant Reconsideration of Its Dismissal**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No.1Jv. ACandS, Inc,* 5 F3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Hospital Corporations fail to produce newly discovered evidence. They also fail to establish clear error or manifest injustice. Furthermore, they fail to show any intervening changes in controlling law to provide grounds for relief. Instead, they make arguments like, "Plaintiffs disagree with the Court's reasoning on this point," and "Plaintiffs can address this perceived deficiency [regarding standing] by alleging facts showing the *same injuries that Plaintiffs have already alleged*…" Dkt 412 at 4.

Additionally, part of the Hospital Corporations' motion for reconsideration is premised

on a misunderstanding of a single dictum in a recent case. ECF 412, at 7, *discussing Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022). However, Hospital Corporations' reading of *Barke* does not entitle them to amend their complaint. In *Barke,* a panel of the Ninth Circuit indicated that while the district court lacked jurisdiction, the court did not err by refusing to allow an amended complaint, but should have labeled the dismissal as one without prejudice. *Barke*, 25 F. 4th at 721 (While "[i]t is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint," that presumption can be overcome where there has been "a clear showing that amendment would be futile."). Accepting Hospital Corporations' interpretation of *Barke* requires nothing more than reframing the dismissal with prejudice as "a dismissal without prejudice and without leave to file an amended complaint." The decision in *Barke* endorsed that exact outcome. *Barke* does not, even under Hospital Corporations' reading of case law, deprive this Court of the ability to prohibit further amendment of the complaint.

Ninth Circuit precedent establishes a complaint can be properly dismissed with prejudice for lack of standing, where the defect is not curable by amendment. *See, e.g., Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (ordering that case be dismissed with no opportunity to amend on remand for lack of standing); *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002)(dismissal with prejudice appropriate where lack of standing could not be cured by amendment). Dismissal with prejudice is appropriate where a third party inappropriately seeks to advance the legal claims of another. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)(claims of unrepresented guardian ad litem on behalf of child were properly dismissed with prejudice, though child's claims should have been dismissed without prejudice to allow child opportunity to raise claims upon majority). Even in the two years since *Barke*, the Ninth Circuit continues to uphold dismissals with prejudice for lack of



Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR 97205

standing where cure is impossible. *See, e.g.*, *Grondal v. United States*, 37 F.4th 610, 622 (9th Cir. 2022)(upholding district court's dismissal with prejudice of Wapato Heritage's claims for lack of standing).

Further, a dismissal for lack of standing is not a dismissal "on the merits." *Melendres v. Maricopa Cnty*., 878 F.3d 1214, 1215 (9th Cir. 2018)(noting appeal was dismissed "for lack of standing rather than on the merits"). The Ninth Circuit explained elsewhere that while a dismissal with prejudice "often" denotes a dismissal "on the merits," the term also includes "a dismissal for lack of jurisdiction." *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016). While "ordinarily" cases with jurisdictional defects should be dismissed without prejudice, dismissal with prejudice is permitted where amendment is futile and the claim could not be brought in any other forum. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). Hospital Corporations mistake case law regarding what *ordinarily* happens or *often* happens for an assurance of what *must always* happen. However, neither mistake nor fervent wish make for sufficient legal grounds to warrant relief.

**B. The Court Need Not Entertain Further Amendment of the Complaint, Except by Further Motion from Hospital Corporations**

The only question properly before the Court is whether to reconsider its order to dismiss with prejudice or whether its order should include leave to amend. The Court can disregard the remainder of the motion to the extent the motion seeks further leave to file a second amended complaint. A proposal to amend a complaint must be made in a separate motion. Fed. R. Civ. Pro. 15(a); Fed. R. Civ. Pro. 59; *see also Thompson v. Jiffy Lube Int'l*., Inc., 505 F.Supp.2d 907 (D. Kan. 2007)(Plaintiffs needed to seek and receive court permission to file an amended complaint) ; *Feddersen Motors v. Ward*, 180 F.2d 519 (10th Cir. 1950)(The right to amend complaint once as a matter of course ended with entry of judgment dismissing the action, and



Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR 97205

thereafter pleading could be amended only with leave of court.) Hospital Corporations have already amended their complaint once. Hospital Corporations have not filed a motion to allow further amendment of the complaint. In the absence of a further motion to amend the complaint a second time, the Court need only rule on whether it intends to amend its judgment and order dismissing the case.

**C. The Proposed Second Amended Complaint Illustrates Why Amendment is Futile**

Even if the Court reviews Hospital Corporations' proposed second amended complaint, the proposed complaint demonstrates the propriety of the Court's initial determination that denial of leave to amend was proper. Instead of bringing new arguments to the Court's attention, the amended complaint simply rehashes claims that the Court has already heard and rejected, either at oral argument or in pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (denial of leave to amend proper where party "presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally"); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129 (2d Cir. 1993)(Where it appears that granting leave to amend is unlikely to be productive, it is not abuse of discretion to deny leave to amend.)

Here, Hospital Corporations presented virtually all the arguments in the proposed second amended complaint at the hearing, such as that they were cumulatively coerced by a web of other federal and state laws to accept and treat patients. ECF 413-1, at ¶¶ 38-40. Those claims were fully argued and rejected.; ECF 395, at 6 ("The reason they remain certified is because they desire to remain in the care of such patients, and because they dislike the alternatives."). The specific claims advanced in the amended complaint, such as that federal laws including EMTALA, bind the Hospital Corporations in a way giving them standing were likewise rejected

by the Court. ECF 413-1, at ¶ 33; ECF 395, at 6 (finding "Health Systems' alleged injury . . . is not traceable to OHA").

This Court rejected the claims of third-party standing on behalf of the patients that the Hospital Corporations wish to stop treating. ECF 395, at 7-8.[1] The amended complaint does not contain meaningfully new allegations regarding those patients, raise new claims regarding their rights, nor explore how the conflict of interest has been corrected or addressed. *Carrico*, 656 F.3d at 1008 (failure to identify specific allegations addressing grounds for dismissal demonstrates futility of amendment). The most remarkable change in the Second Amended Complaint is that much of the original language disparaging the patients has largely been removed—removing some outward signs of the conflict but not the conflict itself. ECF 395, at 7 (Hospital Corporations' interests "fail to align" with patients' interests because patients cost them money and inflict harm on their employees). After reading the proposed second amended complaint, Amicus DRO is unable to see how the original problems with third-party standing have been addressed at all. ECF 413-1, ¶83 (complaining of impact of mentally ill patients on hospital staff retention). The fundamental misalignment of interests between Hospital Corporations and the patients they seek not to serve cannot be redressed by rephrasing portions of the complaint.

## II. CONCLUSION

Hospital Corporations have based some of their reasoning upon a misconstruction of dictum from *Barke*. Yet, such fallacy does not provide grounds for amending their complaint

---

[1] To establish third party standing the third party would have to have a "close relationship" with "the person who possesses the right." And they must establish that there is a "'hindrance' to the possessor's ability to protect his own interests." *Fleck & Assocs. v. City of Phx.*, 471 F3d 1100, 1102 (9th Cir 2006). Here, Hospital Corporations have failed to meet this standard.

because such amendment would be futile and the defect is incurable. It would be futile because the court already heard and rejected their arguments, and Hospital Corporations failed to add any information or facts that could provide for a different result. Based on the same argument, the Court has already held that there is no third party standing since Hospital Corporations participated voluntarily in OHA's certification process. Furthermore, Hospital Corporations have not utilized the proper procedures for amending a complaint. Thus, the Court should not reconsider its order and judgment. Alternatively, the Court could amend the judgment to a dismissal "without prejudice but without leave to file an amended complaint" to comport with *Barke.*

DATED July 6, 2023.

DISABILITY RIGHTS OREGON

/s *Thomas Stenson*
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Tel: (503) 243 2081
FAX: (503) 243 1738
*Counsel for Amicus Disability Rights Oregon*