ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725
SHEILA H. POTTER #993485
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Carla.A.Scott@doj.state.or.us
　　　　Sheila.Potter@doj.state.or.us
　　　　Craig.M.Johnson@doj.state.or.us

Attorneys for Defendants David Baden and Dolores Matteucci

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital, <br><br>　　　　Defendants. | Case No. 3:02-cv-00339-MO (Lead Case) <br>Case No. 3:21-cv-01637-MO (Member Case) <br>Case No. 6:22-cv-01460-MO (Member Case) <br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION** |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, David Baden, Director of the Oregon Health Authority, in his official | Case No. 3:21-cv-01637-MO |

Page 1 -　DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
　　　　　RECONSIDERATION
　　　CAS/a3m/32142872
　　　　　　　　　　　Department of Justice
　　　　　　　　　　　100 SW Market Street
　　　　　　　　　　　Portland, OR 97201
　　　　　　　　(971) 673-1880 / Fax: (971) 673-5000

| | |
|---|---|
| capacity, and PATRICK ALLEN in his individual capacity, | |
| Defendants, | |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON, | Case No. 6:22-CV-01460-MO (Member Case) |
| Plaintiffs,<br>v. | |
| DAVID BADEN, in his official capacity as Director of Oregon Health Authority, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiffs' motion for reconsideration should be denied because it points to no facts or law not already considered and rejected by this Court in dismissing their complaint. Moreover, the proposed amendments would not cure the legal defect with their Article III standing. Defendant Oregon Health Authority (OHA), however, would not object to changing the phrasing of the dismissal to "dismissed without leave to amend" instead of "with prejudice" to comport with the Ninth Circuit's jurisprudence regarding the legal effect of a dismissal for lack of subject matter jurisdiction. *See Barke v. Banks,* 25 F.4th 714, 721 (9th Cir. 2022).

Also, notably, Plaintiffs ("Health Systems") do not seek reconsideration of this Court's alternative and independent basis to dismiss for lack of standing their claims alleged on behalf of civilly committed patients—namely, that they fail to establish the "close relation" requirement for third-party standing. Those claims (claims One, Five, Six, and Seven) should therefore remain dismissed without leave to amend, regardless of how the Court rules on the motion for reconsideration.

Page 2 -   DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
          RECONSIDERATION
       CAS/a3m/32142872                           Department of Justice
                                                  100 SW Market Street
                                                  Portland, OR 97201
                                             (971) 673-1880 / Fax: (971) 673-5000

## II. ARGUMENT

### A. A motion for reconsideration is an extraordinary remedy.

A motion for reconsideration is an "extraordinary remedy" that should be "used sparingly" to conserve judicial resources. *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate only if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not an appropriate vehicle for "rehashing arguments the court has already rejected." *Dare v. Aegis Wholesale Corp.*, No. 15-CV-2833-JAH (BLM), 2019 WL 7020110, at *2 (S.D. Cal. Dec. 20, 2019). As explained below, that is just what Health Systems' motion asks this Court to do.

### B. A complaint may be dismissed for lack of Article III standing without leave to amend where, as a here, a legal defect cannot be cured.

A claim must be dismissed to the extent a plaintiff lacks Article III standing to pursue the relief sought. *See Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1102 (9th Cir. 2006). To have Article III standing, a plaintiff must adequately establish: (1) an injury in fact, (2) causation, and (3) redressability. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74 (2008). A plaintiff must demonstrate standing for each claim and for each form of relief sought. *Washington Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). To demonstrate redressability, a plaintiff must show that they "personally would benefit in a tangible way from the court's intervention." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 134 (1998) (citing *Warth v. Seldin*, 422 U.S. 490, 508 (1975)). Any "remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

Page 3 -   DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION
CAS/a3m/32142872
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

A court may dismiss a complaint for lack of standing without leave to amend where the court determines that any future amendments to the complaint would be futile and would fail to meet the necessary Article III standing requirements. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). If, based on the facts as alleged by the plaintiff, the court deems it impossible for the claim to successfully meet standing requirements, it is in the interest of judicial efficiency to not prolong litigation through amendment. *Id.*

    **C.**    **Health Systems cannot establish standing to bring any of their claims.**

This Court correctly ruled that "Health Systems' alleged injury—being required to provide long-term care for civilly committed patients— is not traceable to OHA, because Health Systems could choose to not participate in the application process to treat such patients. Their voluntary participation in the very conduct that causes their injury causes their claims to fail the traceability requirement. Health Systems therefore do not have standing to bring their claims and they must be dismissed under Rule 12(b)(1)."[1]

Health Systems have not established that they can cure this defect with new facts or law not already considered and rejected by this Court. In arguing that they could establish standing, Health Systems point to the process by which civilly committed persons are received in their facilities via emergency rooms, which they contend would occur even if they had not voluntarily applied for certification to treat civilly committed patients. But the Court already carefully considered that process and its effects on Health Systems in dismissing their complaint. *See* 4/25/23 Tr. at pp. 17-39 (ECF No. 166).

Moreover, in asking the Court for leave to amend, Plaintiffs rely on only alternate facts in a conjectural and hypothetical universe—one in which they did not apply for and obtain certifications to treat civilly committed patients. In doing so, they rely on two cases

---

[1] In addition to having agreed to admit and treat civilly committed patients as described in the Opinion and Order dismissing the complaint, Plaintiffs recently consented to the portion of this Court's order limiting admissions to OSH of civilly committed patients except pursuant to an expedited admissions policy. *See* ECF No. 380.

Page 4 -  DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
                RECONSIDERATION
CAS/a3m/32142872

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

for the proposition that a plaintiff's voluntary action does not preclude standing if it "'would remain worse off' by pursuing alternate courses of action." Neither case supports Health Systems' arguments that repleading would enable to them to cure the legal defect with their standing.

In *Jackson v. California Dep't of Mental Health*, 399 F.3d 1069, 1074 (9th Cir.), the Ninth Circuit acknowledged that the alleged injury may be traceable to the defendant if the plaintiff, who had voluntarily recommitted himself as a violent sexual predator, had no real choice but to do so because the state would have otherwise recommitted him:

> It is possible that [the plaintiff] committed himself because the state would otherwise have asked a court to recommit him involuntarily. If he stood little chance of defeating such a request, but would incur some hardship in trying, perhaps we would be willing to say that his decision to voluntarily recommit himself was traceable to the state court's initial decision to confine him. However, that is not the only possible explanation for [plaintiff's] decision to recommit himself, and it is not our duty to hypothesize circumstances under which jurisdiction might have been proper.

Here, in contrast, there are no allegations that OHA could have forced Health Systems to apply for certification to treat civilly committed patients had they not otherwise voluntarily done so. Instead, they seek declaratory relief based on a hypothetical alternate reality not before this Court (and not in existence), which as the court noted in *Jackson,* is insufficient to establish standing.

In *Skyline Wesleyan Church v. California Dep't of Managed Health Care*, 968 F.3d 738, 748–49 (9th Cir. 2020), the Ninth Circuit found a direct link between the alleged unlawful conduct (a state-run group insurance policy requiring coverage for abortion) and the plaintiff's injury (having to pay for insurance covering abortions) as other insurance options were worse for various reasons. As a result, the Ninth Circuit found a direct chain of causation; in doing so, the court made clear that to establish redressability, a plaintiff must show that "it is likely, as opposed to merely speculative, that its injury will be redressed by a favorable decision." *Id*. Health Systems' situation is not at all like the plaintiff's in *Skyline.* Again, they ask this Court to speculate about and redress what injury they might have

Page 5 -   DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
           RECONSIDERATION
       CAS/a3m/32142872                            Department of Justice
                                                   100 SW Market Street
                                                   Portland, OR 97201
                                           (971) 673-1880 / Fax: (971) 673-5000

incurred if they had not chosen to voluntarily apply for certification to treat civilly committed people.  In any event, as noted above, this Court already considered that hypothetical harm during the hearing on the motion to dismiss and rejected it as a basis to confer standing.

In short, Health Systems provide this Court with no concrete injury that is not hypothetical or conjectural on which to conclude they have any injury-in-fact which this Court could redress by a favorable decision.  This defect is fatal to Plaintiffs' Article III standing.  The proposed amendments would be futile and leave to amend should be denied.

### D.  Plaintiffs do not seek reconsideration of this Court's alternative basis for concluding that they lack standing for the claims they brought on behalf of civilly committed patients.

This Court alternatively based its dismissal of the claims Plaintiffs brought on behalf of civilly committed patients on the ground that they failed to establish the "close relation" requirement for third-party standing:

> Relatedly, Health Systems do not have standing to bring claims on behalf of their civilly committed patients. The first step of the analysis to determine if there is third-party standing is for a litigant to have standing of its own. Since the Health Systems do not have standing of their own, they cannot bring claims on behalf of others.
>
> But *even if that were not the case*, Health Systems would fail the "close relation" portion of the analysis. Health Systems claim in their briefing that they would like to treat more civilly committed patients. They also say they have a close relationship with these patients because their staff treat these patients. Yet Health Systems also complain about how much civilly committed patients are costing them and about the harms they inflict on their staff members. These arguments are not aligned. There may not be a full-fledged conflict between Health Systems' and civilly committed patients' interests, but they are incongruous enough that Health Systems would not be "as an effective proponent" of civilly committed patients' rights as the patients would be for themselves.
>
> Furthermore, one of the Plaintiffs in the Mink matter is Disability Rights Oregon ("DRO"), which is the federally designated protection and advocacy system for Oregon under the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act. See 42 U.S.C. 10805(a) (noting establishment to "protect and advocate the rights of individuals with mental illness"). If any party in this proceeding should be able to speak on behalf of civilly committed patients, DRO would likely be the one to do so.

Op. & Order (ECF No. 395, p. 7) (emphasis added).

Page 6 -   DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR
             RECONSIDERATION
CAS/a3m/32142872

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiffs' motion for reconsideration does not mention much less take issue with this alternative basis to dismiss the claims brough on behalf of civilly committed patients. Accordingly, in addition to the reasons set forth above, the claims alleged on behalf of civilly committed patients (claims One, Five, Six, and Seven) should remain dismissed with no leave to amend.

## III. CONCLUSION

For the reasons set forth above, OHA respectfully asks this Court to deny Health Systems' motion for reconsideration.

DATED July 7, 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


    *s/ Carla A. Scott*
CARLA A. SCOTT #054725
Senior Assistant Attorney General
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
CRAIG M. JOHNSON #080902
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.state.or.us
Sheila.Potter@doj.state.or.us
Craig.M.Johnson@doj.state.or.us
Of Attorneys for Defendants

Page 7 -   DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION
CAS/a3m/32142872

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000