Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB #074564
jesse@lmhlegal.com
**Levi Merrithew Horst PC**
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241
*Counsel for Plaintiff, Metropolitan Public Defender*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants. | Case No.  3:02-cv-00339-MO (Lead Case)<br>Case No.  3:21-cv-01637-MO (Member Case)<br><br>PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S ORDERS AND DETERMINE SUPREMACY CLAUSE ISSUE |

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIS COURT'S ORDERS
AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 1

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR  97205
(503) 243-2081

| | |
|---|---|
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>　　　　　Defendants. | Case No.  3:21-cv-01637-MO (Member Case) |

# CERTIFICATION OF CONFERRAL UNDER LR 7-1

Plaintiffs spoke to counsel for Defendants, amici district attorneys, and amici judges prior to filing this motion. Counsel for Defendants did not object to the filing. Counsel for amici district attorneys, after discussion, objects to the relief sought in this motion. Counsel for amici judges objected to the relief sought by the motion. Plaintiffs' counsel offered to confer with county amici but county amici declined to confer.

# MOTION AND MEMORANDUM OF LAW

Plaintiffs ask the court to declare that the Supremacy Clause governs commitment orders of Oregon detainees and to order the release of Oregon detainees who have stayed past the deadlines set by this court. Despite extensive mediation practice and continued courtesies extended to amici by the Court, multiple Marion County detainees have remained in the custody of OSH for months longer than permitted by this Court's order. State court orders, including

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIS COURT'S ORDERS
AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 2

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR  97205
(503) 243-2081

several issued by a Marion County judge amicus,[1] prohibit the release of these detainees and prohibit any party from transporting them from OSH. Although the Court's modified order, ECF 416, invited amici (including the Marion County District Attorney) to participate in mediation of just such disputes, the amici District Attorneys initially agreed to mediate these disputed cases, but upon discussion amici stated mediation would be fruitless because the state court judicial decisions were the issue. The Marion County Sheriff refuses to transport detainees from OSH consistent with the schedule set by this Court. As a result, Plaintiffs move the Court under its inherent authorities to declare that the Supremacy Clause compels all Oregon state and local entities to comply with the Court's orders, to order the Marion County judges and municipal officials to cease obstruction of this Court's order, and to issue an order compelling the release of detainees who have stayed beyond the calendared guidelines set by this Court's orders.

### A.     INTRODUCTION

Parties to this case, along with amici counties, district attorneys, and state court judges, participated in extensive mediation earlier this year to reach agreement on amendments to the September 2022 order. ECF 271. Amici had raised numerous concerns about the collateral effects of the Court's order and related orders on criminal cases in state court and on the resources of the local mental health and criminal systems. ECF 259, ECF 267, ECF 280. The mediation process was intended to address those concerns. ECF 355; ECF 368. Following mediation, a written proposed order was submitted to the Court that reflected the mediation

---

[1] Plaintiffs have been advised that the Marion County judge amicus, the Honorable Audrey Broyles, intends to file a motion to withdraw as amicus. As of filing, no such motion has been received, however, and neither has the judge's motion been granted.

process, and the Court held a hearing at which each amicus had the opportunity to be heard. ECF 411; ECF 415. Following the mediation process and the hearing, this Court modified its prior order to reflect the apparent consensus among amici and parties. ECF 416.

Following years of litigation and extensive recommendations by a court appointed expert, the Court's September 2022 order limited the time for which detainees could remain in the state hospital. ECF 271. As the release dates imposed under the order approached, several judges in Marion County began imposing orders that prohibited *anyone* from removing a prisoner from OSH without permission from the Marion County court. Declaration of Thomas Stenson. One typical order read, in pertinent part, "The Defendant may not be returned from OSH absent an order from the committing court." Declaration of Thomas Stenson, Ex. A. The next hearing in that detainee's case is scheduled for September 21, four days before the defendant would be released under Oregon statute. Declaration of Thomas Stenson.

The Oregon state courts do not typically use the unique language described above of the Marion County judges specially prohibiting anyone from returning the defendant from OSH or requiring the defendant to remain at OSH until and unless the state court orders the defendant's return. *See, e.g.,* ECF 409-1 (reflecting Oregon state court model language regarding commitment of detainees to OSH and conditions for their return). Based on the immediate context and the lack of any other plausible rationale for prohibiting the release of detainees committed to the Oregon Health Authority, the state court orders seem specifically drafted to thwart the release of detainees from the Oregon State Hospital pursuant to this Court's order. *See* ECF 360. For one defendant, the state court had previously entered a commitment order to OSH in December 2022 using the standard form, but the state court judge entered a new amended

PLAINTIFFS' MOTION TO COMPEL  
COMPLIANCE WITH THIS COURT'S ORDERS  
AND DETERMINE SUPREMACY CLAUSE ISSUE  
Page 4

Disability Rights Oregon  
511 SW 10th Avenue, Suite 200  
Portland, OR 97205  
(503) 243-2081

order with the unique language only two days after receiving a notice from OSH that the defendant was subject to imminent release under this Court's order. *Compare* Declaration of Thomas Stenson, Ex. A with Declaration of Thomas Stenson, Ex. B. The only rational inference is that Marion County judges have been seeking to prohibit the release of detainees to thwart the application of this Court's orders.

Under this Court's recent amended order, where a state court's committing order is in apparent or alleged conflict with this Court's order, the parties are "encouraged to participate in an expedited mediation . . . to resolve the conflict." ECF 416, at 7. If any party "refuses to participate in mediation or if mediation is unsuccessful, any *Mink/Bowman* party may petition this court for an expedited ruling on whether the Supremacy Clause" requires compliance with this Court's order rather than any state court order. *Id.* Parties attempted to engage the Marion County District Attorney in the mediation process. After extensive discussion, the Marion County District Attorney agreed to hold a mediation. However, in a conferral prior to any actual mediation taking place, the Marion County District Attorney's office indicated that the mediation would be futile because the state court orders controlled the matter, and the District Attorney would (in her view) be unable to agree to meaningful relief in mediation. As such, no mediation took place.

The Court's amended order has been in place since July 3, leaving the state courts and the District Attorney more than ample time to resolve whatever lingering issues they may have. ECF 416. The state courts entered their restrictions on release as long ago as February and no more recently than June. Plaintiffs will not attempt to guess why the amici district attorneys would participate in a lengthy mediation process and then declare that the mediation protocol agreed on

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIS COURT'S ORDERS
AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 5

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR  97205
(503) 243-2081

would be futile.[2] No party or amicus has filed a timely appeal of either the Court's September 2022 order or its July 2023 order. The continued wrongful placement of detainees who should according to this Court's orders be released has increased the delays in turning over hospital beds. In turn, Dr. Pinals has found these unnecessary delays have resulted in more aid-and-assist detainees spending more time in jail cells when they should be in the Oregon State Hospital. Declaration of Thomas Stenson, Ex. C, at 17-18.

## II.    ARGUMENT

### A. Federal Courts Have Authority to Compel Release of Detainees to Effectuate Overcrowding Rulings

This Court had and has the authority to limit the time a detainee may be held at the Oregon State Hospital as a means of redressing overcrowding. "Unless otherwise provided by statute, all inherent equitable powers are available for the proper and complete exercise of [the court's] jurisdiction." *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1947 (2020) (cleaned up). One of the most widely recognized equitable powers possessed by courts in overcrowding cases is to impose population limits and require releases of detainees in jails and prisons. *Brown v. Plata*, 563 U.S. 493, 530 (2011) (proper for court to order release of detainees from California prisons); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989)(court properly ordered reduction in jail population by elimination of double celling); *Woe by Woe v. Cuomo*,

---

[2] A term sheet prepared by the Honorable Stacie Beckerman reflecting the mediation process begins "the parties and amici agree to the following terms. . . ." Available at https://static1.squarespace.com/static/5d645da3cf8e4c000158e55a/t/64beb75c9862ed61c02eba24/1690220380672/Mink+Final+Term+Sheet.pdf (last accessed on August 2, 2023). This term sheet was adopted without objection from the district attorneys. The state court judges provided a *caveat* that they "stand on their prior briefing in the litigation" with regard to paragraph 5 of the term sheet, regarding the need for a further remedial order. *Id.* at 1 n.1.

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIS COURT'S ORDERS
AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 6

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR 97205
(503) 243-2081

801 F.2d 627, 631 (2d Cir. 1986)(affirming district court's authority to enter preliminary injunction against further admissions of patients to state hospital, although holding hospital should've been given a chance to reply first). "Courts have substantial flexibility when making these judgments." *Brown*, 563 U.S. at 538. The amici have previously challenged the Court's capacity to limit the population at the Oregon State Hospital, but this Court has properly rejected those arguments. ECF 306; ECF 322.

**B.    The Court Has Jurisdiction Over the Relevant Nonparties to Compel Compliance with Its Orders**

Courts have broad inherent power to craft remedial orders to "reach third parties" as needed to effect their judgments. *S.E.C. v. Hickey*, 322 F.3d 1123, 1131 (9th Cir.), *opinion amended on denial of reh'g sub nom. Sec. & Exch. Comm'n v. Hickey*, 335 F.3d 834 (9th Cir. 2003). When remedial orders are issued to enforce a judgment, especially in complex government service cases like the present matter, it is common for third parties to be affected. *See, e.g., Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1065 (9th Cir. 2010) (approving, in state prison overcrowding case, district court order compelling state defendant to draft plan that would "govern future interactions between defendants, the counties, and the disabled prisoners and parolees housed in the county jails").

The Court also has greater leeway in setting the bounds of an appropriate order because this matter relates to public, not private, interests. "Unless Congress provides otherwise, courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved." *Nw. Env't Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 680 (9th Cir. 2007) (cleaned up).

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIS COURT'S ORDERS
AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 7

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR  97205
(503) 243-2081

A grant of authority to redress harm, unless otherwise limited, will also permit a court to "grant any ancillary relief necessary to accomplish complete justice." *F.T.C. v. H. N. Singer*, Inc., 668 F.2d 1107, 1113 (9th Cir. 1982).

Further, the entities affected by such an order would be those "in active concert or participation" with Defendants in this matter. Fed. R. Civ. Pro. 65(d)(2). County officials, such as sheriffs, are routinely held to be "in active concert or participation" with state officials. *Chote v. Brown*, 342 F. Supp. 1353, 1356 (N.D. Cal. 1972) (three judge panel), *aff'd*, 411 U.S. 452 (1973) (suit against California Secretary of State resulted in injunction binding Secretary and those "in active concert or participation with him, including County Clerks or Registrars of Voters"). Rule 65's mandate "is directed to the actuality of concert or participation, without regard to the motives that prompt the concert or participation." *New York State Nat. Org. for Women v. Terry*, 961 F.2d 390, 397 (2d Cir. 1992), *rev'd on other grounds* 507 U.S. 901 (1993), *and judgment reinstated*, 996 F.2d 1351 (2d Cir. 1993). The statutory scheme at issue requires concerted action and cooperation between state courts, county sheriffs, and Defendants at every step of the aid-and-assist process. ORS 161.370 & ORS 161.371. Judges must rule on capacity to aid and assist and convey their orders to Defendants. County sheriffs must provide routine transportation between the jail and the hospital. Defendants must provide restoration services to detainees and provide updates to state courts. As the statutory scheme relies on the cooperative action between the State Hospital, state judges, and county sheriffs, the coordinated steps taken by the various state judges, Marion County, and Marion County District Attorney all tended to further the Defendants' underlying constitutional violation and all intended to thwart this Court's remedial orders.

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIS COURT'S ORDERS
AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 8

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR 97205
(503) 243-2081

The Court can issue an order directing the Marion County District Attorney, Marion County, and Marion County Judges because they have inserted themselves into the litigation as actively participating amici, as voluntary participants in mediation of the orders in question, and as beneficiaries seizing the benefits of these orders, under the doctrine of equitable estoppel. "Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). Amici engaged in mediation, agreed to the processes outlined in mediation, and obtained benefits from the agreement. *See* n.2 *supra.* For instance, the Marion County District Attorney's Office has filed motions under a different section of the revised order, and state court judges in Marion County have granted those motions, extending the time of detention for certain defendants under the terms of that order. ECF 416, at 4-5 (allowing the extension of time for detention of detainees charged with violent felonies and to facilitate discharge planning); Declaration of Thomas Stenson, Ex. D & E (Marion County judicial orders, on Marion County District Attorney pleading paper, extending detention pursuant to these elements of the July 2023 order). Judges, attorneys, and other entities need not be parties to this litigation or signatories to the agreement where they seize the advantages of the modified order. *Comer*, 436 F.3d at 1101 (noting that "nonsignatories have been held to arbitration clauses where the nonsignatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement"); *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1129 (9th Cir. 2013). By taking advantage of the mediated agreement and the modified terms of the Court's order that resulted from it (including provisions of the agreement amici judges then

objected to), the amici and other judges are bound by the limitations of the order whose benefits they seek.

This Court can similarly issue orders to bind *any* person or entity that has actively thwarted, rather than passively failed to comply with, the Court's injunction. *See, e.g., N. Carolina State Bd. of Ed. v. Swann*, 402 U.S. 43, 45 & 44 n.2 (1971) (district court properly enjoined all enforcement of anti-busing statute by multiple entities, including "state judges who at various times entered injunctions against the school authorities and blocked compliance with orders of the District Court"); *Cooper v. Aaron*, 358 U.S. 1, 11-12 (1958) (where nonparty governor of Arkansas and Arkansas National Guard actively obstructed enforcement of federal desegregation order, federal court properly issued injunction against further such obstruction); *United States v. Hall*, 472 F.2d 261, 267 (5th Cir. 1972) (allowing order entered against nonparty "who had notice of the court's order . . . [and] resorted to conscious, willful defiance" rather than following legal process). It is difficult to imagine how a court could enforce relief in a desegregation or overcrowding case if state courts and local agencies could actively impede the district court's efforts by enjoining the performance of the relief mandated by the federal court or refusing to perform otherwise customary and routine tasks for the specific purpose of thwarting the federal court. *S.E.C. v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) (court had inherent power to "issue a stay effective against all persons of all proceedings against the receivership").

While a Court is not free to issue general injunctions to all the world, neither is a nonparty free to actively thwart a properly issued order of which it has notice and ample opportunity to oppose through legal process. *United States v. Paccione*, 964 F.2d 1269, 1274–75

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIS COURT'S ORDERS
AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 10

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR 97205
(503) 243-2081

(2d Cir. 1992)("A court may bind non-parties to the terms of an injunction or restraining order to preserve its ability to render a judgment in a case over which it has jurisdiction."). Here, we have the state courts and municipal authorities in one Oregon county thwarting both the settlement agreement and resulting order requiring transportation of patients from the Oregon State Hospital after the federal court-ordered length of restoration is over. Principles of public interest and equity provide this Court with the authority to compel the state courts of Marion County and other amici to comply with the Court's orders.

To the extent the state court judges or other amici believe that this Court's orders were issued in error, their disagreement does not allow disregard of or active interference with those orders. "[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." *GTE Sylvania, Inc. v. Consumers Union of U. S., Inc*., 445 U.S. 375, 386 (1980). "It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected." *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (internal citations and quotations omitted). The law does not allow a person who disagrees with a court order to defy it indefinitely. Since no party, amicus, or other entity has sought review or stay of the July 2023 order or the September 2022 order, this Court's decisions are final and enforceable.

//

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIS COURT'S ORDERS
AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 11

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR 97205
(503) 243-2081

### C. The Supremacy Clause Requires that Federal Court Orders Supersede Contrary State Court Orders

The Supremacy Clause provides for the supremacy of federal law over state law and allows federal courts to issue orders to effectuate their judgments. *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 861 n.20 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992) (favorably citing holding that federal consent decree is "a fully enforceable federal judgment that overrides any conflicting state law or state court order"). With regards to federal law, "the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2. "The Supremacy Clause forbids state courts to dissociate themselves from federal law because of disagreement with its content or a refusal to recognize the superior authority of its source." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 382 n.12 (2012) "State-law prohibition against compliance with the District Court's decree cannot survive the command of the Supremacy Clause of the United States Constitution." *Washington v. Washington State Com. Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 695, *modified sub nom. Washington v. United States*, 444 U.S. 816 (1979). Actions "essential to enforce" a federal court's remedial scheme likewise defeat contrary state law. *Hook v. Arizona Dep't of Corr.*, 107 F.3d 1397, 1402 (9th Cir. 1997), *as amended* (Apr. 22, 1997). That state courts must obey federal law as the supreme law, including the orders of federal courts, is beyond question.

In the present matter, the state courts of Marion County took apparent notice of this Court's September 1, 2022 order and sought specifically to thwart it. ECF 360. State courts in Marion County—represented by counsel as amici in this matter—specifically chose not only to

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIS COURT'S ORDERS
AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 12

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR 97205
(503) 243-2081

disregard but to impair the operation of this Court's injunction. This Court has clearly conveyed its sense that the Supremacy Clause controls this matter. This Court has given the state courts months to come into compliance. This Court has allowed the state courts to participate in extensive mediation, to give the state courts and other amici an opportunity to find a compromise that would address their concerns while allowing this Court to follow through in effecting its judgment. In response, the state courts have continued to disregard the federal court order and refused every off-ramp that this Court has offered to avoid the collision of federal and state laws. They have instead defied this Court and dared the Court to assert itself. The Court, having attempted every alternative, must do so.

### III.    CONCLUSION

Consistent with both last month's order and established federal jurisprudence, Plaintiffs respectfully ask this Court to use its broad equitable authority and apply the Supremacy Clause to enforce its order both limiting the length of restoration treatment of patients sent to the Oregon State Hospital and requiring timely transport once that restoration treatment deadline has been reached.

DATED August 10, 2023.

        LEVI MERRITHEW HORST PC

        /s *Jesse Merrithew*
        Jesse Merrithew OSB # 074564
        jesse@lmhlegal.com
        610 SW Alder Street, Suite 415
        Portland, Oregon 97205
        Telephone: (971) 229-1241
        Facsimile: (971) 544-7092

PLAINTIFFS' MOTION TO COMPEL        Disability Rights Oregon
COMPLIANCE WITH THIS COURT'S ORDERS        511 SW 10th Avenue, Suite 200
AND DETERMINE SUPREMACY CLAUSE ISSUE        Portland, OR 97205
Page 13        (503) 243-2081

*Counsel for Plaintiffs Metropolitan Public Defender, Jarrod Bowman, and Joshawn Douglas-Simpson*

DISABILITY RIGHTS OREGON

/s/ *Thomas Stenson*
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Tel:   (503) 243 2081
FAX:  (503) 243 1738

*Counsel for Plaintiff Disability Rights Oregon*

PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S ORDERS AND DETERMINE SUPREMACY CLAUSE ISSUE
Page 14

Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, OR 97205
(503) 243-2081