BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
SARAH MONKTON, Bar No. 196018
sarah.monkton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street, Suite 400
Bend, Oregon 97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Amici Curiae Washington County
District Attorney, Clackamas County District Attorney,
and Marion County District Attorney*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, | Case No.:  3:02-cv-00339-MO (Lead Case)<br>Case No.:  3:21-cv-01637-MO (Member Case)<br>Case No.:  6:22-cv-01460-MO (Member Case) |
| Plaintiffs, | |
| v. | **DECLARATION OF PAIGE E. CLARKSON** |
| DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital, | |
| Defendants. | |
| JARROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, | Case No.:  3:21-cv-01637-MO (Member Case) |
| Plaintiffs, | |
| v. | |
| DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, DAVID BADEN, Interim Director of the Oregon Health Authority, in his | |

Page 1 – **DECLARATION OF PAIGE E. CLARKSON**

individual and official capacity, and PATRICK
ALLEN in his individual capacity,

     Defendants.

LEGACY EMANUEL HOSPITAL       Case No.: 6:22-cv-01460-MO (Member Case)
HEALTH CENTER d/b/a UNITY CENTER
FOR BEHAVIORAL HEALTH; LEGACY
HEALTH SYSTEM; PEACEHEALTH; and
PROVIDENCE HEALTH & SERVICES
OREGON, and ST. CHARLES HEALTH
SYSTEM,

     Plaintiffs,

  v.

DAVID BADEN, in his official capacity as
Director of the Oregon Health Authority,

     Defendant.

  I, Paige E. Clarkson, declare as follows:

  I am currently the elected District Attorney for the County of Marion, State of Oregon.  I

have been a prosecutor in Marion County since my admission to practice law in 1999 and have

been the elected District Attorney since 2018.

  In August of 2022 I, along with the District Attorneys of Washington County and

Clackamas County, joined the above noted case as amici.

  It was my belief at the time, and continues to be my belief, that the litigation and related

federal orders have a direct impact on the public safety of our local communities and that we

have a direct interest in the Court being fully advised of these impacts.

  I, along with my fellow DA amici, have fully participated in mediation related to our

amicus role and I am aware of the resulting remedial order of Judge Mosman dated July 3, 2023.

  I am aware of Judicial Orders from Marion County Judges directing defendants'

treatment at the Oregon State Hospital for restoration services and prohibiting transportation of said defendants back to the Marion County Jail absent a subsequent specific judicial order allowing transport.

These Judicial Orders are made by Marion County Judges and bind the Marion County Sheriff.  My office does not issue those orders.

My office is not involved in the transportation of defendants to or from the Oregon State Hospital.

As amici and through my counsel, Billy Williams, I have repeatedly stated that the transportation issue is not one of District Attorney concern.

I have never refused to participate in mediation related to the Federal Court's remedial order nor do I ever recall referring to it as "futile" or "fruitless".  *See* Plaintiff's Motion to Compel Compliance with this Court's Orders and Determine Supremacy Clause p.3 & p. 5 and Declaration of Thomas Stenson p. 4.

I have never had a conversation with Mr. Thomas Stenson, nor can I confirm that he has been present for any hybrid mediation sessions or recent virtual post-mediation meetings of which I have been a part.  I have no recollection of ever meeting him.

I have specifically agreed to mediation through my counsel who communicated that agreement to the relevant parties in written form.

I participated in a post-mediation *Teams* meeting on August 3, 2023. To my recollection, at that meeting was Emily Cooper for DRO, Dr. Pinals, Counsel for OHA/DOJ, representatives from the Governor's Office, my fellow amici and our counsel.  No representatives from amici Judges or amici Counties were present.  Due to scheduling constraints, they met in a separate meeting the following week.

At the time of that August 3, 2023 meeting, the topic of "seven"[1] Marion County Defendants still at OSH past their OHA-determined End of Jurisdiction was discussed. I explained the status of most all of them. Of those individuals, the following was accurate as to their status at that time:

- Two defendants had already been released to community restoration services once safe and appropriate placements had been located by Marion County Partners.[2]

- One defendant was pending transportation to a different county due to pending charges.

- One defendant was pending a Community Restoration consultation initiated by defense counsel.[3]

- Two defendants were pending "safety valve"[4] petitions filed by my office but had yet to be ruled on by the Court. Dr. Pinals agreed that the hospital would likely agree to those remaining for restoration services.

- The final singular defendant had committed sexual offenses but was not eligible for the safety valve extension. However, the victims included group home residents and staff, so the defendant is extremely difficult to place safely and responsibly. Group homes are understandably reluctant to accept this individual.

I further explained to meeting participants that I know how hard Marion County works to place these people safely and responsibly and that everyone was doing our level best in light of the OSH rule changes and the transition period triggered by the remedial order.

It is my belief that, regardless of any transportation orders, Marion County does an exceptional job responding to these changes in OSH policies.

---

[1] "Seven" individuals were mentioned during this meeting despite that number having already been reduced to 5 due to the work of Marion County partners in finding safe and appropriate placement outside of the Oregon State Hospital.

[2] This is a time-consuming, resource-heavy endeavor utilizing the collaboration of many county partners. Marion County invests many man-hours and significant expertise to responsibly place these individuals. Placements balance the non-therapeutic environment of the jail with the fact that neither the public nor the defendant themselves can be safe if the individual is simply released to the street.

[3] Such a consult includes attempts to locate a proper residence and creating a treatment plan using only scarce and taxed local resources.

[4] "Safety Valve" is the colloquial term for a DA Petition seeking extension of OSH time for restoration when the defendant has committed a violent felony, is a safety risk to the victim or the community if discharged, and a likelihood to regain fitness to proceed exists. *See* Remedial Order June 2023 5(d).

Page 4 – **DECLARATION OF PAIGE E. CLARKSON**

It is my belief that Marion County works in the best interest of the defendant and in the best interests of victims and public safety when trying to find placements for patients coming out of the Oregon State Hospital who are still unhealthy and unrestored.

Given the above status of the "seven" Marion County defendants, I further stated in substance at that August 3, 2023 meeting that mediation would likely soon be moot as the Marion County issues were being quickly and responsibly resolved and that chasing a metric would not safely solve these complex problems.

I communicated at the August 3, 2023 meeting that the Marion County judicial orders were not documents that I could change, nor did I have the authority to tell Marion County Judges how their orders should read.

At the August 3, 2023 meeting I was asked by Emily Cooper (DRO) and Carla Scott (DOJ) to file motions with Marion County judges to change the transport orders. I declined to do so.

I communicated at the August 3, 2023 meeting that if the parties to the mediation were only to be the DA and Defense Counsel in the underlying state criminal case, then we were unlikely to be able to resolve the matter. It is my belief that the transportation is, always has been, and will continue to be, one for the Judges who issue the orders and the Counties[5] who must carry out the orders to resolve. The DAs have not been involved in that portion of the litigation.

///

///

///

---

[5] The Counties employ the Sheriff who is charged with transport of individuals between jail and OSH.

Page 5 – **DECLARATION OF PAIGE E. CLARKSON**
13914.00001\41566303.2

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed:   August 16, 2023

By: _____
PAIGE E. CLARKSON, Bar No. 992430
Marion County District Attorney