Keith M. Garza, OSB No. 940773
Law Office of Keith M. Garza
P.O. Box 68106
Oak Grove, Oregon 97268
(503) 344-4766
keithgarza@comcast.net

Attorney for *Amici* Judges Matthew
Donohue, Jonathan Hill, Kathleen
Proctor, and Nan Waller

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABLED RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, <br><br> Plaintiffs, <br> v. <br><br> DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital, <br><br> Defendants. | Case No. 3:02-cv-00339-MO (Lead Case) <br> Case No. 3:21-cv-01637-MO (Member Case) <br> Case No. 6:22-cv-01460-MO (Member Case) <br><br><br> *AMICI* JUDGES' BRIEF RE PLAINTIFFS' MOTION TO COMPEL COMPLIANCE |
| JAROD BOWMAN and JOSHAWN DOUGLAS-SIMPSON, <br><br> Plaintiffs, <br> v. <br><br> DOLORES MATTEUCII, Superintendent | Case No. 3:21-cv-01637-MO (Member Case) |

Page 1 – *AMICI* JUDGES' BRIEF RE PLAINTIFFS' MOTION TO COMPEL COMPLIANCE

| | |
|---|---|
| of the Oregon State Hospital, in her official capacity, and DAVID BADEN, Interim Director of the Oregon Health Authority, in his official capacity, and PATRICK ALLEN, in his individual capacity, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON, and ST. CHARLES HEALTH SYSTEM, | ) ) ) ) ) ) ) ) ) Case No. 6:22-cv-01460-MO (Member Case) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DAVID BADEN, in his official capacity as Director of Oregon Health Authority, | ) ) ) |
| Defendant. | ) ) |

## I.   INTRODUCTION

With no stated objection from defendants, plaintiffs ask the Court to enter what would be remarkably broad injunctive relief purporting to extend federal jurisdiction well beyond the parties and prospectively over any person or entity having notice of the order. (Dkt. 425-1 ¶ 5.) It remains, however, that the legal issues plaintiffs' sweeping proposed form of order would engender (which are many and significant), as well as the almost certain expansion of the litigation that would ensue, all could be avoided depending on how the Court answers the predicate question it asked more than four months ago: "whether the least restrictive means

Page 2 – *AMICI* JUDGES' BRIEF RE PLAINTIFFS' MOTION TO COMPEL COMPLIANCE

Law Office of Keith M. Garza
P.O. Box 68016
Oak Grove, OR  97268
(503) 344-4766 (phone) / (503) 344-4767 (fax)

requirement obliges the parties to seek state court relief for state court orders before turning to federal court[?]" (Dkt. 368.)

*Amici* state court judges, consistently with their prior submissions (*see* Dkts. 365, 385) again submit that the answer to the Court's question is "yes." The better course—as it respects federal-state relations, prudential and practical matters, and the due process rights of those involved in the state court proceedings—would be to direct the parties to first ask Oregon's appellate courts to determine whether particular state court orders comply with the Court's amended remedial order.

## II.     BRIEF DISCUSSION

As noted above, *amici* judges have briefed this issue before.[1] They respectfully refer the Court to those prior submissions.

Added to that analysis, for their part and in response to the Court raising the issue on March 31, 2023, counsel for defendants argued that,

> "[b]ut with respect to the obligation to pursue state court remedies, I would just point out that neither the hospital or plaintiffs are parties to these nontransport orders, so I don't believe that there is a vehicle to appeal those order by either of the parties in the [Mink] Bowman cases."

---

[1]     Indeed, the judges first suggested the availability of state court remedies in their initial submission in support of intervention (Dkt. 274) regarding the Court's August 16, 2022, injunction against state court contempt proceedings (Dkt. 256). There, they noted that the Oregon Court of Appeals in one of the matters that seemed to figure prominently in the Court's August 16 order—*In re A.J.G.*—had acted quickly in ordering not only a stay of proceedings but also monitoring of the case. (*See* Dkts. 274 at 22 n. 5, and at 10, and 274-2.) Since then, the Court of Appeals in the related proceeding against OHA has reversed the contempt order entirely. *Matter of Oregon Health Authority*, 327 Or. App. 1, ___ P.3d ___ (2023).

Page 3 – *AMICI* JUDGES' BRIEF RE PLAINTIFFS' MOTION TO COMPEL COMPLIANCE

(Dkt. 372 at 26-27.) That may or may not be the case.

Again, one of the recommendations this Court ordered implemented on September 1, 2022 (Dkt. 271 ¶ (1)) and did so again on July 3, 2023 (Dkt. 416 ¶ I), was Dr. Pinals' directive that "DOJ will continue evaluating cases on a state-wide basis *for direct legal intervention* on behalf of OSH where they determine that SB 295 is not being followed by state courts or CMHPs." (Dkt. 262-2 at 25 ¶ 1.B.9.b.) Despite there being no authority of which the judges are aware that specifically authorizes any intervention practice in state criminal proceedings (let alone for the unusual purpose of permitting a non-party offer to its opinion that a particular judge is failing to comply with statutory directives), defendants' July 3, 2023 Report to Neutral Expert indicates that "DOJ filed motions to intervene in 40 cases, *22 of which were granted*, 10 denied and one is pending." https://www.oregon.gov/oha/OSH/reports/Mink-Bowman-0339-PLD-2023.07.03.pdf (emphasis added; last accessed 8/14/23).

Given the above considerations, that is a remarkable rate of success and shows the lengths to which many state court judges will go to ensure, to the extent they are able, that their decisions are correct. It would seem, then, although not without all doubt, that defendants' footing (standing) to seek intervention to assert that a particular state court order is having the asserted effect of actually impeding OSH's and/or OHA's ability to comply with a federal court remedial order would be even stronger. *Cf. Couey v. Atkins*, 357 Or. 460, 488, 521, 355 P.3d 866 (2015) (reaffirming that "federal law regarding justiciability [cannot be imported] into our analysis of the Oregon Constitution" and holding that "justiciability doctrines as mootness and standing are not implicit in [the exercise of state 'judicial power'] at least not in public action

Page 4 – *AMICI* JUDGES' BRIEF RE PLAINTIFFS' MOTION TO COMPEL COMPLIANCE

cases or those involving matters of public importance"). But, even if a particular trial judge were to deny intervention, that decision itself might be immediately appealable or reviewable (see below). *See also*, *e.g.*, *Estate J. Drury v. Fellows*, 244 Or. App. 475, 481, 260 P.3d 726 (2011) ("order denying a motion to intervene affects a substantial right of the intervenor") (internal quotations and citation omitted).[2]

All of that is to say is there appears to be a route by which, to take the exemplar order plaintiffs have appended to their motion as an example, OSH could put to the trial judge the question whether her directive that the "committing court may issue an order allowing transport upon receipt of a current progress report * * *" (Dkt. 426-1 at 2) contravenes this Court's amended remedial order.[3] If the answer from the trial court is, as it likely would seem to be, "yes," then OSH either could seek to appeal the ruling (which, frankly, could prove problematic under existing Oregon law) or, alternatively, seek relief under the Oregon Supreme Court's original jurisdiction in mandamus—a potentially more viable option. *See*, *e.g., State ex rel.*

---

[2]  That said, even if the motion happened to be brought before a judge who issued one of the 10 denials of a motion to intervene regarding SB 295, one easily could envision that same judge allowing intervention when the request is (1) founded upon a question of compliance with a federal court order that would also (2) provide a platform for permitting the Oregon Supreme Court to determine the validity of the trial court ruling, if it so chooses.

[3]  That question—"what obligation OSH has to meet judges requests for pre-discharge progress reports"—also is one for which the Court solicited briefing in its April 3 minute order. (Dkt. 368.) Although the answer going forward may have been mooted by the mediation this Court ordered earlier this year (*see* Mediation Final Term Sheet ¶ 1, providing for updated clinical notes or a continuing care discharge plan from OSH, as appropriate, before any discharge (https://www.oregon.gov/oha/OSH/reports/Mink-Final-Term-Sheet.pdf (last accessed 8/14/23)) it remains at issue for orders such as the one plaintiffs' submitted together with their motion.

Page 5 – *AMICI* JUDGES' BRIEF RE PLAINTIFFS' MOTION TO COMPEL COMPLIANCE

*Kristof v. Fagan*, 369 Or. 261, 279, 504 P.3d 1163 (2022) ("In the context of writs of mandamus directed to public officials, we have stated that a writ of mandamus can be used 'to compel the execution, by a public officer, of a duty prescribed by law * * * '") (citation omitted).

Although the questions surrounding enforcement and "non-transport" orders have been open and unresolved for many months, the parties for whatever reason have not even attempted to close them by seeking to put the questions before any Oregon appellate court. This Court should require them to do so, the unfortunate delay notwithstanding. Doing so might relieve the Court from the obligation to decide the matters and, at the same time, would provide an opportunity for the least restrictive means to enforce the Court's amended remedial order. However, even if the Court should decide that some affirmative federal action is warranted at this point—and the judges would suggest that, in that case, it be something well short of what is contained in plaintiffs' proposed form of order—the Court nevertheless should direct OSH, and perhaps one or both plaintiffs as well, to concurrently also seek relief regarding particular state court orders in state court.[4]

As final matters, the judges renew their objection (Dkt. 365 at 8) to plaintiffs' request in the proposed form of order (at ¶ 2) for the Court to take judicial notice, as the matters are inappropriate for such consideration; see no need for the Court to essentially restate that which

---

[4] The Oregon Supreme Court generally endeavors to decide mandamus matters quickly, *see*, *e.g.*, *State ex rel. Sajo v. Paulus*, 297 Or. 646, 649, 688 P.2d 367 (1984) (assessing whether ordinary remedy "can be expedited as readily as can the proceeding in mandamus") and, if successful, might obviate the need for the Court to conclude what likely would be involved federal court enforcement proceedings.

Page 6 – *AMICI* JUDGES' BRIEF RE PLAINTIFFS' MOTION TO COMPEL COMPLIANCE

the Supremacy Clause provides (¶¶ 3-4); and concur with the response, also filed today, by *amicus* Marion County.

### III.    CONCLUSION

Particularly now with the amendments to the September 1 order the Court adopted in July, there undoubtedly will be additional questions concerning the compatibility of state court decisions with the amended remedial order. Some will be straightforward; others might not be. (For example, for a committed defendant with multiple pending cases who "times out" under the federal limits in one case, is the judge responsible for that case entitled to order OSH to copy the court on future evaluations ostensibly made in the "other" case? Or would that, to use plaintiffs' terms, "impair the faithful execution of this Court's orders[?]") For those that do not resolve for whatever reason (inside, outside, around the mediation process) asking state courts to make the initial decision not only will likely conserve this Court's resources but also permit notice and an opportunity for the represented defendant/patient to be heard on matters that most fundamentally affect his or her liberty interests.

The judges thank this Court for its consideration.

DATED:       August 17, 2023.

_____/s/ Keith M. Garza_____
Keith M. Garza, OSB No. 940773

Law Office of Keith M. Garza
P.O. Box 68106
Oak Grove, Oregon  97268
(503) 344-4766
keithgarza@comcast.net

Attorney for *Amici* Judges

Page 7 – *AMICI* JUDGES' BRIEF RE PLAINTIFFS' MOTION TO COMPEL COMPLIANCE