BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
SARAH MONKTON, Bar No. 196018
sarah.monkton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street, Suite 400
Bend, Oregon  97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Amici Curiae Washington County
District Attorney, Clackamas County District Attorney,
and Marion County District Attorney*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital, <br><br> Defendants. | Case No.: 3:02-cv-00339-MO (Lead Case) <br> Case No.: 3:21-cv-01637-MO (Member Case) <br><br> **RESPONSE TO DEFENDANTS' PETITION FOR EXPEDITED RULING ON SUPREMACY CLAUSE** |
| JARROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON, <br><br> Plaintiffs, <br><br> v. <br><br> DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, DAVID BADEN, | Case No.: 3:21-cv-01637-MO (Member Case) |

Page 1 – **RESPONSE TO DEFENDANTS' PETITION FOR EXPEDITED RULING ON SUPREMACY CLAUSE**
13914.00001\41683279.1

Director of the Oregon Health Authority, in his individual and official capacity, and PATRICK ALLEN in his individual capacity,

        Defendants.

## I. INTRODUCTION

The underlying question of defendants' petition is whether the decision of the Oregon State Hospital (OSH) to deny admission of a Marion County defendant charged with escape from OSH in 2020 is supported by the language of Section III.c of this Court's Order. As noted, the order provides that: "For purposes of this order, restoration across multiple charges shall be consolidated and contiguous consecutive periods of restoration should be eliminated unless there are new charges incurred after an initial period of restoration has ended." Differing views on the question did not resolve during mediation. Simply put, amici understands that the Court will determine whether the Supremacy Clause precludes admission to OSH for a separate offense committed in a separate county during a prior commitment from another county for separate crimes. The question presented and the underlying facts highlight a challenging and common reality for prosecutors, defense counsel, and Oregon courts.

## II. DISCUSSION

The facts underlying this question are emblematic of a host of challenges presented on a frequent basis. Added to the dilemma is the fact that the mental health system in Oregon is in crisis. Governmental entities charged with the responsibility to address public safety, rights of the accused, ensuring victims' rights, and to judiciously utilize an overwhelmed mental health system resources effectively, are doing their best to comply with their responsibilities and this

Court's orders. And none of this will change until the state of Oregon fixes the mess created over time.

Specific facts of the Marion County case underlying the question presented to the Court have been set out in defendants' pleadings. The alleged escape occurred in August of 2020, during a prior OSH commitment in July of 2020 from Lane County for criminal conduct, and a question of the defendant's fitness to proceed. The lag time in effectuating the arrest, indictment, judicial proceedings, and the commitment of the individual in question is not uncommon. Delays in receiving reports, caseloads for law enforcement and district attorneys are a reality for criminal matters occurring at OSH. Notably, this was all occurring during the Covid pandemic with limited ability to convene grand juries and various restrictions imposed by Oregon courts. But criminal activity continued, and everyone was doing their best to deal with the challenges.

Amici district attorneys understand that it is up to this Court to determine whether the Marion County Circuit Court incorrectly, with the support of the Marion County District Attorney's Office, determined that this defendant was eligible for commitment under the language of its order. The Court must determine whether a new period of restoration for a separate crime committed in a separate county, and under the circumstances described, is permitted in this instance.

### III.   CONCLUSION

As we move forward, there will be ongoing multi-jurisdictional episodes of similar factual and legal scenarios. We will all benefit from clarification on the language of this Court's order to assist in our collective efforts to comply with the Court's order. In reality, this matter presents a pivot opportunity for the parties and amici. Once the Court's ruling is known, then we just move forward.

Page 3 – **RESPONSE TO DEFENDANTS' PETITION FOR EXPEDITED RULING ON SUPREMACY CLAUSE**
13914.00001\41683279.1

As part of the mediation agreement, amici district attorneys committed to submitting information to Dr. Pinals, OSH, and OHA that relates to efficacy of the Court's orders, to include unintended negative consequences. We are in the process of compiling the relevant information. It is hoped that this process leads to further progress on compliance, and improvements to public safety, rights of the accursed, victims impacted by criminal acts and the criminal justice system, and improved services for people impacted by this mental health crisis.

Amici district attorneys thanks the Court for its consideration.

Dated:   September 29, 2023					BEST BEST & KRIEGER LLP

Respectfully submitted,

By: *s/ Billy J. Williams*
BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
SARAH MONKTON, Bar No. 196018
sarah.monkton@bbklaw.com

Attorneys for Amicus Curiae
Washington County District Attorney,
Clackamas County District Attorney, and
Marion County District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2023, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Oregon via the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

BEST BEST & KRIEGER LLP

*s/ Billy Williams*
BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com

*Of Attorneys for Amici Curiae*