IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON et al.,** <br><br> Plaintiffs, <br> v. <br><br> **DAVID BADEN et al.,** <br><br> Defendants. | No. 3:02-cv-00339-MO (Lead Case) <br> No. 3:21-cv-01637-MO (Member Case) <br><br> **OPINION AND ORDER** |
| **JAROD BOWMAN et al.,** <br><br> Plaintiffs, <br> v. <br><br> **DOLORES MATTEUCCI et al.,** <br><br> Defendants. | No. 3:21-cv-01637-MO (Member Case) |

**MOSMAN, J.,**

This matter comes before me on Defendants' Petition for Expedited Ruling on Supremacy Clause [ECF 448]. Amici filed a response [ECF 451]. The Parties mediated the issue with Judge Beckerman but failed to reach a resolution [ECF 450].

Defendants ask that I clarify the meaning of "consecutive periods of restoration" under Section III.c of my Second Amended Order to Implement Neutral Expert's Recommendations [ECF 416]. I agree with Defendants that, under my Order, a person who is discharged from Oregon State Hospital ("OSH") cannot be recommitted to OSH unless the person is charged with new crimes committed after discharge.

1 – OPINION AND ORDER

# FACTUAL BACKGROUND[1]

In July 2020, the criminal defendant at issue was committed to OSH for crimes committed in Lane County. In August 2020, he escaped from OSH. In September 2021, the defendant was charged in Lane County for different crimes. And in October 2021, the defendant was charged, and a warrant was issued, in Marion County for his August 2020 escape from OSH. Soon after, the defendant was arrested on the Lane County charge.

In November 2021, Lane County Circuit Court found the defendant unfit to proceed and he was admitted to OSH. Under my order, the maximum restoration period for defendants charged with misdemeanors is 90 days. The maximum restoration period for defendants charged with felonies is six months. But if the felony is listed in ORS 137.700(2), then the maximum restoration period is one year. In January 2023, OSH discharged the defendant because he had been committed for 14 months, exceeding my Order's limit on the duration of commitment for restoration.

Later that month, the defendant was arrested on a Marion County warrant for the October 2021 escape charge. In July 2023, Marion County Circuit Court found the defendant unfit to proceed and ordered that OSH admit the defendant for restoration. OSH informed the parties to the criminal case that the defendant was not eligible for admission to OSH under my Order because the defendant was charged in Marion County before he was admitted to OSH on the Lane County charge, and thus the Marion County charge is not a new charge incurred after an initial period of restoration has ended.

On September 14, 2023, Marion County District Attorney's Office filed a memorandum with Marion County Circuit Court, stating: "At this time, the Oregon State Hospital through its attorneys has determined that Defendant is not eligible for admission. At this time we ask the Court

---

[1] The Parties agree on the facts. The facts are taken from Defendants' Petition.

2 – OPINION AND ORDER

to determine whether that is correct." Decl. of Craig Johnson [ECF 449], Ex. 2 at 2. On September 15, 2023, Marion County Circuit Court issued an order stating:

> Court has reviewed the Second Amended Order by Hon. Judge Mosman, and per this Courts review does not find that this admission would be contiguous or consecutive given the 7-month break between the Lane County and Marion County orders. . . . Defendant has statutory and constitutional rights to be restored at Oregon State Hospital. . . . IT IS HEREBY ORDERED AND ADJUDGED: Oregon State Hospital shall admit Defendant to their facility and follow the Order signed by Judge Broyles July 28, 2023.

Decl. of Craig Johnson, Ex. 4 at 2. Marion County Circuit Court also ordered OSH to show cause why it has not admitted the defendant. Decl. of Craig Johnson, Ex. 3.

As a result, Defendants ask that I clarify the meaning of Section III.c of my Order, which states: "For purposes of this order, restoration across multiple charges shall be consolidated and contiguous consecutive periods of restoration should be eliminated unless there are new charges incurred after an initial period of restoration has ended." Second Am. Order to Implement Neutral Expert's Recommendations at 4.

## DISCUSSION

The question presented centers on the meaning of a few lines of text in my earlier order. The answer can be found in the text itself. But it is also buttressed by the purpose of the order, and by its original intent—to which I have direct access.

The text in the order is clear that, once a person reaches the maximum duration of commitment for restoration and is discharged, that person does not get a subsequent, new commitment to OSH unless the person is charged with new crimes committed after discharge. And this reading of the text is supported by the context of the Second Amended Order, which seeks to prioritize the limited resources of OSH towards those defendants who have not yet had access to treatment.

3 – OPINION AND ORDER

I think this answer is both obvious from the text and necessary from the context. So how did we get here—again—with Marion County coming up with implausible workarounds and threatening well-meaning, overworked public health workers with the draconian punishment of contempt? Marion County says the answer lies in the fact that the defendant "has statutory and constitutional rights to be restored at [OSH]." Decl. of Craig Johnson, Ex. 4 at 2. True, as far as it goes. So, of course, does the defendant languishing in some other county's jail who cannot get into OSH because Marion County is demanding that its defendants take priority. Even when, as here, Marion County's defendant has had lengthy treatment—months beyond even the longest authorized period of treatment under my Order—and has reached the point where solid empirical evidence shows that the likely benefits of additional treatment are low.

It is not enough to simply engage in the ritual incantation of the words "constitutional rights," at least not in this context. We live in the real world, constrained by factors beyond anyone's control, and trying to implement a system that maximizes benefits to the most people at a time when they can most benefit from it. These problems do not just go away because we do not like them.

Marion County is a little like someone showing up to a delivery truck where they are handing out free loaves of bread to people in need. When he first arrives, it looks like everyone will get a loaf to themselves. But then unexpectedly, a lot more people show up, and so now the loaves will need to be divided to feed everyone. But Marion County insists that it get its whole loaf, regardless of what that means to others.

Many people involved in this system have come together and made significant sacrifices to make it work. These are serious-minded people passionate about their client's interests. Yet they

4 – OPINION AND ORDER

have sought the greater good, and it has led to some success. They include representatives from almost every other county in Oregon.

It would be nice if Marion County would join them.

IT IS SO ORDERED.

DATED this 17th day of October, 2023.

                                           /s/ Michael W. Mosman
                                           MICHAEL W. MOSMAN
                                           Senior United States District Judge

5 – OPINION AND ORDER