BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
SARAH MONKTON, Bar No. 196018
sarah.monkton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street, Suite 400
Bend, Oregon  97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Amici Curiae Washington County District Attorney, Clackamas County District Attorney, and Marion County District Attorney*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants. | Case No.:  3:02-cv-00339-MO (Lead Case)<br>Case No.:  3:21-cv-01637-MO (Member Case)<br><br>**RESPONSE TO DEFENDANTS' PETITION FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE** |
| JARROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>DOLORES MATTEUCCI, Superintendent of | Case No.:  3:21-cv-01637-MO (Member Case) |

Page 1 – **RESPONSE TO DEFENDANTS' PETITION FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE**
13914.00001\42040389.5

the Oregon State Hospital, in her individual
and official capacity, DAVID BADEN,
Director of the Oregon Health Authority, in his
individual and official capacity, and PATRICK
ALLEN in his individual capacity,

           Defendants.

## I.    INTRODUCTION

Defendants seek this Court's assistance in resolving a Supremacy Clause issue over an order issued on February 9, 2024 following a hearing before Marion County Judge Audrey Broyles for the defendant to be transported to the Oregon State Hospital (OSH) for weekly outpatient restoration services [ECF 460]. Defendants allege that Judge Broyles' order conflicts with this Court's September 2022 Order, as amended by the Court's July 3, 2023 Second Amended Order [ECF 416]. Counsel for Defendants asserts that the Marion County District Attorney did not seek extension of the defendant's length of restoration through avenues established by this Court's order [ECF 461]. Following the February 9, 2024 hearing, additional information is being sought for review by the Marion County District Attorney's Office to determine whether there is a sufficient legal basis to seek new and more serious charges.

Judge Stacie Beckerman engaged in mediation efforts with counsel for the parties, amici Marion County District Attorney, and counsel for the victims in the underlying case. As noted, mediation was unsuccessful.

## II.    DISCUSSION

Important for the Court's understanding of the facts alleged in Defendant's petition and the declaration of Mr. Johnson is that the Marion County District Attorney's Office did not request the action taken by Judge Broyles [ECF 461]. In fact, the Deputy District Attorney

Page 2 – **RESPONSE TO DEFENDANTS' PETITION FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE**
13914.00001\42040389.5

appearing on this matter asked Judge Broyles to release the defendant to community restoration with a GPS monitor, and a request for a treatment bed with the Marion County Psychiatric Crisis Center. [ECF 462] As detailed in the declaration of Marion County District Attorney Paige E. Clarkson, based upon the evidence presented at the time of indictment, the case does not qualify for safety valve exception. As noted, statements made during the February 9, 2024 hearing concerning the victims' injuries are being investigated. Records have been subpoenaed to determine if sufficient evidence provides the legal basis to return to the grand jury for consideration of new charges.

As it stands, the case was not eligible to petition the court for the safety valve exception.

Importantly, under a prior order of this Court, the matter would not be eligible even if more serious charges are brought by the grand jury. (Opinion and Order, October 17, 2023) [ECF 452]. Even if additional evidence related to the seriousness and prolonged nature of the injuries suffered provides the basis for seeking re-indictment of the defendant, it does not appear that the defendant could be readmitted to OSH after being discharged. [ECF 452]. Under that order, once discharged, "that person does not get a subsequent, new commitment to OSH unless the person is charged with new crimes committed after discharge." [ECF 452] If we are incorrect in the interpretation of that order, we would re-evaluate a petition to do so.

To be clear, the Marion County District Attorney's Office was not behind the alternative crafted and ordered by Judge Broyles. Importantly, and as noted in Ms. Clarkson's declaration, following the evidence produced at the February 9, 2024 hearing, Judge Broyles requested the prosecutor to submit the form of the order. Specifically, Judge Broyles' directive to the Marion County Deputy District Attorney was to craft a "blank" order. The Deputy District Attorney did as the court directed as is common practice courtesy in Marion County. A Deputy District

Attorney doing as the court directed is nothing more than being respectful and prudent on their part as an officer of the court.

Aside from this Court's decision on Defendants' petition to compel a ruling on the Supremacy Clause issue, the underlying facts and circumstances of this matter present another opportunity for the stakeholders to reconvene in mediation with Judge Beckerman. Given the collaboration that led to the Court's Second Amended Order [ECF 416], it would helpful to determine whether there could be an agreement to recommend modifications to the Court that would provide solutions that do not impact compliance with the Court's orders.  Before doing so, the parties and amici would need to discuss the prospect of further mediation and have specific goals in mind to make progress.  Consistent with the monthly meetings occurring with Dr. Pinals, the parties, amici, and various other stakeholders, the issue of identifiable unintended consequences, the ongoing compliance data updates, and other issues relevant to compliance with the Court's orders provides an opportunity to address the ongoing challenges that we all find ourselves trying to address. Perhaps that could lead to additional amendments for the Court's consideration.

### III.    CONCLUSION

As evident in the transcript from the February 9, 2024 hearing, the Marion County District Attorney's Office did not request Judge Broyles to issue the order for transporting the defendant in the matter for outpatient treatment at OSH.  That was the order articulated by the court in based upon her conclusions following the testimony and evidence presented during the hearing.  Compliance with Judge Broyles' request for the assigned Deputy District Attorney to prepare a blank order should not be construed as anything other than following the judge's directive.

As it stands, seeking the safety valve exception was not sought because of the evidence known at the time of indictment. Deciding to petition a court for this exception must be based upon the facts, the law, and this Court's Amended Second Order permitting the exception. That is why the Marion County District Attorney did not file a petition for the exception. As noted above, even if new charges are the outcome of the ongoing investigation, the defendant could not be readmitted to OSH because the crimes were not committed after the most recent discharge.

Dated:  February 21, 2024

Respectfully Submitted,

BEST BEST & KRIEGER LLP

By: *s/ Billy J. Williams*
BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
SARAH MONKTON, Bar No. 196018
sarah.monkton@bbklaw.com

Attorneys for Amicus Curiae
Washington County District Attorney,
Clackamas County District Attorney, and
Marion County District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Oregon via the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

BEST BEST & KRIEGER LLP

*s/ Billy Williams*
BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com

*Of Attorneys for Amici Curiae*