BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com
JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
SARAH MONKTON, Bar No. 196018
sarah.monkton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street, Suite 400
Bend, Oregon 97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Amici Curiae Washington County
District Attorney, Clackamas County District Attorney,
and Marion County District Attorney*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants. | Case No.:  3:02-cv-00339-MO (Lead Case)<br>Case No.:  3:21-cv-01637-MO (Member Case)<br><br>**DECLARATION OF PAIGE E. CLARKSON** |
| JARROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual | Case No.:  3:21-cv-01637-MO (Member Case) |

Page 1 – **DECLARATION OF PAIGE E. CLARKSON**
13914.00001\42036968.2

and official capacity, DAVID BADEN, Interim Director of the Oregon Health Authority, in his individual and official capacity, and PATRICK ALLEN in his individual capacity,

     Defendants.

I, Paige E. Clarkson, declare as follows:

I am the District Attorney for Marion County, Oregon. I have been a prosecutor in the Marion County District Attorney's Office since 1999 and the Elected District Attorney since 2018.

I have personally handled all manner of crimes under the Oregon Revised Statutes during that time, up to and including, Aggravated Murder.

Together with Clackamas County DA Wentworth and Washington County DA Barton, I am Amici in the above matter before this court.

I have personally participated in the discussions, negotiation, and mediation resulting in the Second Amended Order to Implement Neutral Expert's Recommendations, dated July 3, 2023 (Second Amended Order), that included some clarified evaluation timelines and the ability of district attorneys to request extensions to the length of time that a defendant may remain at the hospital for restoration in limited cases under specified circumstances. This is often colloquially referred to as the "safety valve" exception.

The Second Amended Order allows the District Attorney to seek the safety valve extension when the crime charged is a "violent felony" under Oregon Revised Statute 135.140(5). ORS 135.140 (5) clearly defines "violent felony" as "a felony offense in which there was actual or threatened *serious* physical injury to the victim, or a felony sexual offense. (emphasis added)

The defendant, Charly Josh Velasquez-Sanchez, in Marion County Circuit Court No. 23CR2843, is charged with Felony Assault 4 in which he is alleged to have caused *physical injury* to the named victims. It is a felony due to the aggravated facts of occurring in front of children on

an elementary school playground. As such, and on its face, this charge does not meet the legal standard required to request a safety valve exception under the Second Amended Order. For that reason, we have not filed a request for a safety valve extension as we have not thus far had a good faith basis in fact nor in law to do so.

Therefore, this is *not* considered an avenue for extension "provided for in the Federal Court Order" in this matter despite DOJ claims to the contrary.[1]

My office has sought the safety valve exception in only 8 criminal matters since its inception. Those cases all met the statutory definition of "violent felony." Per the Second Amended Order, I must personally review and sign all such motions and have done so accordingly. I am therefore very much aware of this avenue for extension.

I am also aware of the hearing on this matter that occurred Friday February 9, 2024 before Judge Broyles and included statements from the named victims and their retained counsel.[2]

I have spoken in detail to Deputy District Attorney and Behavior Health Resource Prosecutor, Evelyn Centeno, who handled that hearing. I have also reviewed the transcript.

Despite agreeing with the court that it was not a safe option for the defendant nor victims or the community, my office, through Ms. Centeno, requested that the defendant be released to Community Restoration pursuant to the Second Amended Order and placed on an ankle monitor.[3]

Due to statements provided by the victim and counsel at the hearing, my office is inquiring further into whether additional charges may be appropriate for the defendant. At this time, we do

---

[1] See DOJ Petition for Expedited Ruling on Supremacy Clause Issue page 3, lines 2 & 3.
[2] A copy of the transcript is attached to the declaration at Carla Scott. We agree that is an accurate reflection of the hearing at issue. The hearing was a continuation of a hearing that began on February 2, 2024 also in front of Judge Broyles during which the victims objected to the release of the defendant. Judge Broyles set over the hearing for another week to give the victims an opportunity to be heard.
[3] See transcript page 5, lines 20-24 for the recommendation as recited by Ms. Centeno.

Page 3 – **DECLARATION OF PAIGE E. CLARKSON**
13914.00001\42036968.2

not have sufficient information to do so.

It is my legal assessment that due to the Oregon State Hospital's inability to restore the defendant to competency in the truncated time frame as ordered by the Court and per Dr. Pinal's recommendations, and the inappropriate placement of a mentally ill person at the Marion County Jail, coupled with the jail's inability to safely and effectively offer jail-based restoration, release to community restoration was the only available legal option at that time.

Neither myself, Ms. Centeno, nor anyone in my office was aware of Judge Broyles' contemplated alternative.

Hearing from all the parties, Judge Broyles crafted her own alternative in an attempt to balance the interests of public safety and appropriate treatment for the defendant.

The order was not crafted in substance by my office despite representations insinuating the contrary[4]. As is consistent with common practice in Marion County, we assist the court by routinely providing order templates. In this matter, Judge Broyles was clear *on the record* that she requested the State to submit only the *form* of the order and she would craft the details of her order.[5] We complied with that request.

Judge Broyles' order does not require that the Oregon State Hospital use bed space for this defendant, nor cover the cost of transportation to and from the hospital once per week. It merely requires that the hospital meet its obligation to provide restoration services when the defendant arrives.

Criminal charging decisions remain the sole discretion of the District Attorney. An increased charge to Assault 2 would allow for a potential Safety Valve exception in this matter.

---

[4] See DOJ Petition for Expedited Ruling on Supremacy Clause Issue page 3, lines 4 & 5.
[5] See transcript page 34, lines 9-14.

Page 4 – **DECLARATION OF PAIGE E. CLARKSON**
13914.00001\42036968.2

However, in my experience, charging anyone with a crime that must be proven beyond a reasonable doubt and further dictates a 70-month mandatory minimum prison sentence under Oregon law upon conviction, requires significant investigation, appropriate evidence, and thoughtful grand jury review, including testimony under oath.  This careful assessment is especially necessary  when dealing with a mentally ill defendant.  At this juncture and under the evidence currently available to us, it is my legal assessment that we cannot meet that burden for an increased charge of Assault 2 requiring proof beyond a reasonable doubt of serious physical injury and clear causation between the conduct of the defendant and the injury suffered by the victim(s).

I have therefore declined at this time to seek the safety valve exception with increase charges absent a legal basis to do so.  We continue to look into whether that may be appropriate in the future.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed:   February 21, 2024

By: _____
PAIGE E. CLARKSON, Bar No. 992430
Marion County District Attorney

Page 5 – **DECLARATION OF PAIGE E. CLARKSON**
13914.00001\42036968.2

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Oregon via the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

BEST BEST & KRIEGER LLP

*s/ Billy Williams*
BILLY J. WILLIAMS, Bar No. 901366
billy.williams@bbklaw.com

*Of Attorneys for Amici Curiae*