Keith M. Garza, OSB No. 940773
Law Office of Keith M. Garza
P.O. Box 68106
Oak Grove, Oregon  97268
(503) 344-4766
keithgarza@comcast.net

Attorney for *Amici* Judges Matthew Donohue, Jonathan Hill, and Nan Waller

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABLEITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>　　　　Defendants. | Case No. 3:02-cv-00339-MO (Lead Case)<br>Case No. 3:21-cv-01637-MO (Member Case)<br><br><br><br><br>*AMICI* JUDGES' RESPONSE TO PETITION FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE |
| JAROD BOWMAN and JOSHAWN DOUGLAS-SIMPSON,<br><br>　　　　Plaintiffs,<br>　　v. | Case No. 3:21-cv-01637-MO (Member Case) |

Page 1 – *AMICI* JUDGES' RESPONSE TO PEITITON FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE

| | |
|---|---|
| DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, and DAVID BADEN, Director of the Oregon Health Authority, in his official capacity, and PATRICK ALLEN, in his individual capacity, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## INTRODUCTION

Pursuant to Paragraph VII of this Court's Second Amended Order to Implement to Implement Neutral Expert's Recommendations (Second Amended Order) (Dkt. 416 at 7), *amici* state court judges respond as follows to OSH's February 15 petition for an expedited Supremacy Clause ruling (Dkt. 460).

## DISCUSSION

*Amici* judges take no position on the merits of OSH's petition.

That said, the underlying circumstances are all too familiar and unfortunately emblematic of the often difficult decisions Oregon trial judges have been required to make when attempting to balance—as state law requires them to do—the interests of defendants, victims, the public, and the justice system in the aid and assist context (*e.g*., ORS 161.370; ORS 135.239) while also complying with the Second Amended Order. Simply stated, by any measure other than throughput, the order is not working well. With the individual and systemic costs reaching a breaking point, and in light of the extension of the order through at least the end of 2024 and an apparent focus of the Oregon Legislative Assembly on the 2025 session, the judges ask this Court to once again refer the parties and *amici* to mediation with Judge Beckerman to determine

Page 2 – *AMICI* JUDGES' RESPONSE TO PEITITON FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE

if additional modifications (as with the violent felony and discharge planning extensions from before) could both lessen the impact of the order on all those involved and, at the same time, permit defendants to remain in compliance with their constitutional obligations while the order remains in effect.

Setting aside the daily experiences of judges across Oregon who effectively are unable to exercise meaningful discretion in many of their post-OSH discharge matters and are left merely to hope that unthinkable outcomes will not ensue, the *amici* judges ask the Court to consider the following considerations animating their request:

- Litigants do not appear to have abused either of the "safety valves" negotiated during the prior mediation (*see* Neutral Expert Eighth Report at 15 (noting only seven violent felony and 11 discharge planning extensions over three-month period)).

- As defendants acknowledge, OSH has become demonstrably less successful not only in its ability to restore defendants to competency (from 56.9% (2021 data) to only 39.4% (September 2022 through October 2023)) but to make any type of conclusive determination (2.7% reduction in never-able and 1.1% reduction in med-never-able findings) – today, more than half of OSH-admitted defendants (52.6%) are discharged prior to reaching a dischargeable finding (*see id*. at 15-16).[1]

---

[1] *See also id*. at 19 (noting Oregon Judicial Department comparisons of data from September 2021 through August 2022 and September 2022 through August 2023 showed that "[t]he number of defendants with commitment terminated without regaining fitness more than doubled (from 334 to 695)[.])"

Page 3 – *AMICI* JUDGES' RESPONSE TO PEITITON FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE

- Oregon Judicial Department data comparisons from the year before the Court's initial remedial order (September 2022) and the year thereafter revealed a marked increase in recidivism by discharged defendants: "The number of new felony cases filed within six months of a defendant's commitment being terminated increased 15%" while the number of new misdemeanor cases increased by **46%**.  (*See id*. at 19.)

- Or, as Dr. Pinals opined in mid-December:

"It appears that fewer people are being restored in the hospital, and people are silting up in the community restoration system [for which only a maddening few placements are available for justice-involved individuals in need of high levels of restorative care] from OSH.  This has put increasing strain on community systems, and raised concerns for judges, prosecutors and counties, albeit different types of concerns.  Although ***these are very significant issues***, in my opinion, more time is needed for the system to adjust, rebuild itself after the pandemic, and equilibrate to the Mosman order to understand whether these downstream effects can be improved."  (*Id*. at 22 (bracketed text and emphasis added).)

Two months later—with no visible movement toward equilibrium and downstream effects at flood stage, the judges believe that renewed mediation efforts not only are warranted but, as before, both necessary and likely to produce suggestions for additional amendments that

//

//

//

//

//

//

Page 4 – *AMICI* JUDGES' RESPONSE TO PEITITON FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE

will make the Court's continued exercise of active federal jurisdiction more effective in balancing individual needs, public safety, and victims' rights.

Respectfully submitted February 22, 2024.

           */s/ Keith M. Garza*
Keith M. Garza, OSB No. 940773

Law Office of Keith M. Garza
P.O. Box 68106
Oak Grove, Oregon  97268
(503) 344-4766
keithgarza@comcast.net

Attorney for *Amici* Judges