Emily Cooper OSB #182254
ecooper@droregon.org
Thomas Stenson OSB #152894
tstenson@droregon.org
**Disability Rights Oregon**
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

Jesse Merrithew OSB #074564
jesse@lmhlegal.com
**Levi Merrithew Horst PC**
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(971) 229-1241
*Counsel for Plaintiff, Metropolitan Public Defender*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>Defendants. | Case No. 3:02-cv-00339-MO (Lead Case)<br>Case No. 3:21-cv-01637-MO (Member Case)<br><br>PLAINTIFFS' RESPONSE TO PETITION FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE |

Page 1

| | |
|---|---|
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>        Plaintiffs,<br><br>        v.<br><br>DOLORES MATTEUCCI, Superintendent of the Oregon State Hospital, in her individual and official capacity, PATRICK ALLEN, Director of the Oregon Health Authority, in his individual and official capacity,<br><br>        Defendants. | Case No. 3:21-cv-01637-MO (Member Case) |

## PLAINTIFFS' RESPONSE TO PETITION FOR EXPEDITED RULING ON SUPREMACY CLAUSE ISSUE

The Court should promptly determine the Supremacy Clause issues in this matter. The Marion County Court's order violates the Supremacy Clause in several ways. With regards to federal law, "the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2. "The Supremacy Clause forbids state courts to dissociate themselves from federal law because of disagreement with its content or a refusal to recognize the superior authority of its source." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 382 n.12 (2012) "A State's authority to organize its courts, while considerable, remains subject to the strictures of the Constitution." *Haywood v. Drown*, 556 U.S. 729, 740–41 (2009). A federal court order is "a fully enforceable federal judgment that overrides any conflicting state law or state court order." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 861 n.20 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992).

Page 2

I. **The Marion County Court's Order Directly Violates the Fourteenth Amendment and the 2002 Permanent Injunction**

In addition to the Supremacy Clause issues involved in the violation of the July 2023 order, the Marion County Court's ruling violates the Fourteenth Amendment and the 2002 permanent injunction. The proposed disposition in the Velasquez-Sanchez matter, requiring him to lodge seven days a week at the Marion County Jail for an undefined time period with a once-a-week "outpatient" services at the Oregon State Hospital, would violate the Fourteenth Amendment and the 2002 permanent injunction. Mr. Velasquez-Sanchez is unable to aid and assist presently, yet he has been housed for more than a month at the Marion County Jail since his release from OSH. "There is no rationalization that passes constitutional muster for unreasonably detaining persons found unfit to proceed in county jails." *Oregon Advoc. Ctr. v. Mink*, No. CV 02-339-PA, 2002 WL 35578910, at *6 (D. Or. May 10, 2002). County jails provide "constitutionally inadequate" mental health care and placement there for "more than a brief period" causes delays in treatment. *Id.* The Court's order was plain that only "full admission of such persons into a state mental hospital or other treatment facility" would meet Oregon's constitutional burden. *Oregon Advoc. Ctr. v. Mink*, No. CV 02-339-PA, 2002 WL 35578888, at *1 (D. Or. May 15, 2002). The notion that a brief, once-a-week session meets the constitutional burden is defeated by the Court's explicit acknowledgement that only "full admission" to OSH suffices. The plain effect of the Marion County Court's order would be to defeat the underlying permanent injunction of this Court from 2002. The Marion County Court's order conflicts with the 2002 injunction of this Court.

## II. The Plain Text of the Marion County Order Would Also Violate the July 2023 Order of this Court

The Marion County Court's order plainly disregarded the July 2023 Order of this Court, engaging instead in an extensive vilification on the record of this Court, Dr. Pinals, and the Court's order when issuing her order. ECF 462, at 27-34. At no point did Judge Broyles acknowledge or mention that she had personally been invited to and did participate in mediation to address her concerns by this Court, nor that she had been permitted to participate in these proceedings as a friend of the court. ECF 462. In issuing its order, the Marion County Court made several overgeneralizations and stated outright falsehoods about this Court's order. For instance, the Marion County Court bizarrely stated that under the "Mosman edict," a state court with a defendant who has timed out from the state hospital has "two choices; put the person in community restoration or put them in jail." ECF 462, at 31-32. That statement is doubly false. Under Oregon law, a person who has timed out of the hospital and cannot be committed there further, but who remains unable to aid or assist, remains eligible for at least *four* possible dispositions, none of which is "put[ting] them in jail": community restoration, civil commitment, protective proceedings, or dismissal. ORS 161.370(2)(c); ORS 161.371(3)(c)(B) (a state court, when addressing a defendant unable to aid and assist released from the state hospital, shall "determine an appropriate action . . . as described in ORS 161.370(2)(c)").[1]

---

[1] Of those four alternatives to commitment, no evidence indicates that any were completely unavailable. ECF 462, at 5. A community placement was offered by the district attorney and rejected by the judge. While the judge claimed civil commitment is unavailable, ECF 462, at 33, the judge did not consider whether either the exceptional admission process to OSH is possible or if the detainee could be civilly committed to another setting. The judge did not consider protective proceedings and had previously rejected release. *Id.* at 5.

Page 4

Neither this Court's orders nor any Oregon statute offers any authority for putting people unable to aid and assist "in jail" indefinitely, with or without occasional legal training.

This Court's July 2023 order did not mandate any particular outcome in any case, except that it prohibited keeping a person in or returning a person to the state hospital for restoration purposes once certain timelines were reached.[2] The operative language in the order states: "OSH shall not admit patients except as provided for by the recommendations in the Neutral Expert's Reports or as otherwise provided by this Court." ECF 416.[3] No element of this Court's order nor the Neutral Expert's reports indicated that requiring a person unable to aid and assist to live in a jail cell and providing them restoration services once a week is an adequate or appropriate resolution.

The transcript does not evidence much concern about whether the Marion County order actually complies with the July 2023 order. The transcript vaguely states that the detainee would "not take up a bed [at OSH] which is the thing Judge Mosman is apparently concerned about. . . ." ECF 462, at 35. The Marion County Court then says that her order "satisfies both the issue about the Mosman order and worrying about a person in, person out that he is so concerned about. . . ." *Id.* at 36. But the Court's July 2023 order does not order OSH to maintain a certain number of beds or adopt a "person

---

[2] Prior briefing on Judge Broyles's behalf demonstrated understanding of the limited nature of this holding. ECF 385, at 3 (noting that the gist of the Court's order was that "OSH maximum commitment timelines are shorter than the maximum periods for restoration under ORS 161.371(5)").

[3] This Court's July 2023 order did not specifically address the partial or temporary admission of a patient to OSH, as contemplated by Marion County, simply because no such program of temporary admission existed at OSH, nor had one ever been contemplated by any party. The mediation process—in which Judge Broyles participated personally—did not yield any particular recommendation for such temporary admission nor carve out an exception for it.

Page 5

in, person out" policy. This Court's order does prohibit OSH from "admit[ting] patients" except as provided by Dr. Pinals' recommendations and the federal court's orders.

The Marion County Court's order specifies that "every Friday at 10 a.m." the detainee should be taken to OSH "where custody will transfer" from the Marion County Sheriff to OSH. ECF 471, at 5. The transfer of custody of a patient from one facility to another contemplates an effective "admission" of the patient to the hospital. A person seeking routine outpatient care at a dentist's office or other similar outpatient site is not "transferred into the custody" of the dentist. The "transfer of custody" language used by the Marion County Court clearly indicates a legal change of custodial status inconsistent with anything but admission to the hospital, albeit brief in duration. *Cf. Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1168 (9th Cir. 2002)(describing a patient being "transferred from the emergency room and admitted into the hospital for treatment"). The Marion County Court order is inconsistent with this Court's July 2023 order.

Dr. Pinals' reports—which form part of the basis of the July 2023 order—are also consistently negative with regard to jail-based restoration or placement of aid-and-assist patients in jail cells. ECF 416 ("OSH shall not admit patients except as provided for *by the recommendations in the Neutral Expert's Reports* or as otherwise provided by this Court.") (emphasis added). Dr. Pinals repeatedly expressed interest in her second, third, fourth, and fifth reports in outpatient restoration programs which were nonhospital-based programs contrasted with hospital-based restoration. *See, e.g.*, ECF 262-2, at 30 (discussing the prospect of outpatient restoration on "timeframes for restoration that are the same as those for people in hospitals"). Dr. Pinals' statements are unambiguous: "it

is clear that jails are not hospitals and cannot provide the same therapeutic type of environment as a hospital or a community care setting." ECF 313-1, at 20. Dr. Pinals specifically raised concerns about a "recent state court case ordering restoration in a jail setting, which raises significant concerns regarding the federal requirements of the Mink order as well as other potential risks for defendants unable to assist in their own defense." ECF 313-1 at 21. No one familiar with the recommendations of Dr. Pinals' reports could reasonably believe that her recommendations would be consistent with a placement order repeatedly and indefinitely alternating lengthy admission to a jail and brief admission to the hospital for the purposes of restoration.

The Marion County Court issued an order violating the plain language of the July 2023 order restricting placement of detainees at the state hospital, except under the terms described by Dr. Pinals' recommendations and other orders of the federal court. By compelling the transfer of custody of a jail detainee to OSH, the Marion County Court would violate the restrictions on admitting patients to OSH set out in the July 2023 order of this Court. No party or *amicus*—including the remaining state court judges—has sought to excuse, explain, or defend the Marion County Court's decision. ECF 470.

DATED March 4, 2024.

                              LEVI MERRITHEW HORST PC

                              /s *Jesse Merrithew*
                              Jesse Merrithew OSB # 074564
                              jesse@lmhlegal.com

610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

*Counsel for Plaintiffs Metropolitan Public Defender, Jarrod Bowman, and Joshawn Douglas-Simpson*

DISABILITY RIGHTS OREGON

/s *Emily Cooper*
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Tel:   (503) 243 2081
FAX:  (503) 243 1738

*Counsel for Plaintiff Disability Rights Oregon*