IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

---

**DISABILITY RIGHTS OREGON et al.**,

          Plaintiffs,

v.

**DAVID BADEN et al.**,

          Defendants.

No. 3:02-cv-00339-MO (Lead Case)
No. 3:21-cv-01637-MO (Member Case)

**OPINION AND ORDER**

---

**JAROD BOWMAN et al.**,

          Plaintiffs,

v.

**DOLORES MATTEUCCI et al.**,

          Defendants.

No. 3:21-cv-01637-MO (Member Case)

---

**MOSMAN, J.**,

This matter comes before me on Defendants' Petition for Expedited Ruling on Supremacy Clause [ECF 460]. Amici Clackamas County, Marion County, and Washington County district attorneys filed a response [ECF 468]. Amici judges also filed a response [ECF 470]. At issue is whether, under the Second Amended Order to Implement Neutral Expert's Recommendations (the "Order") [ECF 416], Marion County Circuit Court can order the Oregon State Hospital ("OSH") to provide outpatient treatment to a criminal defendant who was discharged from OSH after inpatient restoration services failed to restore him to competency. I find that the Marion County Circuit Court's order violates the Supremacy Clause.

1 – OPINION AND ORDER

## FACTUAL BACKGROUND[1]

On February 9, 2024, Marion County Circuit Court Judge Audrey Broyles ordered OSH to provide outpatient restoration services to a criminal defendant. Pet. for Expedited Ruling on Sup. Cl. at 2. The criminal defendant had received six months of restoration services at OSH—the maximum duration of restoration under the Order—but was not restored to competency. *Id.* After the criminal defendant hit the six-month limit, OSH discharged him to Marion County. *Id.*

Judge Broyles determined that the criminal defendant was a public safety risk and unable to engage in community restoration. *Id.* at 3. As a result, Judge Broyles ordered OSH to provide the criminal defendant weekly outpatient restoration services. *Id.*

Defendants now move for an expedited ruling, arguing that Judge Broyles's order violates the Supremacy Clause because the Order does not allow for outpatient treatment at OSH after a criminal defendant has reached the maximum duration of restoration. *Id.* Neither the amici counties nor the amici judges dispute the merits of Defendants' argument.

## DISCUSSION

I find that Judge Broyles's order violates the Supremacy Clause. The criminal defendant in question reached the maximum duration of restoration treatment by OSH under the Order. Judge Broyles ordered OSH to continue to provide the criminal defendant with restoration services, nonetheless. The fact that these services are ordered by Judge Broyles to be provided on an outpatient basis does not change the calculation. Indeed, if every county in Oregon adopted Judge Broyles's approach, there would be on one left at OSH to provide inpatient services. Because Judge Broyles's order requires OSH to provide the criminal defendant with restoration services

---

[1] The Parties agree on the facts. The facts are taken from Defendants' Petition.

that exceed the Order's maximum duration, it violates the Order. Accordingly, Judge Broyles's order violates the Supremacy Clause.

## CONCLUSION

For the foregoing reasons, Judge Broyles's order violates the Supremacy Clause.

IT IS SO ORDERED.

DATED this __6th__ day of March, 2024.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge