# Exhibit 2

Second Declaration of Ryan Matthews

Jane E. Vetto, OSB #914564
Marion County Legal Counsel
jvetto@co.marion.or.us
555 Court Street N.E., Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorney for County of Marion

# UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON** , <br><br> *Plaintiffs*, <br><br> v. <br><br> **DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of Oregon State Hospital**, <br><br> *Defendants*. | Civ. No.  3:02-cv-00339-MO (Lead Case) <br> Case No.: 3:21-cv-01637-MO (Member Case) <br><br> **Declaration of Ryan Matthews in Support of Marion County's Second Motion to Intervene** |

## Declaration of Ryan Matthews

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am employed with Marion County Health and Human Services ("MCHHS") as the Health Administrator and have served in this capacity at all times relevant to this litigation.

**Declaration in Support of
Marion County's  Second Motion
to Intervene**

2. I have served with Marion County Health and Human Services since 2004.

3. I make this declaration from a combination of personal knowledge and my review of records and oversight of MCHHS.

4. This declaration is offered in support of Marion County's Motion to Intervene.

5. When this Court's September 1, 2022 order limiting the duration of inpatient restoration at the Oregon State Hospital ("Mosman Order") came into effect, there was an extraordinary increase in the number of individuals being discharged from OSH, many without having been found able to aid and assist in their defense. As a result, Marion County's community restoration programs experienced an unprecedented surge in cases. As of the first six months of 2023, the community restoration case load approximately tripled.

6. The sudden increase in cases has stressed Marion County's community restoration program nearly to its breaking point.

7. Prior to the implementation of the Mosman Order, Marion County was already experiencing the effects of a system-wide shortage of behavioral health staff. In the time since, hiring and retaining qualified mental health providers to support outpatient treatment has not become any easier. As a result, Marion County remains severely understaffed relative to the demand for community restoration services and is unable to provide the care necessary for all individuals in need.

8. Prior to the implementation of the Mosman Order, there was also already an extreme shortage of Secure Residential Treatment Facility ("SRTF") beds that has not improved in the months since. This shortage severely limits Marion County's ability to place individuals who

**Declaration in Support of**
**Marion County's Second Motion**
**to Intervene**                                         2

require residential care to regain fitness to proceed into an appropriate facility. SRTF facilities are frequently so full that they will not even accept referrals for their waitlists.

9. In some cases, Marion County's community restoration program also lacks the resources necessary to even provide individuals with appropriate medication. Because individuals discharged from the Oregon State Hospital ("OSH") have not yet reached a point of even relative stability, prescribers in the community are often unwilling to administer injectable medications due to liability concerns and jails are often unable to administer such medications because staff lack the appropriate training. The end result is that some individuals on community restoration simply receive no treatment to regain fitness to proceed.

10. Based on my personal knowledge, experience and familiarity with this issue and MCHHS, I fully expect the effect of Court's March 6, 2024 order will be to exacerbate these problems; by prohibiting OSH outpatient services as an alternative to community restoration, the Order ensures that Marion County will be presented with more individuals in the community restoration program.

11. In addition to an even higher number of individuals presenting to community restoration services, I expect that the level of required services will increase as a result of the March 6 Order. Prior to the Order, much of the influx to the community restoration program was from those that required hospital-level care. Now, those individuals will be turned away from even outpatient hospital care.

12. The current status quo constitutes a significant public safety issue. Many of the individuals returned to Marion County from OSH have been charged with violent crimes and

**Declaration in Support of**
**Marion County's Second Motion**
**to Intervene**                                        3

would have previously remained on secure commitment prior to the Mosman Order. While on community restoration, Marion County has no means of preventing them from leaving services. As a result, individuals simply leave their placements into the community without receiving stabilizing treatment.

13. In my capacity as MCCHS Administrator, I oversee MCHHS's budget.

14. In fiscal year 2022-2023, MCHHS's community restoration program had expenditures of $1,182,720.73 and employment of 11.70 FTE. From OHA, MCHHS received funding of $1,601,476.50.

15. As a direct result of increased demand for community restoration services, in fiscal year 2023-2024, MCHHS's community restoration program expenditures increased to $1,724,699 and employment was increased to 12.60 FTE. From OHA, MCHHS received funding of $1,606,477.

16. From 2022-2023 to 2023-2024, MCHHS's community restoration services expenditures increased just over 45%, while funding increased by less than 0.01%. As a result, MCHHS is currently expecting a budget shortfall for community restoration of $118,222 for fiscal year 2023-2024.

17. One resource crucial to helping meet the need for mental health care services is SRTF beds. However, Plaintiff is unable to create or make use of SRTF beds unilaterally. SRTF facilities are licensed solely by the state and have the ability to refuse any placement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this <u>28th</u> day of March, 2024.

Ryan Matthews
Marion County Health and Human Services

**Declaration in Support of Marion County's Second Motion to Intervene**  5

## Certificate of Service

I hereby certify that I served the foregoing Declaration of Ryan Matthews on: March __, 2024 by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;

DATED this ___ day of _____, 2024.

                                                                      Jane Vetto,, OSB #914564
                                                                        Of Attorneys for Marion County
                                                                        555 Court Street N.E., Suite 5242
                                                                        P.O. Box 14500
                                                                        Salem, OR 97309
                                                                        Telephone: (503) 588-5220
                                                                        Facsimile No.: (503) 373-4367
                                                                        kemurphy@co.marion.or.us

**Declaration in Support of
Marion County and Judge Broyle's
Second Motion to Intervene**           6