# Exhibit 4

February 9, 2024 Judge Audrey Broyles Marion County Circuit Court Order

Verified Correct Copy of Original 2/9/2024.

STATE OF OREGON
Marion Co... Circuit Courts
FEB 09 2024
FILED

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | | |
|---|---|---|
| THE STATE OF OREGON | ) | No. 20CR08901/21CR46350/ |
| Plaintiff, | ) | 22CR35776/23CR28431 |
| vs. | ) | ORDER |
| CHARLY JOSH VELASQUEZ-SANCHEZ, | ) | |
| Defendant | ) | |

THIS MATTER coming on before the Court on February 9, 2024. The defendant appeared in person in custody with his counsel. MICHELLE VLACH-ING. The State of Oregon was represented by EVELYN CENTENO, Deputy District Attorney for Marion County. Erin Olson represented the victims in this case. The court reviewed a brief procedural history of the case and then heard arguments of all counsel and then heard directly from the three victims.

The issue before this court is whether the defendant is appropriate for community restoration pursuant to ORS 161.371 and if not, what the appropriate course of action should be in his particular case.

Defendant was returned to the jail after a six month stay at the state hospital pursuant to the Mosman Order without a finding of unable under the statutory period or able pursuant to ORS 161.371. He is charged with three counts of Assault 4 Felony and one count of Criminal Trespass in the Second Degree as well as probation violations for person offenses.

This Court finds that the defendant is a public safety risk and unable to engage in community restoration at this time. The State Hospital is the only entity required by statute to provide restoration services to incarcerated individuals. The defendant has a statutory right to access these services pursuant to state law. However, in light of the restrictions created by federal court order, this Court orders the Marion County Sheriff's Office to transport the defendant every Friday at 10 a.m. beginning February 16, 2024, to the State Hospital where custody will transfer for purposes of restoration services until such time as the defendant

completes restorative services on that same day. If the Sheriff's Office and the State Hospital can arrange a more convenient day and/or time, then that will be an appropriate replacement.

This Order contemplates the least impact to both the Hospital and the Sheriffs Office while still affording Mr. Velasquez-Sanchez the restoration services he is entitled to.

February 9, 2024        *[signature]*

RESPECTFULLY SUBMITTED BY:
EVELYN CENTENO, OSB # 142916
Deputy District Attorney

Verified Correct Copy of Original 2/9/2024