UNITED STATES DISTRICT COURT
OF THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **Disability Rights Oregon, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of Oregon State Hospital**,<br><br>*Defendants.* | **Civ. No.: 3:02-cv-00339-MO (Lead Case)**<br>**Case No.: 3:21-cv-01637-MO (Member Case)**<br><br>**MARION COUNTY'S REPLY IN SUPPORT OF THE PROPOSED MOTION TO INTERVENE** |

## I. INTRODUCTION

Proposed intervenor Marion County ("**the County**") respectfully requests this Court to allow it to join the present case as a party to challenge Judge Mosman's March 6, 2024 Order ("**March 2024 Mosman Order**"). ECF No. 475. Plaintiffs Disability Rights Oregon, Metropolitan Public Defender Service, and A.J. Madison ("**Plaintiffs**") contend that the County's motion to intervene is untimely, that the County lacks standing, and a legally protectable interest. However, the law is clear that the County meets the requirements for both intervention as of right and permissive intervention.

The County respectfully requests this Court rule on this motion today because it is the last

**Reply in Support of Sec. Mot. Intervene**     1

date for the County to timely file its Protective Notice of Appeal to the Ninth Circuit.

**I. The County appropriately filed pleadings necessary to intervene in this case.**

FRCP 24(c) provides that "[a] motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Plaintiffs assert that the County did not file an appropriate pleading as required by FRCP 24(c), or in the alternative that the County insufficiently specified the scope of its intervention. *See* ECF No. 480 (citing *California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1086 n.7 (9th Cir. 2022))

The text of FRCP 24(a) and (b) does not address the comparatively unique circumstance of intervention to file an appeal. *See* FRCP 24(a)-(b). However, it is well established that the rule permits intervention for purposes of appealing. *See Yniguez v. Arizona*, 939 F.2d 727 (9th Cir. 1991) *vacated and remanded on other grounds* ("[P]ost-judgment intervention for purposes of appeal may be appropriate if the intervenors . . . meet traditional standing criteria") (internal citations omitted). Here, the County seeks to appeal the March 2024 Mosman Order and therefore attached a Notice of Appeal to the Ninth Circuit to its Second Motion to Intervene. Even if this Court did find a mismatch between FRCP 24(c) and the Notice of Appeal as attached, such a circumstance would amount to merely a "'purely technical' defect which does not result in the 'disregard of any substantial right.'" *Id*. (citing *Westchester Fire Ins. Co v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009)).

Plaintiffs also argue that the County does not appropriately limit the scope of its intervention to appeal. That argument misreads the County's Second Motion to Intervene. The language of the

**Reply in Support of Sec. Mot. Intervene    2**

Second Motion to Intervene reflects the County's intent to intervene for the purpose of appealing the March 2023 Mosman Order, as further shown in the attached Notice of Appeal.

Plaintiffs arguments in its Response contain numerous "catch-22" legal arguments. Plaintiffs argues that the County failed to properly file any pleadings in the lead up to the March 2024 Mosman Order. Seizing on the County's self-description as a "de facto adverse party" Plaintiffs try to use this to claim that the County's Second Motion to Intervene was untimely. ECF No. 480 The Plaintiffs' argument ultimately justifies intervention by the County. The County was unable to file a meaningful pleading in opposition to the March 2024 Mosman Order because the County is not yet a party to the case.

Contrary to the Plaintiffs' assertions, the County has timely filed all required pleadings in compliance with the standards set forth in FRCP 24(a), (b), and (c). Therefore, intervention is warranted on both a procedural technical basis, and on the merits.

**II. This Court is not divested of jurisdiction to grant the County's motion while a similar appeal is pending before the Ninth Circuit.**

Plaintiffs assert inaccurately that the County's First Motion to Intervene divests this Court of jurisdiction. ECF No. 480 (citing *McClatchy Newspapers v. Cent. Valley Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982)). The remedial phase of the case that began with the 2019 contempt proceedings effectively launched a new case, and the March 2024 Mosman Order is a newly appealable final order that resulted in a new circumstance for the County.

Previously, the Ninth Circuit has approved intervention during the late remedial stages of a case, particularly where ordered relief "had an unexpected effect on a nonparty." *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990) (citing *United States v. City of Chicago*, 870 F.2d

**Reply in Support of Sec. Mot. Intervene    3**

1256, 1259-60 (7th Cir. 1989) (decree affects intervenors' chances of promotion). Other circuits have likewise permitted intervention during the remedial phase. *See Howard v. McLucas*, 782 F.2d 956, 959-60 (11th Cir. 1986); *see also Hodgson v. United Mine Workers of America*, 473 F.2d 118, 129 (D.C. Cir. 1972) (remedial phase of labor dispute)).

Much like in *Oregon*, intervention by the County–a third party--is appropriate because the relief ordered "had an unexpected effect on a nonparty." *Oregon*, 913 F.2d at 588. This case has involved a lengthy and complicated remedial phase, resulting in multiple orders. The March 2024 Mosman Order is a new final order, posing a new circumstance for the County, that is appealable to the Ninth Circuit. This Court is not divested of jurisdiction to grant intervention.

## CONCLUSION

The County respectfully asks this Court to grant intervention as of right or permissive intervention to allow it to defend its interests in this case.

DATED this 4th day of April, 2024.

                                          Respectfully submitted,

                                          JANE E. VETTO
                                          MARION COUNTY COUNSEL

                                          */s/ Jane E. Vetto*
                                          Jane E. Vetto, OSB #914564
                                          Marion County Legal Counsel
                                          555 Court St. N.E.
                                          P.O. Box 14500
                                          Salem, OR 97309
                                          Phone: 503-588-5220
                                          Email: jvetto@co.marion.or.us
                                          Attorney for Proposed Intervenor

James Bopp, Jr., Ind. Bar No. 2838-84*
Eamon McCarthy Earls, Ind. Bar No. 38528-49*
*Admission *pro hac vice* forthcoming
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street Terre Haute, Indiana  47807
Telephone: (812) 232-2434
Fax: (812) 235-3685
Email: jboppjr@aol.com;
emearls@bopplaw.com
Counsel for Proposed Intervenor

**Reply in Support of Sec. Mot. Intervene**      5