IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>        Plaintiffs,<br>v.<br><br>PATRICK ALLEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital,<br><br>        Defendants. | Case No.: 3:02-cv-00339-AN (lead)<br>          3:21-cv-01637-AN<br>          (consolidated)<br><br>OPINION AND ORDER |

Laurie Miller, Ashley Rochetto, and Andrew Limbeck (collectively, "intervenors") move to intervene in this matter. Plaintiffs oppose the motion. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the following reasons, their motion is DENIED.

## LEGAL STANDARD

**A.    Intervention of Right**

Federal Rule of Civil Procedure 24(a)(2) requires a court to permit intervention when four requirements are met:

> "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action."

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). The applicant seeking to intervene bears the burden of showing that all four requirements are met. *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013). In making its determination, a court is "guided primarily by practical and

1

equitable considerations, and the requirements of intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

**B.    Permissive Intervention**

Federal Rule of Civil Procedure 24(b)(1)(B) grants courts discretion to permit intervention when an applicant makes a timely motion to intervene and "has a claim or defense that shares with the main action a common question of law or fact."  The movant bears the burden of establishing three requirements: (1) the applicant shares a common question of law or fact with the main action; (2) the applicant's motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims.  *Cooper v. Newsom*, 13 F.4th 857, 850 (9th Cir. 2021).  Even if all three requirements are met, "the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties."  *Id.*

## BACKGROUND

In June of 2023, Charly Velasquez-Sanchez violently attacked intervenors.  Mot. to Intervene, ECF [463], at 10.  Marion County charged Velasquez-Sanchez with multiple counts of felony assault and one count of criminal trespass.  *Id.* at 11.  Velasquez-Sanchez was found unable to aid and assist his defense and was admitted to the Oregon State Hospital ("OSH").  *Id.* at 12.  Velasquez-Sanchez's restoration period at OSH expired in January 2024, at which point he was sent back to Marion County.  *Id.*  In lieu of releasing him under a community restoration plan, the Marion County Circuit Court (the "Circuit Court") ordered OSH to provide Velasquez-Sanchez with outpatient restoration services while he remained in Marion County's custody.  *Id.*

In response to the Circuit Court's order, defendants moved this Court for an expedited ruling on the Supremacy Clause, arguing that the Circuit Court's order violated this Court's Second Amended Order to Implement Neutral Expert's Recommendations (the "Order"), ECF [416].  Mot. for Expedited Ruling on Supremacy Clause Issue, ECF [460].  This Court agreed, finding that the Circuit Court could not order OSH to provide Velasquez-Sanchez with outpatient services because he had already reached the maximum duration of restoration treatment under the Order.  Op. & Order, ECF [475], at 2–3.

Prior to this Court's ruling on defendants' motion, intervenors moved to intervene in this matter. The thrust of intervenors' argument is that this Court's invalidation of the Circuit Court's order would violate their rights as crime victims under the Oregon constitution to reasonable protection from a criminal defendant because Velasquez-Sanchez would be released under a community restoration plan despite the Circuit Court's finding that he was dangerous. Mot. to Intervene 3.

## DISCUSSION

Intervenors raise two arguments for intervention. First, they argue that they should be allowed to intervene as of right under FRCP 24(a)(2) because they have an interest in whether this Court voids the Circuit Court's order. *Id.* at 14. Intervenors contend that if this Court voids the Circuit Court's order, then their rights under the Oregon constitution to reasonable protection from a criminal defendant will be violated. *Id.* Second, and in the alternative, intervenors argue that they should be allowed to intervene permissively under FRCP 24(b)(2) because their claim shares a common question of law or fact with this action: whether this Court has adequately considered the effect of its Order on the rights of crime victims. *Id.* at 15.

Both of intervenors' arguments lack merit. First, intervenors' rights under the Oregon constitution cannot trump a criminal defendant's rights under the United States Constitution. Indeed, the Oregon constitution notes that a victim's rights do not "reduce[] a criminal defendant's rights under the Constitution of the United States." Or. Const. Art. I, § 42(2). Here, intervenors are alleging that their state constitutional rights take precedence over a criminal defendant's rights under the United States Constitution. This argument does not pass constitutional muster.

Second, the Oregon constitution expressly limits the scope of victim's rights to "criminal prosecutions and juvenile court delinquency proceedings." *Id.* at § 42(1). Nothing in the Oregon constitution suggests—nor could it—that the victim's rights provision extends to civil proceedings in federal court. Accordingly, intervenors' argument for intervention as of right fails on the merits because they have not asserted a significant, protectable interest.

Third, contrary to the intervenors' contentions, the rights of crime victims are adequately

3

represented in this matter. The Oregon constitution states that "[t]he prosecuting attorney is the party authorized to assert the rights of the public established by this section." Or. Const. Art. I, § 43(4). Multiple district attorneys are amici in this matter and participated in the mediation that led to the Order that governs the admission and discharge of criminal defendants from OSH. Intervenors' argument that this Court has not adequately considered the interests of crime victims is misplaced.

Likewise, intervenors' argument for permissive intervention fails because intervenors do not identify a basis for jurisdiction. Intervenors' sole claim is brought under state law, but the Ninth Circuit "has consistently rejected arguments to accept jurisdiction over a new party not then involved in the litigation in federal court where jurisdiction over that party is based solely upon a state law claim over which there is no independent ground of federal jurisdiction." *Blake v. Pallan*, 554 F.2d 947, 956 (9th Cir. 1977). Thus, intervenors' argument for permissive intervention also fails.

## CONCLUSION

Accordingly, intervenors' Motion to Intervene, ECF [463], is DENIED.

IT IS SO ORDERED.

DATED this 4th day of April, 2024.

Adrienne Nelson
United States District Judge