UNITED STATES DISTRICT COURT
OF THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON**, <br><br> *Plaintiffs,* <br><br> v. <br><br> **DAVID BADEN, in his official capacity as head of the Oregon Health Authority, and DOLORES MATTEUCCI, in her official capacity as Superintendent of the Oregon State Hospital**, <br><br> *Defendants.* | **Civ. No.: 3:02-cv-00339-MO (Lead Case)** <br> **Case No.: 3:21-cv-01637-MO (Member Case)** <br><br> **MARION COUNTY'S STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL** |

**MARION COUNTY'S STATEMENT OF THE ISSUES
TO BE PRESENTED ON APPEAL**

Pursuant to Federal Rule of Appellate Procedure 10(b)(3)(A), Marion County states that, in the appeals consolidated by the Ninth Circuit Court of Appeals in Case No. 24-2229, *see* ECF 483 and 486 (Notices of Appeal); ECF 488 and 489 (amended Notices of Appeal), Marion County intends to present the following issues:

**I.** Whether the district court erred in denying Marion County's Second Motion to Intervene, ECF 478, because it was untimely.

**II.** Whether the district court erred in its Opinion and Order (March 6, 2024) ("**Supremacy Clause Order**"), ECF 475, by failing to abstain under the *Younger* doctrine, given the ongoing, state criminal proceedings against Mr. Velasquez-Sanchez that implicate important state interests and were effectively

enjoined by the Supremacy Clause Order.

III.    Whether the district court erred in the Supremacy Clause Order by determining that the state court order of outpatient treatment violated the Supremacy Clause, despite the fact that none of the district court's orders related to outpatient treatment.

IV.    Whether the district court erred in the Supremacy Clause Order, the Order to Implement Neutral Expert's Recommendations, ECF 271; the [First] Amended Order to Implement Neutral Expert's Recommendations, ECF 387; and the Second Amended Order to Implement Neutral Expert's Recommendations, ECF 416 (collectively, these four Orders shall be referred to as the "**Challenged Orders**") by imposing relief that did not seek to remedy the due process violation found in its Findings of Fact and Conclusions of Law, ECF 47, therefore exceeding its authority.

V.    Whether the district court erred in the Challenged Orders by failing to defer to local entities exercising police powers and enjoining them in the exercise of those powers, rather than targeting the violators, Oregon State Hospital and Oregon Health Authority.

VI.    Whether the district court erred in the Challenged Orders by enjoining Marion County when there was no evidence of an unconstitutional violation by, or unconstitutional effect in, Marion County.

DATED this 19th day of April, 2024.

                                        Respectfully submitted,

                                        JANE E. VETTO
                                        MARION COUNTY COUNSEL

                                        /s/ Jane E. Vetto
                                        Jane E. Vetto, OSB #914564
                                        Marion County Legal Counsel
                                        555 Court St. N.E.
                                        P.O. Box 14500
                                        Salem, OR 97309
                                        Phone: 503-588-5220
                                        Email: jvetto@co.marion.or.us
                                        Attorney for Proposed Intervenor