FILED

MAY 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OREGON ADVOCACY CENTER; et al., | No. 23-35516 |
| Plaintiffs-Appellees, | D.C. No. 3:02-cv-00339-MO |
| v. | |
| PATRICK ALLEN, Director of the Department of Human Services, in his official capacity; DOLORES MATTEUCCI, Superintendent of Oregon State Hospital, in her official capacity, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| v. | |
| MARION COUNTY, Proposed Intervenor, | |
| Movant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 8, 2024[**]
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and OWENS, Circuit Judges.

Marion County ("the County") appeals the district court's order denying its motion to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) and permissively under Rule 24(b). The district court denied the motion as meritless and untimely. We affirm.

The parties are familiar with the facts in this case, and we recount them only as necessary to explain our decision.

1. We review for abuse of discretion a denial of a motion to intervene based on untimeliness. *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1019 (9th Cir. 2022). A district court abuses its discretion when it "bases its decision on an erroneous legal standard or on clearly erroneous findings of fact." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (quoting *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999)).

The district court did not rely on an erroneous legal standard or clearly erroneous findings of fact when it denied the County's motion. All three factors used by this Court to evaluate timeliness—the stage of the proceeding, prejudice to

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

other parties, and reason for and length of delay—weigh against the County's intervention. *See Smith*, 194 F.3d at 1050. The County sought to intervene at a late stage in the litigation, more than two decades after the 2002 injunction, four years after the start of contempt proceedings, and nine months after the district court issued its order implementing the expert's recommendations in September 2022. The district court acted well within its discretion when it denied the County's motion as untimely.

2. Because a motion to intervene under Rule 24 must be timely, we need not decide whether the County meets the other requirements for intervention. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)).

**AFFIRMED.**