IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DISABILITY RIGHTS OREGON[1], METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>SAJEL HATHI, in her official capacity as Director of the Oregon Health Authority, and SARA WALKER, in her official capacity as Interim Superintendent of the Oregon State Hospital,<br><br>　　　　　Defendants. | Case No.: 3:02-cv-00339-AN (lead)<br>　　　　　3:21-cv-01637-AN<br>　　　　　(consolidated)<br><br>ORDER |

　　　　On April 4, 2025, defendants Sajel Hathi, in her official capacity as Director of the Oregon Health Authority, and Sara Walker, in her official capacity as Interim Superintendent of the Oregon State Hospital ("OSH") filed a notice of their inability to comply with the Court's remedial order currently in effect. For the reasons described below, the Court DECLARES that Marion County Circuit Court Judge Lindsay Partridge's order and directive discussed herein, to the extent the order or directive tend to prohibit, restrict, or impair the release of the state criminal defendant who is the subject of this Order, are void. Defendants are hereby ORDERED to continue to implement the length of stay recommendations in the Court-appointed neutral expert's June 2022 report as described in this Court's July 2023 order, ECF [416], and are further ORDERED to release from the Oregon State Hospital and transport to the Marion County Jail the state criminal defendant who is the subject of defendants' notice and noncompliance.

## BACKGROUND

**A.　　Relevant Procedural History**

　　　　The factual background of this case is well set out in prior opinions and orders. *See, e.g.*,

---

[1] Plaintiff Disability Rights Oregon ("DRO") is named on the docket as "Oregon Advocacy Center" and has been inconsistently and interchangeably referred to as both DRO and Oregon Advocacy Center since approximately January of 2023. The Court uses "DRO" in this Opinion and Order.

Op. & Order of January 9, 2023, ECF [338]; Op. & Order of May 25, 2023, ECF [395]. As relevant to the present issue, in 2002 this Court entered a permanent injunction requiring defendants to admit any jailed person who is declared unable to aid and assist in their own defense to OSH or another treatment facility within seven days of their being declared unfit. Findings of Fact & Conclusions. of L., ECF [47]; J., ECF [51]. To move defendants toward compliance with that injunction, in 2022, the Court entered a remedial order setting forth a variety of requirements related to long- and short-term care for state criminal defendants determined to be unable to aid and assist in their own defense. Order to Implement Neutral Expert Recs., ECF [271]. The Court has since twice amended its remedial order. The Court issued its first amended remedial order on May 10, 2023, Am. Order to Implement Neutral Expert's Recs., ECF [387], and its second amended remedial order, which is the operative remedial order now in effect, on July 3, 2023, 2d Am. Order to Implement Neutral Expert's Recs., ECF [416]. The second amended remedial order is currently set to expire on June 29, 2025. Order of March 26, 2025, ECF [595].

Under the Court's remedial order, OSH is required to admit and discharge patients as provided for by the recommendations in the Court-appointed neutral expert's reports, including the neutral expert's second report (the "Second Report"). 2d Am. Order to Implement Neutral Expert's Recs. 2. The neutral expert's Second Report recommends that defendants should "discharge .370 patients back to the committing county upon a forensic evaluation of 'able[,]'" and additionally recommends discontinuation of the temporary policy that was implemented during the COVID-19 pandemic of keeping defendants for up to thirty days past the evaluation finding them able in cases where a party has contested the able finding. Debra A. Pinals, M.D., *Neutral Expert Second Report Regarding the Consolidated* Mink *and* Bowman *Cases*, 22 (June 5, 2022) (provided to the Court *in camera* and publicly accessible at the following link: https://www.oregon.gov/oha/OSH/Documents/Oregon-Mink-Bowman-2022-0535-2nd-Neutral-Expert-Pinals-Report.pdf). These recommendations are consistent with Oregon Revised Statutes § 161.370, which provides that commitment of a defendant to OSH to regain fitness to aid and assist in the defendant's own defense is undertaken for the purpose of gaining or regaining fitness to proceed. Or. Rev. Stat. § 161.370(2)(c)(A). Thus, to comply with the neutral expert's recommendations and the remedial order,

2

defendants must discharge from OSH any defendant who has been found able to aid and assist, upon that finding being made, regardless of whether a party (including the defendant) contests the finding.

**B.** **Prior Instances of Noncompliance Related to Marion County**

In March of 2023, plaintiffs notified the Court that defendants were in violation of the version of the remedial order then in effect with respect to four patients being housed at OSH. *See* Pls. Mot. for Order Requiring Marion Cnty. Sheriff's Off. to Transport Pts., ECF [359]. Despite the fact that the patients were all required to be discharged from OSH by a certain date, "the commitment orders for each of the patients order[ed] that the patient [could not] be discharged without authorization of the state court who committed them[,]" and for that reason, "[w]hen OSH attempted to discharge the patients, [the Marion County Sheriff's Office ("MCSO")] refused to transport them, citing the state court judge's order." *Id.* at 3. Plaintiffs sought an order from this Court requiring MSCO to transport the four patients. *Id.* Following oral argument, and for reasons stated on the record, the Court denied plaintiffs' motion with leave to renew and ordered the parties to meet and confer regarding the issues raised. Mins. of Proceedings of April 3, 2023, ECF [368].

On August 10, 2023, plaintiffs filed a motion to compel compliance with this Court's orders and asked the Court "to declare that the Supremacy Clause governs commitment orders of Oregon detainees and to order the release of Oregon detainees who have stayed past the deadlines set by this [C]ourt." Pls. Mot. to Compel, ECF [425], at 2. Plaintiffs asserted that "multiple Marion County detainees ha[d] remained in the custody of OSH for months longer than permitted by this Court's order" and that certain "[s]tate court orders . . . prohibit[ed] the release of the[] detainees and prohibit[ed] any party from transporting them from OSH." *Id.* at 2-3. Following oral argument, the Court granted plaintiffs' motion to compel compliance. Mins. of Proceedings of September 6, 2023, ECF [441]. The Court then exercised its powers under the Supremacy Clause and ordered that OSH "continue to implement the length of stay recommendations" made by the neutral expert; declared that "any contrary state or local law, rule, court order, or constitutional provision [that] directly interferes with or impairs the execution of responsibilities defined by this Court's orders by any person or entity in this proceeding is superseded by this Court's orders

as superior federal law"; and declared "that orders issued by state court judges in Marion County prohibiting the release of detainees held at [OSH] for restoration purposes are void under the Supremacy Clause, to the extent that those state court orders tend to prohibit, to restrict, or to impair the release of detainees otherwise subject to release under this Court's orders." Order Determining Supremacy Clause Issues, ECF [445], at 2.

On October 7, 2024, defendants filed a notice of inability to comply with the Court's remedial order, again based on MCSO's refusal to transport a patient from OSH based on an order issued by a Marion County Circuit Court judge. 1st Notice of Inability to Comply, ECF [515]. However, on October 10, 2024, defendants notified the Court that they were back in compliance. Notice re Notice, ECF [517].

**C.     Present Instance of Noncompliance**

On April 4, 2025, defendants filed the present notice of inability to comply with the Court's remedial order. 2d Notice of Inability to Comply, ECF [596]. The notice indicates that on February 12, 2025, Marion County Circuit Court Judge Lindsay Partridge entered an order regarding a state criminal defendant which stated: "pursuant to commitment Orders finding [the] defendant unfit to proceed and committing her to [OSH]," the defendant was to "remain housed at [OSH] *until further order of the Court*." *Id.* at 3 (emphasis in original) (quoting Decl. of Jill Conbere Supp. Defs. Notice of Inability to Comply ("Conbere Decl."), ECF [597], ¶ 5 & Ex. 2 at 1). On March 28, 2025, OSH filed with the circuit court its forensic evaluator's evaluation of the defendant, which found the defendant able to aid and assist in her own defense. *Id.* at 4; Conbere Decl. ¶ 6 & Ex. 3 at 2. In light of the able finding, on March 31, 2025, OSH reached out to MCSO to arrange transport for the defendant to be discharged from OSH and taken to Marion County Jail. 2d Notice of Inability to Comply 4; Conbere Decl. ¶ 2 & Ex. 1 at 1- 2. However, on April 1, 2025, MSCO "replied that it was unable to transport [the defendant] because 'Judge Partridge's office said not to pick [the defendant] up.'" 2d Notice of Inability to Comply 4 (second alteration in original); Conbere Decl ¶ 2 & Ex. 1 at 1.

On April 2, 2025, the circuit court held a status hearing in the defendant's criminal case.

2d Notice of Inability to Comply 4; Conbere Decl. ¶ 10 & Ex. 3. The same day, a non-OSH evaluator filed a report. 2d Notice of Inability to Comply 4; Conbere Decl. ¶ 10 & Ex. 3 at 2. The report "determined that the defendant is able to aid and assist in her own defense." 2d Notice of Inability to Comply 4; Conbere Decl. ¶ 11. Counsel for the defendant "intends to challenge both evaluators' able findings[,]" and after the April 2 hearing, the circuit court issued a post-hearing notice that (1) acknowledged that the defendant is currently housed at OSH and (2) set a time for a hearing on counsel's challenge to the evaluators' findings. 2d Notice of Inability to Comply 4; Conbere Decl. ¶¶ 11-12 & Ex. 4. The post-hearing notice did not, however, "address the effect of [the evaluators'] findings on the defendant's commitment to OSH, nor did [the circuit court] enter any additional orders regarding [the defendant's] commitment." 2d Notice of Inability to Comply 4; Conbere Decl. ¶ 12.

On April 3, 2025, "OSH reached out to MCSO again [] to arrange transport for the defendant to be discharged from OSH and taken to Marion County Jail, noting that there have been *two* able findings." 2d Notice of Inability to Comply 4 (emphasis in original); Conbere Decl. ¶ 13 & Ex. 1 at 4. The next day, MCSO "again stated that it could not transport the defendant, saying that [it] had been 'told from Judge Pa[r]tridge's/DA's office that [MSCO is] not allowed to pick [the defendant] up.'" 2d Notice of Inability to Comply 4 (fourth alteration in original); Conbere Decl. ¶ 14 & Ex. 1 at 1.

## DISCUSSION

The Court is again faced with a situation where a Marion County circuit court judge has set forth an order or directive that is directly contrary to the plain language of this Court's remedial order. Defendants acknowledge that they are not in compliance with the remedial order or the neutral expert's recommendations, which together mandate that defendants discharge back to the committing county any defendant who, since being committed to OSH, has been found able to aid and assist in their own defense. Defendants cannot regain compliance with this mandate when their attempts to do so are thwarted.

It is true that there are complicating factors are play. Defendants and Judge Partridge alike are faced with difficult decisions that require the balancing of a variety of competing interests. Nonetheless, defendants are not entitled to skirt their constitutional obligations, and state court judges cannot override

5

the plain directive of this Court's remedial order.

In this case, the state criminal defendant at issue has been found able to aid and assist by both OSH and non-OSH evaluators, and there is no indication that the state criminal defendant qualifies for expedited admission based on the expedited admissions criteria. As such, to the extent that Judge Partridge's order and directive exceed the bounds of the Court's remedial order, the order and directive violate the Supremacy Clause and are therefore void. *See* U.S. Const., Art. VI, cl. 2 (indicating that all state judges are bound by federal law, "any Thing in the Constitution or Laws of any State to the Contrary notwithstanding"); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 382 n.12 (2012) (quoting *Howlett v. Rose*, 496 U.S. 356, 370 n.16, 371 (1990)) ("'The Supremacy Clause forbids state courts to dissociate themselves from federal law because of disagreement with its content or a refusal to recognize the superior authority of its source.'"), *rev'd on remand on other grounds*, 468 F. App'x 936 (11th Cir. 2012); *Washington v. Wash. State Com. Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 695 (1979), *modified sub nom. Washington v. United States*, 444 U.S. 816 (1979) ("State-law prohibition against compliance with the District Court's decree cannot survive the command of the Supremacy Clause of the United States Constitution.").

## CONCLUSION

For the reasons described above, the Court DECLARES that Marion County Circuit Court Judge Lindsay Partridge's order and directive discussed herein, to the extent they tend to prohibit, restrict, or impair the release of the state criminal defendant who is the subject of this Order, are void. Defendants are hereby ORDERED to continue to implement the length of stay recommendations in the Court-appointed neutral expert's June 2022 report as described in this Court's July 2023 order, ECF [416], and are further ORDERED to release from the Oregon State Hospital and transport to the Marion County Jail the state criminal defendant who is the subject of defendants' notice and noncompliance.

IT IS SO ORDERED.

DATED this 14th day of April, 2025.

_Adrienne Nelson_
Adrienne Nelson
United States District Judge