DAN RAYFIELD
Attorney General
CARLA A. SCOTT #054725
SHEILA H. POTTER #993485
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.oregon.gov
        Sheila.Potter@doj.oregon.gov
        Craig.M.Johnson@doj.oregon.gov
        Jill.Conbere@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Sajel Hathi, Dolores Matteucci, and Sara Walker

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SEJAL HATHI, in her official capacity as head of the Oregon Health Authority, and SARA WALKER in her official capacity as Interim Superintendent of the Oregon State Hospital,<br><br>　　　　　Defendants. | Case No.  3:02-cv-00339-AN (Lead Case)<br>Case No.  3:21-cv-01637-AN (Member Case)<br>Case No.  6:22-CV-01460-AN (Member Case)<br><br>SUPPLEMENTAL REPORT REGARDING FINES CALCULATION |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SARA WALKER, Interim Superintendent of the Oregon State Hospital, in her official | Case No.  3:21-cv-01637-AN (Member Case) |

Page 1 -    SUPPLEMENTAL REPORT REGARDING FINES CALCULATION
            CAS/j3b/993371440

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| | |
|---|---|
| capacity, DOLORES MATTEUCCI, in her individual capacity, SEJAL HATHI, Director of the Oregon Health Authority, in her official capacity, and PATRICK ALLEN in his individual capacity,<br><br>        Defendants. | |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,<br><br>        Plaintiffs,<br>  v.<br><br>SEJAL HATHI, in her official capacity as Director of Oregon Health Authority,<br><br>        Defendant. | Case No. 6:22-CV-01460-AN (Member Case) |

      The Oregon Health Authority (OHA) and the Oregon State Hospital (OSH) submit this supplemental report in response to this Court's June 17, 2025, Scheduling Order. The Court ordered OHA and OSH to answer two questions:

1. When a bed is offered to and declined by a county jail, what happens to the individual who would have been taken to OSH if not for the jail's declination to transport? In other words, is that individual offered the next available bed, moved to the bottom of the list, or something else?

2. If the same circumstances occur such that an individual remains housed at OSH longer than is deemed necessary by OSH, what is the mechanism to return that individual back to the appropriate county's jail?

OHA answers these questions in turn below.

      **1.    When a jail declines to transport a defendant to OSH.**

      As noted in Dr. Pinals' Eleventh Report, when jails are unwilling to transport an aid and assist defendant the day a bed becomes available, OSH admits the next person on the

Page 2 -    SUPPLEMENTAL REPORT REGARDING FINES CALCULATION
       CAS/j3b/993371440

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

admissions list. The defendant who is not transported, stays on the waitlist for admission when the next bed becomes available.  In other words, when a jail declines to transport a defendant, that defendant is offered the next available bed (they do not go to the end of the list).  For example, if OSH offers a bed on Wednesday and the jail declines to transport, OSH responds that it will be in touch when the next bed becomes available. In most cases, that occurs the next day.  If it is longer than one day, the delay is typically because the jail made it clear that it will not transport except on certain days of the week.  There are some counties that have cut back on transport to only one day a week and coordinate transport with other counties to bring their people to OSH. For example, Jackson and Josephine transport for each other. Coos, Douglas, and Curry counties do the same.

By way of background, longstanding practice has been that circuit court orders committing aid and assist defendants to OSH also order the relevant county sheriff's office to transport the defendant from the county jail to OSH.  OSH does not believe that it has authority to transport defendants from or to county jails. Moreover, OSH does not have the staff to transport defendants from and to county jails across the state. The OSH Legal Affairs Director and the OSH Admissions Director have worked hard to develop strong relationships with the jails. Those efforts have been successful, and both are now regularly invited to the jails conferences to discuss and collaborate, address barriers, and resolve issues.

2. **When OSH determines an aid and assist patient no longer needs to be at OSH and the jail declines to transport.**

As an initial matter, transport when discharging from OSH does not implicate the calculation of fines under this Court's June 6, 2025, Order.  Nevertheless, OHA and OSH answer the Court's question regarding transport upon discharge here.

Aid and assist defendants are discharged from OSH under various circumstances: (1) when they are either found by a certified evaluator to be "able" or "never able" to aid and assist in their defense; (2) when their statutory end of jurisdiction occurs; (3) when they no longer need a hospital level of care and the committing court authorizes discharge to

Page 3 -    SUPPLEMENTAL REPORT REGARDING FINES CALCULATION
CAS/j3b/993371440

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

community restoration; or (4) when their period of inpatient restoration ends under this Court's remedial order.

In the first three circumstances, jails generally do not decline to transport an aid and assist defendant from OSH, but occasionally there are delays due to the same scheduling challenges described above. Regarding the fourth circumstance, sometimes a state court judge will direct the sheriff's office to not transport an aid and assist defendant because the state court disagrees with the federal court's remedial order. When that happens, OSH notifies this Court of its inability to comply with its remedial order shortening inpatient restoration timeframes and this Court has responded by issuing an order directing that the transport occur. In response, either the sheriff's office agrees to transport the aid and assist defendant, or in one, isolated exceptional circumstances because of a direct federal court order to discharge the specific aid and assist defendant, OSH performed the transport using its security personal. But OSH does not have the authority or staff resources to transport aid and assist defendants upon discharge.

DATED June 18, 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General

    *s/Carla A. Scott*
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
SHEILA H. POTTER #993485
Senior Assistant Attorneys General
JILL CONBERE # 193430
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.oregon.gov
Sheila.Potter@doj.oregon.gov
Craig.M.Johnson@doj.oregon.gov
Jill.Conbere@doj.oregon.gov
Of Attorneys for Defendants

Page 4 -    SUPPLEMENTAL REPORT REGARDING FINES CALCULATION
    CAS/j3b/993371440

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2025, I served the foregoing SUPPLEMENTAL REPORT REGARDING FINES CALCULATION upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Emily R. Cooper<br>Kathleen L. Wilde<br>Thomas Stenson<br>Disability Rights Oregon<br>511 SW 10th Avenue<br>Suite 200<br>Portland, OR 98104<br>  *Of Attorneys for Plaintiffs* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___SERVED BY E-FILING<br> X  EMAIL DELIVERY<br>*ecooper@droregon.org;*<br>*kwilde@disabilityrightsoregon.org;*<br>*tstenson@droregon.org;* |
| Jesse A. Merrithew<br>Levi Merrithew Horst LLP<br>610 SW Alder St.<br>Suite 415<br>Portland, OR 97205<br>  *Of Attorneys for Plaintiffs* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___SERVED BY E-FILING<br> X  EMAIL DELIVERY<br>*jesse@lmhlegal.com* |
| Thomas Johnson<br>Alex Van Rysselberghe<br>Stoel Rives LLP<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205<br>  *Attorneys for Intervenors/Plaintiffs* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br> X  E-MAIL<br>___ E-SERVE<br>trjohnson@perkinscoie.com;<br>alex.vanrysselberghe@stoel.com |

    *s/ Carla A. Scott*
CARLA A. SCOTT #054725
SHEILA H. POTTER #993485
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.state.or.us
Sheila.Potter@doj.state.or.us
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
        CAS/a3m/9779379-v1