Emily Cooper, OSB #182254
ecooper@droregon.org
Thomas Stenson, OSB #152894
tstenson@droregon.org
David Boyer, OSB # 235450
dboyer@droregon.org
Hanah Morin, OSB # 230043
hmorin@droregon.org
Disability Rights Oregon
511 SW 10th Avenue, Suite 200
Portland, Oregon 97205
(503) 243-2081
*Counsel for Plaintiff, Disability Rights Oregon*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC.,** & **A.J. MADISON,** Plaintiffs, <br><br> v. <br><br> **SAJEL HATHI,** in her official capacity as head of the Oregon Health Authority, & **SARA WALKER**, in her official capacity as Superintendent of the Oregon State Hospital, Defendants. <br><br> **JAROD BOWMAN** and **JOSHAWN DOUGLAS-SIMPSON**, Plaintiffs, <br><br> v. <br><br> **SARA WALKER**, Interim Superintendent of the Oregon State Hospital, in her official capacity, **SAJEL HATHI**, Director of the Oregon Health Authority, in her official capacity, Defendants. | Case No. 3:02-cv-00339-AN (Lead Case) <br> Case No. 3:21-cv-01637-AN (Member Case) <br><br><br> EMILY COOPER DECLARATION IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS |

I, Emily Cooper, declare as follows:

    1.    I am over the age of eighteen, have personal knowledge of the matters

contained herein, and am competent to testify thereto.

<u>Legal Experience & Reasonableness of My Rate</u>

2. I am an attorney who has practiced law for twenty-two years. I graduated from Seattle University School of Law in May 2003 and received a B.A. in English Literature from the University of Colorado in 1998.

3. In 2003, I was admitted to practice law in Washington State. I went on to get admitted into the Western and Eastern U.S. Districts Courts of Washington State, Oregon State, the U.S. District Court of Oregon, and the Ninth Circuit Court of Appeals.

4. My hourly rate included in the fee petition in the above-referenced matter is $650. This is less than the $697 reflected in the 95th percentile noted in the Oregon State Bar Economic Survey of 2022 for attorneys practicing in Downtown Portland between 21 and 30 years, *available at*

https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf (page 43).

5. While my current hourly rate is at the higher end of the spectrum in Portland, it is reasonable based on my unique, extensive expertise in litigating class action disability cases, especially those involving the constitutional right to timely, court-ordered treatment. As discussed below, I have demonstrated in litigating and resolving complex disability discrimination class actions through litigation and negotiation, particularly in federal cases in the Ninth Circuit.

6. In November 2024, the Federal Court in *Wyatt v. Kotek,* Case 6:19-cv-00556-AA awarded attorneys' fees and costs. Cooper Declaration, Exhibit A. There, the Court reviewed my $650 hourly rate in 2024 and found it reasonable based in part on my experience and customary rates reflected in the OSB Economic Survey. *Id.* at p. 13-14.

7. From June 2006 to October 2018, I worked at Disability Rights Washington as a Senior Attorney where I litigated class action lawsuits enforcing the rights of people with disabilities in Washington State.

8. Those systemic lawsuits included *Trueblood, et al. v. Quigley et al.*, 101 F.Supp.3d 1010 (W.D. Wash. Apr. 2, 2015), where I was lead counsel in the class action lawsuit against Washington State regarding unconstitutional delays in provision of mental competency services. After a seven-day trial, Plaintiffs achieved a permanent injunction along with an award of attorneys' fees. *Id.* at 1023. The Court upheld the hourly rates we changed finding, "The Court also finds that the hourly rates charged by Plaintiffs' counsel, including Ms. Cooper, which range from $300 to $450 per hour, are reasonable for the Seattle market for work performed by attorneys of similar skill, experience, and reputation." Ten years later, my hourly fee has increased to $650 an hour to reflect another decade's worth of successfully bringing class action litigation on behalf of individuals with disabilities.

9. I was also lead counsel in *Ross v. Inslee*, 2014 WL 5421221 4:14-CV-0130-TOR, where we sued the Washington State Governor to challenge the treatment and release conditions of patients adjudicated Not Guilty by Reason of Insanity. There, the case resulted in a settlement agreement that included agreed upon attorneys' fees and ultimately reached substantial compliance. On Aug. 7, 2019, a U.S. federal court dismissed this case after the state successfully transformed how it provided patient care.

10. In *Reynoldson v. City of Seattle*, Case 2:15-cv-01608-MJP, I helped settle a class action regarding the City of Seattle's lack of compliance with Title II of the ADA and Section 504 as to the accessibility of curb ramps to ensure equal access for pedestrians

with mobility disabilities. This case also resulted in a stipulated award of attorneys' fees. Cooper Decl. Ex. B. There, the Court made no reductions to my hourly rate and instead found Plaintiffs' attorneys fees were "reasonable in light of the types of work and number of hours Class Counsel expended to obtain the Consent Decree on behalf of the Settlement Class, Class Counsel's experience in litigating and negotiating settlement of disability rights class actions." *Id.* at ¶ 2.

11.  While practicing in Washington State, I was also an Adjunct Professor at Seattle University School of Law from January 2015 to October 2018. There, a taught disability, and civil rights law.

12.  I also monitor other class action settlement agreements in Oregon. *See e.g., Hines v. City of Portland,* 2018 WL 11403470 (D. Or. 2018). This agreement is aimed at addressing violations of Title II of the ADA and Section 504 as to the accessibility of curb ramps to ensure equal access for pedestrians with mobility disabilities. There, the Defendant paid my hourly rate of $623 in 2024 for work exclusively done on enforcement. I agreed to reduce my rate in the *Hines* case because I had entered the case after the settlement was reached and all that was needed was monitoring of the existing settlement agreement.

Work Done on this Case

13.  DRO provides protection and advocacy services to Oregonians with disabilities pursuant to the Developmental Disabilities Assistance and Bill of Rights ("DD") Act, 42 U.S.C. § 15041, *et seq.*, the Protection and Advocacy for Individuals with Mental Illnesses ("PAIMI") Act, 42 U.S.C. § 10801, *et seq.*, the Protection and Advocacy for Individual Rights ("PAIR") Act, 29 U.S.C. § 794e, and the regulations promulgated

thereto, and ORS 192.517.

14. Since the Permanent Injunction was issued in this case in 2002, Disability Rights Oregon has been enforcing this ruling. While the state was largely in compliance until 2018, we have been circling contempt for the past seven years.

15. For the past nine years, I have been the Legal Director at Disability Rights Oregon ("DRO"), the designated Protection and Advocacy system for Oregon and Organizational Plaintiff in the above captioned matter.

16. In November 2024, Defendants admitted that they were not in compliance with this Court's orders nor did they have a projection when they could achieve compliance. Dkt. 541-1 at page 27.

17. Since November 2024 to present, I spent nearly seventy-seven hours to successfully seek a contempt ruling from this Court.

18. I spent only a few hours mailing two letters to Defendants seeking their response to other suggestions for compliance to avoid contempt proceedings. The first letter was sent on November 11, 2024 (Dkt. 541-4) and the second letter was sent on December 9, 2024 (Dkt. 541-5). I never received a response.

19. Plaintiffs also sought mediation to resolve the issues short of the time needed to bring litigation. Had we reached resolution at the January 2, 2025, mediation, I would have only spent 15 hours to achieve a favorable outcome short of litigation.

Costs

20. DRO has also incurred out-of-pocket costs during the course of this litigation. We seek reimbursement for only the cost of hiring an expert.

21. Dr. Ira Packer is a forensic expert with over 45 years' experience conducting

Cooper Declaration In Support Of
Plaintiff DRO's Motion for Attorney Fees and Costs
Page 5 of 6

forensic evaluations, supervising forensic evaluators, directing local and statewide forensic services, training forensic practitioners, and overseeing quality assurance for forensic reports. Dkt. 541-7 and 8.

22. $8900 is the cost incurred by Disability Rights Oregon for the expert Plaintiff DRO retained to bring our contempt motion. Attached as Exhibit C are true and accurate copies of these expert receipts.

23. Each of these costs were reasonably incurred and necessary to litigate this motion.

24. Attached as Exhibit D is table of Disability Rights Oregon's fees and costs to successfully bring our motion for contempt.

I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED this 16th day of June, 2025.

Respectfully Submitted:

/s *Emily Cooper*
David Boyer OSB # 235450
dboyer@droregon.org
Emily Cooper OSB # 182254
ecooper@droregon.org
Thomas Stenson, OSB # 152894
tstenson@droregon.org
Hanah Morin, OSB # 230043
hmorin@droregon.org
511 SW 10th, Suite 200
Portland OR 97205
Telephone: (503) 243 2081
Facsimile: (503) 243 1738
*Counsel for Plaintiff Disability Rights Oregon*