DAN RAYFIELD
Attorney General
CARLA A. SCOTT #054725
SHEILA H. POTTER #993485
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Carla.A.Scott@doj.oregon.gov
        Sheila.Potter@doj.oregon.gov
        Craig.M.Johnson@doj.oregon.gov
        Jill.Conbere@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Sejal Hathi, Dolores Matteucci, and James Diegel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SEJAL HATHI, in her official capacity as head of the Oregon Health Authority, and JAMES DIEGEL in his official capacity as Interim Superintendent of the Oregon State Hospital,<br><br>　　　　Defendants. | Case No.  3:02-cv-00339-AN (Lead Case)<br>Case No.  3:21-cv-01637-AN (Member Case)<br>Case No.  6:22-CV-01460-AN (Member Case)<br><br>DEFENDANT'S DECEMBER 8, 2025, STATUS REPORT |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JAMES DIEGEL, Interim Superintendent of the Oregon State Hospital, in his official | Case No.  3:21-cv-01637-AN (Member Case) |

Page 1 -   DEFENDANT'S DECEMBER 8, 2025, STATUS REPORT
           CAS/j3b/1006619383

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| | |
|---|---|
| capacity, DOLORES MATTEUCCI, in her individual capacity, SEJAL HATHI, Director of the Oregon Health Authority, in her official capacity, and PATRICK ALLEN in his individual capacity,<br><br>        Defendants. | |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER d/b/a UNITY CENTER FOR BEHAVIORAL HEALTH; LEGACY HEALTH SYSTEM; PEACEHEALTH; and PROVIDENCE HEALTH & SERVICES OREGON,<br><br>        Plaintiffs,<br>  v.<br><br>SEJAL HATHI, in her official capacity as Director of Oregon Health Authority,<br><br>        Defendant. | Case No. 6:22-CV-01460-AN (Member Case) |

## I. Introduction

The Oregon Health Authority (OHA) and the Oregon State Hospital (OSH) submit this Status Report in advance of the status conference set for December 8, 2025. This Status Report provides an update regarding:

- Current compliance status with the seven-day admission requirement for those found unable to aid and assist in their defense (Aid and Assist persons).
- OHA-driven capacity building in the community for those discharging from OSH from 2021 to the present.
- New legislation.
- Forensic evaluations at OSH and in the community.
- The capacity audit ordered by this Court in its June 6 Opinion and Order.

The following representatives of OHA and OSH will attend the status conference and will be prepared to answer questions this Court may have in their respective areas of expertise:

Page 2 -   DEFENDANT'S DECEMBER 8, 2025, STATUS REPORT
      CAS/j3b/1006619383

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

- Dr. Sejal Hathi, Director, OHA
- James Diegel, Interim Superintendent, OSH
- Kristine Kautz, Deputy Director for Administration, OHA
- Ebony Clarke, Behavioral Health Director, OHA

## II.     Compliance Status

As of December 3, 2025, the average number of days an Aid and Assist person has waited in jail for admission to OSH is 22.7. OSH received 189 new .370 commitment orders during October and November and is still absorbing the record-number of commitment orders it received in the summer of 2025. The chart below depicts the discharges, admissions, and new orders received each month from September 2022 to November 2025:

| Month  | Discharges | Admissions | New Orders |
|--------|------------|------------|------------|
| Sep-22 | 85         | 76         | 84         |
| Oct-22 | 90         | 91         | 95         |
| Nov-22 | 85         | 81         | 89         |
| Dec-22 | 92         | 77         | 74         |
| Jan-23 | 93         | 101        | 107        |
| Feb-23 | 94         | 107        | 78         |
| Mar-23 | 129        | 128        | 109        |
| Apr-23 | 108        | 107        | 103        |
| May-23 | 88         | 87         | 94         |
| Jun-23 | 101        | 97         | 86         |
| Jul-23 | 103        | 104        | 73         |
| Aug-23 | 112        | 100        | 109        |
| Sep-23 | 102        | 95         | 93         |
| Oct-23 | 97         | 93         | 97         |

Page 3 -   DEFENDANT'S DECEMBER 8, 2025, STATUS REPORT
          CAS/j3b/1006619383

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Month | Discharges | Admissions | New Orders |
|---|---|---|---|
| Nov-23 | 103 | 108 | 98 |
| Dec-23 | 64 | 83 | 92 |
| Jan-24 | 96 | 82 | 83 |
| Feb-24 | 97 | 81 | 73 |
| Mar-24 | 79 | 85 | 87 |
| Apr-24 | 84 | 96 | 99 |
| May-24 | 93 | 108 | 127 |
| Jun-24 | 79 | 74 | 90 |
| Jul-24 | 102 | 103 | 128 |
| Aug-24 | 95 | 95 | 99 |
| Sep-24 | 86 | 84 | 92 |
| Oct-24 | 109 | 107 | 102 |
| Nov-24 | 80 | 77 | 89 |
| Dec-24 | 99 | 111 | 105 |
| Jan-25 | 93 | 93 | 89 |
| Feb-25 | 90 | 97 | 79 |
| Mar-25 | 88 | 85 | 96 |
| Apr-25 | 104 | 128 | 101 |
| May-25 | 99 | 99 | 82 |
| Jun-25 | 118 | 109 | 105 |
| Jul-25 | 99 | 102 | 111 |
| Aug-25 | 111 | 107 | 111 |
| Sep-25 | 95 | 99 | 124 |
| Oct-25 | 102 | 108 | 100 |

Page 4 -   DEFENDANT'S DECEMBER 8, 2025, STATUS REPORT
           CAS/j3b/1006619383

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

| Month | Discharges | Admissions | New Orders |
|---|---|---|---|
| Nov-25 | 88 | 69 | 89 |

Defendants have been working diligently to complete recommendations given by Dr. Pinals. In the last month, Defendants have sent confirmation of completion of five recommendation milestones to Dr. Pinals. Additionally, Defendants are continuing to work with Dr. Pinals to establish appropriate sequencing of recommendations, and modification where appropriate, to ensure that the work increases Defendants' ability to comply with the seven-day admission requirement.

Defendants' progress is reflected in the monthly status report submitted to the parties on December 3, 2025. Defendants will supply this or other progress reports to the Court if it would like.

### III.    OHA-driven Capacity Building in the Community from 2021 to the Present

Because OSH is at capacity, the primary way for Defendants to return to compliance is to build enough capacity in the community to place patients who are ready to discharge from OSH or to divert them from being admitted to OSH in the first instance.

Exhibit 1 to the Declaration of Ebony Clarke (Clarke Decl.) filed contemporaneously with this Status Report describes the increase by calendar quarter from 2022 to the present in licensed and non-licensed beds in the community for patients to discharge to when they are ready to leave OSH or to divert them from entering OSH in the first instance.[1] Clarke Decl. ¶ 3. Defendants have worked to secure legislative appropriations for several years and have been using the appropriated funds to build capacity throughout the behavioral health system, including in residential treatment homes, residential treatment facilities, secure residential facilities, and supportive housing. *Id.* ¶ 5. Occupancy dates for those projects began in 2022 and are projected to continue through 2028. *Id.* ¶ 6. From the fourth quarter of 2022 to the

---

[1] Exhibit 1 does not include additional capacity that has come online during this time period without financial investment by OHA.

Page 5 -    DEFENDANT'S DECEMBER 8, 2025, STATUS REPORT
             CAS/j3b/1006619383

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

present OHA has established approximately 816 new beds to serve the populations discharging from OSH or to divert persons from entering OSH in the first instance. *Id.*

In addition, OHA continues to work creatively to find placements in response to the increasing number of Aid and Assist commitment orders to OSH and the resulting heightened demand for community placements for individuals discharging from OSH. For example, OHA's Behavioral Health Division collaborated with Northwest Regional Re-Entry Center (NWRRC) leadership to establish a temporary pathway for expanded bed access. The current contract with Behavioral Health provides funding for 35 beds. To ensure full utilization, NWRRC has historically accepted up to 38 referrals, acknowledging that not all referrals result in placement but consistently maintaining occupancy of at least 35 beds per week. In recent discussions, NWRRC agreed to temporarily expand referral capacity to 41, assuming the additional staffing burden while continuing to prioritize safety. No timeline was established for this temporary expansion, and it was recognized that NWRRC may return to the 38-referral cap at its discretion.

**IV.   Implementation of HB 2005**

Among other things, HB 2005, 2025 Leg., Reg. Session (Or. 2025)[2] imposes statutory time limits on inpatient and community restoration consistent with Dr. Pinals' recommendations. But this bill allows for various pauses and exceptions to these time frames which are not consistent with Dr. Pinals' recommendations and which Defendants advocated against. HB 2005 also makes potentially problematic changes to the "ready to place" process for Aid and Assist patients who no longer require hospital level of care, and thus no longer need to remain at OSH. Some provisions in HB 2005 became effective about two months ago (on September 29, 2025), and others will not become effective until January 1, 2026.

While there are understandable concerns about HB 2005's potential to negatively

---

[2]https://olis.oregonlegislature.gov/liz/2025R1/Downloads/MeasureDocument/HB2005/Enrolled

Page 6 -   DEFENDANT'S DECEMBER 8, 2025, STATUS REPORT
CAS/j3b/1006619383

impact *Mink* compliance, OHA does not yet have data to measure whether any provisions in HB 2005 are in fact having such an impact. As a result, OHA does not presently have a realistic basis to seek any changes to HB 2005 in the upcoming short legislative session that begins on February 2, 2026, and ends on March 8, 2026. That said, as described in the Governor's signing letter submitted with Defendants' September Status Report (ECF No. 657-2), the Governor's Office is actively managing implementation of this new law and is working with OHA to best ensure the new provisions are not misused. And, as data becomes available, OHA and the Governor's Office plan to analyze the effects, if any, that HB 2005 has on *Mink* compliance and intend to take appropriate steps to address any negative effects in the next long legislative session scheduled for 2027.

## V.    Forensic Evaluations Update (at OSH and in the Community)

There are currently 154 defendants in community restoration waiting for FES to complete court-ordered evaluations. FES projects a significant increase in the demand for evaluations beginning in March due to the new 90-day evaluation requirements included in HB 2005 but will continue to make every effort to complete all evaluations within the statutory time, as has been done up to this point. Additionally, the current waitlist of 154 is due in part to the high number of orders received in recent months and in part to receiving court orders for 90-day evaluations that do not meet the statutory guidelines for the 90-day timeframe.

Additionally, to meet new statutory requirements for conducting forensic evaluations for those in community restoration,[3] and consistent with Dr. Pinals' recommendations, OHA has developed a plan to create a centralized Community Restoration Evaluation Program

---

[3] HB 2005 imposes statutory time frames for conducting forensic evaluations for those in community restoration; before this bill, there were no statutory timeframes for evaluating those in community restoration. Under the bill, all defendants in community restoration must be evaluated for fitness "at least every 180 days." HB 2005 § 45(5)(c). Additionally, defendants for whom the most serious offense charged is a violation or misdemeanor other than a person Class A misdemeanor must receive an evaluation "90 days after the order to engage in community restoration services is entered." HB 2005 § 45(5)(d)

Page 7 -    DEFENDANT'S DECEMBER 8, 2025, STATUS REPORT
         CAS/j3b/1006619383

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

through a contracting model overseen by OHA. Unfortunately, no money was appropriated in HB 2005 to implement and operationalize such a program. With the Governor's support, OHA is submitting a budget rebalance letter to obtain over $10 million for implementation of HB 2005, including establishment of this program.

## VI.     Capacity Audit

Public Consulting Group (PCG) was selected to conduct the capacity audit ordered by this Court. The contract has been executed, and the data collection process is currently underway. Additionally, PCG will be making a site visit to OSH this month and conducting interviews to collect community input to complement the available quantitative information.

DATED December  5 , 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General


     s/ Carla A. Scott
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
SHEILA H. POTTER #993485
Senior Assistant Attorneys General
JILL CONBERE # 193430
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.oregon.gov
Sheila.Potter@doj.oregon.gov
Craig.M.Johnson@doj.oregon.gov
Jill.Conbere@doj.oregon.gov
Of Attorneys for Defendants

Page 8 -    DEFENDANT'S DECEMBER 8, 2025, STATUS REPORT
           CAS/j3b/1006619383

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000