DAN RAYFIELD
Attorney General
CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Carla.A.Scott@doj.oregon.gov
Craig.M.Johnson@doj.oregon.gov
Jill.Conbere@doj.oregon.gov

Attorneys for Defendants Patrick Allen, Fariborz Pakseresht, Dolores Matteucci, and James Diegel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, METROPOLITAN PUBLIC DEFENDER SERVICES, INC., and A.J. MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>FARIBORZ PAKSERESHT, in his official capacity as interim head of the Oregon Health Authority, and JAMES DIEGEL in his official capacity as Interim Superintendent of the Oregon State Hospital,<br><br>Defendants. | Case No. 3:02-cv-00339-AN (Lead Case)<br>Case No. 3:21-cv-01637-AN (Member Case)<br><br>DEFENDANTS' MOTION TO PURGE CONTEMPT |
| JAROD BOWMAN, JOSHAWN DOUGLAS-SIMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES DIEGEL, Interim Superintendent of the Oregon State Hospital, in his official capacity, DOLORES MATTEUCCI, in her | Case No. 3:21-cv-01637-AN (Member Case) |

individual capacity, FARIBORZ PAKSERESHT, Interim Director of the Oregon Health Authority, in his official capacity, and PATRICK ALLEN in his individual capacity,

Defendants.

## LR 7-1 CONFERRAL STATEMENT

Counsel for the parties made a good faith effort through a telephone conference to resolve the subject of this motion. Plaintiff Disability Rights Oregon opposes this motion. Because Plaintiff Metropolitan Public Defender took no position on DRO's motion for contempt, it takes no position on this motion.

## MOTION

**S**ince June 13, 2026, Defendants have been in substantial compliance with the seven-day admission requirement under the permanent injunction in this case. Defendants, therefore, respectfully ask this Court to purge its June 6, 2025, finding of contempt and prospective reporting for the imposition of fines. This motion does not ask this Court to terminate any of the remedial provisions in effect under this Court's various enforcement orders.

## MEMORANDUM

### I. Introduction

Defendants have been in substantial compliance with the permanent injunction in this case since June 13, 2026. They, therefore, request termination of the finding of contempt and associated ongoing fine reporting requirements.

### II. Factual and Procedural Background

On June 6, 2025, this Court entered an order finding Defendants in contempt of the permanent injunction in this case that requires OSH to admit criminal defendants found unable to aid and assist in their defense within seven days of the commitment order:



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

> The Court finds that defendants are in contempt; orders monetary sanctions in the amount of $500.00 per class member per day, to begin accruing the day after the date of this Opinion and Order, and to continue to accrue each calendar day unless and until defendants achieve substantial compliance with the Court's Permanent Injunction.

ECF No. 604. This order also imposed various remedial measures and extended a prior order (ECF No. 416) imposing other remedial measures through June 2026. ECF No. 604, p. 19. This Court later granted Plaintiff's motion to extend the orders for Defendants to implement these remedial measures through June 2027. ECF No. 764.

On June 13, 2026, Defendants achieved substantial compliance with that injunction and have maintained that compliance to date. Declaration of Scott Hillier (Hillier Decl.) ¶ 3; Declaration of Brandy Eurto ¶ 5. Defendants plan to keep sufficient beds available for aid and assist admissions to account for potential surges in commitment orders. Hillier Decl. ¶ 3.

Since June 13, there have been five incidents outside Defendants' control—because the committing court did not timely send the orders to OSH—that resulted in admission after the seven-day requirement. Eurto Decl. ¶ 6.

**III. Argument**

This Court's order finding Defendants in contempt provides that the contempt shall terminate when Defendants "achieve substantial compliance with the Court's Permanent Injunction." ECF No. 604. As noted above, Defendants achieved substantial compliance with that injunction on June 13, 2026, have maintained that compliance to date, and are taking steps to ensure compliance is sustained.

The five incidents since June 13 where circuit courts did not timely send OSH commitment orders were outside of Defendants control. *See* Eurto Decl. ¶¶ 5 & 6. Defendants have taken all reasonable steps to communicate the Oregon statutory requirement to courts that they send commitment orders to OSH within one judicial day. *Id.* While such delays trigger constitutional rights of those found unable to aid and assist, those rights were not violated because of any action or inaction by Defendants. Those delays, therefore, do not provide any basis to continue to hold Defendants in contempt. Holding Defendants in


Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

contempt indefinitely based *solely* on situations outside Defendants' control can have no coercive effect, which is the legal standard that must be met for a contempt finding and imposition of fines. *See Spallone v. U.S.*, 487 U.S. 1251, 1256 (1988); *Shell Offshore Inc. v. Greenpeace, Inc*., 815 F.3d 623, 629-630 (9th Cir. 2016); and *Whittaker Corp. v. Execuair Corp*., 953 F.2d 510, 516 (9th Cir. 1992)).

Finally, in conferral, Plaintiff Disability Rights Oregon (DRO), asserted they oppose this motion in part because DRO wants the contempt finding to stay in place as leverage over the Oregon legislature during the next legislative session. That is not an appropriate basis to continue holding Defendants in contempt.

## IV. Conclusion

For the reasons set forth above, Defendants respectfully ask this Court to terminate the part of its June 1, 2025, order finding them in contempt, requiring fine reporting, and prospectively imposing fines.

DATED September 4, 2026. 137612

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ Carla A. Scott*

CARLA A. SCOTT #054725
CRAIG M. JOHNSON #080902
Senior Assistant Attorneys General
JILL CONBERE # 193430
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Carla.A.Scott@doj.oregon.gov
Craig.M.Johnson@doj.oregon.gov
Jill.Conbere@doj.oregon.gov
Of Attorneys for Defendants



Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000