[redacted]

**From:** Walker Brian A <BRIAN.A.WALKER@oha.oregon.gov> on behalf of OSH Court Orders <OSH.CourtOrders@odhsoha.oregon.gov>
**Sent:** Wednesday, September 2, 2026 3:27 PM
**To:** Eurto Brandy
**Subject:** FW: [redacted]

---

**From:** Isnoelia A. Trevino <Isnoelia.A.Trevino@ojd.state.or.us>
**Sent:** Wednesday, September 2, 2026 3:19 PM
**To:** OSH Court Orders <OSH.CourtOrders@odhsoha.oregon.gov>
**Subject:** RE: [redacted]

It was just an error on my part. I got the court orders late and was trying to get them all in and then was interrupted and had to go do something and just forgot and thought that I had already sent them.

Noey Trevino
Program Assistant
Polk County Circuit Court
503-623-3154 x 70839

---

**From:** Eurto Brandy <BRANDY.EURTO@oha.oregon.gov> **On Behalf Of** OSH Court Orders
**Sent:** Wednesday, September 2, 2026 2:53 PM
**To:** Isnoelia A. Trevino <Isnoelia.A.Trevino@ojd.state.or.us>
**Subject:** Re: [redacted]

**WARNING:** This email is from outside of the Oregon Judicial Department. If links or files in this email are unexpected, even if from an email address you trust, please call the sender on the phone and verify them before you click.

**SECURE EMAIL DELIVERY:** This email message was securely transmitted from a sender at Oregon ODHSOHA to your email system using Transport Layered Security (TLS).

Following up on this for our reporting. Thank you!

---

**From:** Eurto Brandy on behalf of OSH Court Orders <OSH.CourtOrders@odhsoha.oregon.gov>
**Sent:** Thursday, August 27, 2026 2:17 PM
**To:** Isnoelia A. Trevino <Isnoelia.A.Trevino@ojd.state.or.us>
**Subject:** Re: [redacted]

Afternoon,

I also looks like we received this order late. It was signed on 8/14 but sent on 8/25. Do we know what happened on this one?

Thanks,
Brandy

---

**From:** Isnoelia A. Trevino <Isnoelia.A.Trevino@ojd.state.or.us>
**Sent:** Tuesday, August 25, 2026 4:53 PM
**To:** OSH Court Orders <OSH.CourtOrders@odhsoha.oregon.gov>
**Subject:** [redacted]

**Think twice** before clicking on links or opening attachments. This email came from outside our organization and might not be safe. If you are not expecting an attachment, contact the sender before opening it.

Noey Trevino

Program Assistant

Polk County Circuit Court

503-623-3154 x 70839

RECEIVED BY: T8
DATE: 8-25-26

FILED
POLK COUNTY OREGON
2026 AUG 14 PM 3:45
TRIAL COURT ADMINISTRATOR

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF POLK

State of Oregon
Plaintiff

v.

[redacted]
Defendant

**Case No:** [redacted] RED BY ________

**ORDER OF COMMITMENT TO OREGON STATE HOSPITAL**

*(ORS 161.370; ORS 161.371)*

☒ This matter came before the Court on 08/14/2026 for a hearing concerning Defendant's19fitness to proceed pursuant to ORS 161.370.

Defendant ☒ appeared (in person ~~or remotely~~) / ☐ did not appear, represented by counsel *(name/ bar number)* Wyeth Holman – OSB #213447.
The State appeared through *(name/ bar number)* Angela Mabry – OSB #251966.

The Court finds that Defendant is charged with the following offenses, listed in order of seriousness by crime classification:

| | Crime Name: | Crime ORS #: | Felony/Misd/Viol: | Maximum Sentence: | Booking Date: |
|---|---|---|---|---|---|
| 1 | Unlawful Use of a Weapon | 166.220 | C Felony | 5 Years | 05/13/2026 |
| 2 | Unlawful Use of a Weapon | 166.220 | C Felony | 5 Years | 05/13/2026 |
| 3 | Menacing | 163.190 | A Misdemeanor | 1 Year | 05/13/2026 |
| 4 | Menacing | 163.190 | A Misdemeanor | 1 Year | 05/13/2026 |

Based on the Court's review and consideration of: *(check all that apply)*

☐ report from a local community mental health program (CMHP), dated ________
☒ a report of a certified evaluator dated 06/05/2026
☒ the court's inquiry and observation of Defendant at the hearing
☒ statements from counsel
☐ witness testimony from State's witnesses
☐ witness testimony from Defendant's witnesses
☒ the party's stipulation that Defendant is unfit to proceed
☐ other information: ________________________________

**THE COURT FINDS:**

1. Defendant lacks fitness to proceed.

2. The most serious offense in the charging instrument is a:

☒ FELONY

**AND** ***(check if applicable)*:**

☒ Defendant, who is at least 18 years of age, requires a hospital level of care due to (a) public safety concerns; **or** (b) the acuity of symptoms of Defendant's qualifying mental disorder; **and** (c) findings that the appropriate community restoration services are not present and available in the community.

☐ PERSON MISDEMEANOR
Person misdemeanor, as defined in the July 3, 2023, Second Amended Order to Implement Neutral Expert's Recommendations in *Disability Rights Oregon et al v. Allen et al.*, USDC Oregon Case No. 02-cv-00039-MO (lead case), including those crimes listed in OAR 213-003-0001(15), violation of an Extreme Risk Protective Order entered under ORS 166.525 et seq., and violation of any of the following in proceedings to impose punitive sanctions for contempt: 1. a Family Abuse Prevention Act Restraining Order entered under ORS 107.700 et seq.; 2. an Elderly Persons and Persons with Disabilities Abuse Prevention Act Restraining Order under ORS 124.005 et seq.; 3. a Sexual Abuse Restraining Order under ORS 163.760 et seq.; and 4. an Emergency Protection Order under ORS 133.035;

**AND** ***(check either a or b if applicable)*:**

☐ **a.** The court received (a) a recommendation from a certified evaluator that Defendant requires a hospital level of care due to the acuity of symptoms of Defendant's qualifying mental illness; **and** (b) a recommendation from a community mental health program director, or director's designee, that the appropriate community restoration services are not present and available in the community; **or**

☐ **b.** The court finds that Defendant requires a hospital level of care due to (a) the acuity of symptoms of Defendant's qualifying mental disorder; (b) public safety concerns; **and** (c) the appropriate community restoration services are not present and available in the community.

3. The least restrictive option appropriate for Defendant, the needs of Defendant, and in the interests of justice is commitment to the Oregon State Hospital (OSH), for treatment to gain fitness to proceed.

**ADDITIONAL FINDINGS (checked if applicable)**

☒ 1. The defendant is charged with a "violent felony" pursuant to ORS 135.240(5). "Violent felony" means a felony offense in which there was an actual or threatened serious physical injury to the victim, or a felony sexual offense. "Serious physical injury" means a physical injury which creates a substantial risk of death or which causes serious and

protracted disfigurement, protracted impairment of health or protracted loss of impairment of the function of any bodily organ. ORS 161.015(8).

☒ 2. Defendant has following condition(s): *(check any that apply, if known)*

- ☒ Intellectual disability
- ☐ Developmental disability
- ☐ Traumatic brain injury
- ☐ Dementia

[redacted]

☒ 3. Defendant has a no contact order for ____________ dated 5/14/26.

No TRP

☒ 4. Defendant was denied release under ORS 135.240 and is not eligible for discharge from commitment to the state hospital or other facility to any other facility for treatment to gain or regain fitness to proceed.

☒ 5. **Violation of Condition of Release on Community Restoration:** Following discharge from commitment at a state mental hospital or other facility and a court order to continue restoration services by participating in community restoration, Defendant violated a condition of the release agreement.

- ☒ The court ordered Defendant committed to OSH on 06/04/2026 (date).
- ☒ Defendant was discharged from OSH for placement in a lower level of care on 07/30/2026 (date).
- ☒ While on community restoration, Defendant violated the following condition(s) of release: Not following house rules
- ☒ At the time Defendant was discharged from OSH, Defendant had time remaining before reaching the maximum duration of commitment allowable for present charge(s): Unlawful Use of a Weapon (amount of time remaining)

**THE COURT ORDERS:**

1. Criminal proceedings against Defendant in this case are suspended until further order of the Court.

☐ 2. *(check if applicable)* CMHP consultation is waived because Defendant is charged with one or more of the offenses in ORS 161.365(1)(b).

3. **Commitment:** Defendant is committed to the custody of the Superintendent of OSH for treatment to gain fitness to proceed.

4. **Transportation:** The Sheriff, or other entity as ordered by the Court, shall transport Defendant to and from OSH upon notification from OSH.

5. *(check if applicable)* **Custody Pending Transport to OSH and Upon Discharge from OSH:**

- ☒ Defendant shall remain in custody at the Polk County jail pending transport to OSH.
- ☒ Defendant shall be transported to custody at the Polk County jail upon discharge from OSH.

6. **OSH Evaluations and Progress Reports:** OSH is to evaluate Defendant and provide notifications to the court as required in ORS 161.371.

7. **Release of Records to OSH:** All public bodies, as defined in ORS 174.109, and any private medical provider in possession of records concerning Defendant, is to release pertinent records to OSH for the purpose of conducting an examination or evaluation under ORS 161.355 to 161.371, **in compliance with timelines under ORS 161.373.**

8. **Release of Records by OSH:** The Court finds good cause for ordering the release of records identified in subsections (7)(a) and (b) of this Order. Records disclosed under this Order are not for the purpose of criminal investigation and prosecution and cannot be used for any other pending or subsequent matter absent order of the Court, except pursuant to standard releases of information. Nothing in this Order permits subsequent disclosure of Defendant's patient records and information that is otherwise prohibited by law. The district attorney, defense attorney, CMHP, or their agents, may discuss the contents of such information provided pursuant to this Order with witnesses where otherwise permitted by law.

   a. OSH is to release to the following entities information they request concerning Defendant's mental health and substance abuse disorder treatment, which may include recommendations, diagnoses, reports, attendance, treatment progress and quality of participation, dates and results of toxicology testing, and termination or completing of treatment, and any additional information designated in subsection (7)(b) of this Order from Defendant's designated medical record upon request of:

      ☒ CMHP in the committing jurisdiction
      ☒ defense counsel
      ☒ district attorney

   b. Additional records to be released upon request pursuant to subsection (6)(a):

   ______________________________________________

☒ 9. *(check if applicable)* **Substance Use Treatment Records:** To the extent any information or records described in sections (5) and (6) of this Order relate to a substance use disorder diagnosis or treatment, as defined in 42 C.F.R. Part 2, ORS 430.399(6), and ORS 430.475(2), the court finds that: (i) disclosure is not for the purpose of criminal investigation and prosecution; (ii) the information or records shall be used solely for the purpose of evaluating Defendant's fitness to proceed; (iii) other ways of obtaining the information are not available or would not be effective; and (iv) the public interest in and need for disclosure outweigh the potential injury to Defendant's relationship with treatment providers. Any public body and private provider disclosing substance use treatment records pursuant to this Order is to disclose the minimally necessary records and information that is essential to fulfill the objectives of this Order.

10. **Maximum Duration of Commitment:** Regardless of the number of charges with which Defendant is charged, in no event will Defendant be committed to OSH for restoration services for a period longer than allowable by law, and the shorter of the

following based on Defendant's most serious charge *(select the duration under **both** subsection a and subsection b)*:

☒ a. Pursuant to the July 3, 2023, second amended order in *Disability Rights Oregon et al v. Allen et al.*, USDC Oregon Case No. 02-cv-00039-MO (lead case), requiring in-patient restoration across multiple charges to be consolidated, and prohibiting contiguous consecutive periods of in-patient restoration unless new charges are filed after initial period of restoration has ended, and measured from Defendant's date of admission to OSH:

- ☐ **one year** (felony listed in ORS 137.700(2))
- ☒ **six months** (felony that is not listed in ORS 137.700(2))
- ☐ **90 days** (misdemeanor)

☒ b. Pursuant to ORS 161.371(5):

i. Defendant is not charged on any charging instrument with aggravated murder or a crime listed in ORS 137.700(2); maximum commitment is measured from Defendant's initial custody date (booking) 05/13/2026:

- ☒ **three years** (Felony A, B, or C)
- ☐ **364 days** (Class A Misdemeanor)
- ☐ **six months** (Class B Misdemeanor)
- ☐ **30 days** (Class C Misdemeanor)

ii. Defendant is charged on any charging instrument with aggravated murder or a crime listed in ORS 137.700(2); maximum commitment is measured from Defendant's date of admission to OSH:

- ☐ **three years** (Felony A, B, or C)
- ☐ **364 days** (Class A Misdemeanor)
- ☐ **six months** (Class B Misdemeanor)
- ☐ **30 days** (Class C Misdemeanor)

11. **Discharge Planning.** The local CMHP, in consultation with OSH and any other jurisdictions that have committed Defendant under ORS 161.370, is to actively engage in discharge planning from the time that Defendant is admitted to OSH. If the CMHP determines that appropriate community restoration services are present, the CMHP is ordered to immediately begin the referral process for community placements and services.

☒ 12. **Discharge to Facility of Most Restrictive Class:** If the superintendent of the state mental hospital determines that Defendant no longer requires a hospital level of care due to the acuity of the symptoms of Defendant's qualifying mental disorder, Defendant may only be discharged to a facility that is of the most restrictive class under the classification system described in ORS 426.238.

## NOTICE OF FIREARMS PROHIBITION

The court has found that Defendant is not currently able to move forward with their criminal case due to a qualifying mental disorder. As a result, federal law prohibits Defendant from having or buying firearms (guns or ammunition). The Oregon Judicial Department reports the prohibition on Defendant from buying firearms and ammunition to the Oregon State Police.

☒ Future hearing(s) on this case are set for *(date/time/location)*: 08/20/2026 @ 1045 AM 884 SE Jefferson Street, Dallas, OR 97338 – Courtroom #4

| | |
|---|---|
| ☒ Prepared by the Court | ☐ Submitted by attorney for: ☐ Defendant ☐ State<br><br>____________________<br>Signature<br><br>____________________<br>Printed Name<br><br>____________<br>OSB # |

*Judge Signature:*

08/14/2026

Timothy R. Park, Circuit Court Pro Tem