[redacted]

**From:** Tara L. Grange <Tara.L.Grange@ojd.state.or.us>
**Sent:** Tuesday, August 25, 2026 5:32 PM
**To:** Eurto Brandy; NICKLASON Janet L
**Cc:** CRAWFORD Codey D; Ana A. Cruz
**Subject:** RE: .370 from Lane County
**Attachments:** [redacted] 00936.pdf; [redacted] 24016.pdf

Here are the two orders for Spencer. Apologies for the delay.

**From:** Eurto Brandy <BRANDY.EURTO@oha.oregon.gov>
**Sent:** Tuesday, August 25, 2026 5:21 PM
**To:** NICKLASON Janet L <janet.nicklason@lanecountyor.gov>; Tara L. Grange <Tara.L.Grange@ojd.state.or.us>
**Cc:** CRAWFORD Codey D <codey.crawford@lanecountyor.gov>
**Subject:** Re: .370 from Lane County

**WARNING:** This email is from outside of the Oregon Judicial Department. If links or files in this email are unexpected, even if from an email address you trust, please call the sender on the phone and verify them before you click.

**SECURE EMAIL DELIVERY:** This email message was securely transmitted from a sender at Oregon ODHSOHA to your email system using Transport Layered Security (TLS).

Afternoon,

OSH has still not received a copy of the order from the court.
Just a reminder that court orders must be sent to OSH within 1 judicial day once they are signed. This person would have been admitted with 2-3 days from the date that the order was signed and this caused a delay in this person's admission. Please let us know what happened and provide a copy of the order for tracking purposes sent to OSH.Courtorders@odhsoha.oregon.gov

Thank you!

Brandy Eurto, DHA, MBA, MLS
Director of Admissions
Oregon State Hospital | Oregon Health Authority
**Email:** Brandy.Eurto@oha.oregon.gov
**Phone: 503-947-4247**
**Fax: 503-945-9839**

OHA Customer Service Survey (Oregon State Hospital)

***CONFIDENTIALITY NOTICE***
*This electronic mail transmission contains information belonging to the Oregon Health Authority and Oregon State Hospital. This information may be confidential and/or legally privileged and is intended only for the use of the addressee(s) designated above. If you are not the intended recipient, please advise me immediately by reply email, keep the contents confidential, and immediately delete the message and any attachments from your system.*

---

**From:** NICKLASON Janet L <janet.nicklason@lanecountyor.gov>
**Sent:** Thursday, August 20, 2026 9:36 AM
**To:** Tara L. Grange <Tara.L.Grange@ojd.state.or.us>; Eurto Brandy <BRANDY.EURTO@oha.oregon.gov>
**Cc:** CRAWFORD Codey D <codey.crawford@lanecountyor.gov>
**Subject:** FW: .370 from Lane County

Hello Tara,

We never received a signed .370 order that was signed on 072926 for [redacted] This was brought to our attention be behavioral health last night, asking when [redacted] was going to be transported to OSH. After some research, it appears that transport, nor OSH received this order from the court.

OSH is requesting to receive the order directly from the court.

Thank you for your assistance,

*Janet Nicklason*
*Lane County Sheriff's Office*
*125 E 8th Ave*
*Eugene, OR 97401*
*Transport/Extraditions/Fugitives*
*541-682-4397*
*ORI: OR0200000*
*Monday - Thursday 0530 - 1530*
*Janet.nicklason@lanecountyor.gov*

**From:** Eurto Brandy <BRANDY.EURTO@oha.oregon.gov> **On Behalf Of** OSH Admissions
**Sent:** Thursday, August 20, 2026 9:30 AM
**To:** NICKLASON Janet L <janet.nicklason@lanecountyor.gov>
**Subject:** Re: .370 from Lane County

[EXTERNAL ⚠ ]

Can you reach out to the court to have them send it. We will still process it but I need to follow up with them on these.

Thank you,
Brandy

---

**From:** NICKLASON Janet L <janet.nicklason@lanecountyor.gov>
**Sent:** Thursday, August 20, 2026 9:20 AM
**To:** OSH Admissions <OSH.Admissions@odhsoha.oregon.gov>
**Subject:** .370 from Lane County

**Think twice** before clicking on links or opening attachments. This email came from outside our organization and might not be safe. If you are not expecting an attachment, contact the sender before opening it.

** This order was signed 072926. Lane County Circuit Court did not send this to OSH, nor to transport

Thank you,

*Janet Nicklason*
*Lane County Sheriff's Office*
*125 E 8th Ave*
*Eugene, OR 97401*
*Transport/Extraditions/Fugitives*
*541-682-4397*
*ORI: OR0200000*
*Monday - Thursday 0530 - 1530*
*Janet.nicklason@lanecountyor.gov*

[redacted]

**IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR LANE COUNTY**

| | | |
|---|---|---|
| THE STATE OF OREGON,<br><br>Plaintiff,<br><br>vs.<br><br>[redacted]<br><br>Defendant.<br><br>DOB: [redacted]<br>SID: [redacted] | ) | CASE NO. [redacted]<br><br>**ORDER FINDING THE DEFENDANT UNFIT TO PROCEED AND COMMITTING TO OREGON STATE HOSPITAL (ORS 161.370)** |

This matter came before the Court on 7/23/2026 for a determination of Defendant's fitness to proceed pursuant to ORS 161.370.

| **Crime Name:** | **Crime ORS#:** | **Felony/Misd/Viol:** |
|---|---|---|
| Violate Restraining Order | 33.015-.155, 131.005 | Contempt of Court |

Based on the Court's review and consideration of *(check all that apply)*:

☒ The report filed under ORS 161.365 by a certified evaluator, Dr. Jared Speroni, Ph.D., dated June 16, 2026;
☒ Recommendation from the community mental health program (LCBH);
☐ Information from the local entity that would be responsible for community treatment;
☐ The Court's inquiry and observation of Defendant at the hearing;
☒ The defense counsel's representation;
☐ Witness testimony from State's witnesses: ______________________;
☐ Witness testimony from Defendant's witnesses: ______________________;
☐ The parties' stipulation that Defendant is not fit to proceed;
☐ Other information provided: ______________________.

**THE COURT,** being fully informed, **FINDS**:

1. The Defendant is not fit to proceed;

2. ☐ The most serious offense in the charging instrument is a FELONY. Defendant, who is at least 18 years old, requires a hospital-level-of-care due to: (a) public safety concerns; **or** (b) the acuity of symptoms of Defendant's qualifying mental disorder; **and** (c) that the appropriate community restoration services are not present and available in the community.

3. ☒ The most serious offense in the charging instrument is a MISDEMEANOR *(check one)*

   ☒ The court received: (a) a recommendation from a certified evaluator that Defendant requires a hospital-level-of-care due to the acuity of symptoms of Defendant's qualifying mental disorder; **and** (b) a recommendation from the LCBH that appropriate community restoration services are not present and available in the community for Defendant; **or**

☐ The court finds that Defendant: (a) requires a hospital-level-of-care due to the acuity of symptoms of Defendant's qualifying mental disorder; (b) there are public safety concerns; **and** (c) appropriate community restoration services are not present and available in the community.

It is therefore **ORDERED**:

1. The criminal proceeding against Defendant, in the afore mentioned matter, is suspended.

2. Defendant is committed to the custody of the Superintendent of the Oregon State Hospital (OSH).

3. Transportation:

☒ The Lane County Sheriff's Office shall **transport** Defendant from the jail to OSH in Salem, Oregon and shall return Defendant to the jail upon notification from OSH. Before the court issues a dismissal of the Defendant's charges, the court shall first issue a termination of commitment and transport order to return Defendant to the committing court and then dismiss the charges upon Defendant's return.

☐ Defendant appeared before the Court out of custody. Defendant is hereby remanded to the custody of the Lane County Sheriff's Department.

4. The Superintendent shall:

   a. Cause defendant to be evaluated within 60 days of defendant's delivery into the custody of the Superintendent for the purpose of determining whether there is a substantial probability that, in the foreseeable future, defendant will have the capacity to stand trial (ORS 161.371(1))
   b. Immediately notify the Court if the defendant, at any time, gain or regains he capacity to stand trial OR will never have the capacity to stand trial.
   c. Within 90 days of the defendant's delivery to the Superintendent's custody, notify the Court that:
      i. The defendant has the present capacity to stand trial; or
      ii. There is a substantial probability in the foreseeable future the defendant will gain or regain the capacity to stand trial and give the Court an estimate of time in which the defendant is expected to gain or regain capacity; or
      iii. If there is no substantial possibility that in the foreseeable future the defendant will gain or regain the capacity to stand trial.
   d. Submit a progress report update to the Court concerning the defendant's capacity or incapacity at least once every 180 days. (as measured from the date of defendant's delivery into the Superintendent's custody) for the duration of defendant's commitment; and
   e. Notify the Court if the Superintendent determines that the defendant is no longer dangerous to self or others due to qualifying mental disorder, no longer requires a hospital level of care due to acuity of symptoms from defendant's disorder, or that the supervision and services necessary to restore defendant's fitness to proceed are available in the community, the Superintendent shall file notice of that determination with the Court.

5. Length of In-Patient Commitment at the Oregon State Hospital:

   a. The maximum commitment to the Oregon State Hospital while unable to aid and assist is:

i. ☐ Three years (charges are Class A, B or C Felony) or
ii. ☐ 365 days (Class A Misdemeanor)
iii. ☒ 180 days (Class B Misdemeanor)
iv. ☐ 30 days (Class C Misdemeanor)

In compliance with the directives under *Oregon Advocacy Center v. Mink.*

6. Notice of Discharge: Before Defendant reaches this maximum duration of in-patient commitment for restoration at the Oregon State Hospital under this Order, and if Defendant remains unfit to proceed, the Oregon State Hospital shall notify by filing such notice with the committing court of the Defendant's impending discharge 30 days before the date on which the hospital is required to discharge Defendant.

7. Disclosure of Records:

   a. Medical Providers: Any public bodies and private medical providers, in possession of records concerning Defendant shall release those records to OSH for the purpose of, and use in, Defendant's fitness to proceed. These documents shall be provided to OSH within **5 business days** of receipt of this Order. The Oregon Youth Authority, the Department of Corrections, a community college district or service district, a public university, a school or education service district must, after notifying OSH, provide the requested records within 15 business days of receipt of this Order unless good cause exists.

   b. ☐ *(Optional; check if applies)* Substance Use Treatment Records: To the extent any information or records described in subsection 6(a) of this Order relate to a substance use disorder diagnosis or treatment, as defined in 42 C.F.R. Part 2, ORS 430.399(6) and ORS 430.475(2), the court finds that: (i) disclosure is not for the purpose of criminal investigation and prosecution; (ii) the information or records shall be used solely for the purpose of evaluating Defendant's fitness to proceed; (iii) other ways of obtaining the information are not available or would not be effective; and (iv) the public interest in and need for disclosure outweigh the potential injury to Defendant's relationship with treatment providers. The court orders any public bodies and private providers to disclose to OSH the minimally necessary records and information that is essential to fulfill the objectives of this Order.

   c. Parties and Sheriff's Office/Department: The District Attorney, defense attorney, and Sheriff's Office/Department shall provide all non-privileged pertinent information about Defendant to OSH within **5 business days** of this Order.

   d. Disclosure to Defense Counsel:

   (i) The OSH certified forensic evaluator, who issues a report pursuant to ORS 161.365 or ORS 161.370, may disclose Defendant's information protected under state and federal privacy laws to defense counsel, the District Attorney, or the Court pursuant to this Order.

   (ii) Upon written request to the OSH Records Custodian, OSH may disclose to defense counsel Defendant's designated medical record or protected health information. Nothing in this Order permits disclosure of Defendant's patient records and information, otherwise prohibited by law, to the State or any other entity or individual not specified in this Order.

8. The notices, reports, and updates of the examination and/or defendants progress in treatment shall be filed electronically in the Oregon Judicial Department's E-court system with the Clerk of the Court for Lane County.

## NOTICE OF FIREARMS PROHIBITION

The court has found that Defendant is not able to assist their lawyer represent them in their criminal case. As a result, federal law prohibits Defendant from having or buying firearms (guns or ammunition). The Oregon Judicial Department is required to report to the Oregon State Police that this firearms restriction applies to Defendant.

Further proceedings are set for hearing in Courtroom TBD on 8/5/2026 at 8:30 AM.

DATED: 7/29/2026 9:22:50 AM

Michelle Bassi, Circuit Court Judge

Defense Attorney
Name: Jordan Maddy
Email: jmaddy@lanepds.org
Ph. No.: 541-484-2611

Deputy District Attorney
Name: Isaiah S. Watson
Email: Isaiah.Watson@lanecountyor.gov
Ph. No.: 541-682-4261